# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO, et al., ) | 1:11cv01271 LJO DLB |
| Plaintiffs, ) | |
| vs. ) | ORDER GRANTING IN PART AND PLAINTIFF'S MOTION TO QUASH |
| TUOLUMNE FIRE DISTRICT, et al., ) | (Document 33) |
| Defendants. ) | |

Plaintiff Benjamin C. Oyarzo filed this motion to quash on July 9, 2012. The matter was heard on August 24, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Shannon Seibert appeared on behalf of Mr. Oyarzo. Paul Kozina appeared on behalf of Defendants Tuolumne Fire District, Joseph Turner, Darlene Hutchins, Kenneth Hockett and Brian Machado.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Oyarzo filed this action on March 18, 2011, against Defendants Tuolumne Fire District ("TFD"), Joseph Turner, Darlene Hutchins, Kenneth Hockett and Brian Machado. He was a Fire Chief with TFD until his employment was terminated on January 1, 2011, and alleges causes of action for violation of the First and Fourteenth Amendments, failure to pay wages in

violation of the Fair Labor Standards Act, violation of the California Firefighter's Bill of Rights, and discrimination and retaliation under California law.

On September 2, 2011, pursuant to the parties' stipulation, this action was consolidated with 1:11cv01272 LJO DLB, <u>Hart v. Tuolumne Fire District, et al</u>.  Plaintiffs filed an amended complaint on September 19, 2011.  Trial is currently set for September 10, 2013.

Mr. Oyarzo filed the instant motion to quash four subpoenas seeking employment and academic records on July 9, 2012.  The parties filed a joint statement on August 17, 2012.

## ALLEGATIONS IN AMENDED COMPLAINT

Mr. Oyarzo, a 46 year-old male, was hired as a permanent, full-time employee of TFD in June 2006.  Prior to spring 2010, Mr. Oyarzo was regularly commended on his performance.  In November 2007, the Board of Directors voted to promote him to Administrative Captain and in April 2008, he was promoted to Fire Chief.

Throughout the last two years of him employment, Mr. Oyarzo's colleagues and superiors made comments about his age, such as referring to him as "old man."

In March 2009, Mr. Oyarzo spent personal time working to implement a plan to annex approximately 68,000 acres of Tuolumne County land into TFD's jurisdiction.  The plan would result in increased tax revenue for TFD, which would have provided resources to increase the safety of residents in the annexed territory.  He pursued this in part due to his interest in his personal safety and the safety of his home, located within the territory at issue.

In February 2010, County officials expressed their anger at the annexation efforts and insisted that the activity be placed on hold.  Mr. Oyarzo agreed to hold the project until June 2010.  After learning that County officials were angry, Defendant Turner, Chairman of the Board of Directors, told other Board members that Mr. Oyarzo was personally responsible for the annexation effort.

In April 2010, Mr. Oyarzo disciplined all members of TFD's firefighting staff for safety violations. He reported the violations to the Board in May 2010.

In May 2010, Defendant Turner and other Defendant Board members collaborated to convince the firefighters who had been disciplined by Mr. Oyarzo to fabricate allegations that they could use to discipline him. Defendants used the complaints that were elicited to institute an investigation into Mr. Oyarzo without his knowledge.

On June 8, 2010, Mr. Oyarzo was called into a closed session during a Board meeting and learned that he was the subject of an investigation. He was questioned during the meeting and his repeated requests to view the complaints were denied. Mr. Oyarzo was placed on forced leave until June 28, 2010.

On June 25, 2010, Defendant Turner telephoned Mr. Oyarzo and told him not to return to work on June 28 and to instead appear for continued questioning before the Board. He appeared for the meeting and was further questioned. Mr. Oyarzo's requests to view the additional complaints were denied. Mr. Oyarzo's request to obtain counsel was also denied and he was forced to continue responding to the Board's interrogation. At the conclusion of the meeting, Defendant Turner insisted that the Board vote unanimously to terminate Mr. Oyarzo. He was placed on administrative leave by a majority of the three members and the matter was continued to July 13, 2010.

From June 2010 through August 2010, Defendant Turner and other Defendant Board members encouraged employees of TFD to fabricate additional allegations against Mr. Oyarzo to support their effort to terminate him.

In July 2010, Mr. Oyarzo filed a validation action as a private citizen against TFD, challenging three Board members who resided out of the district in violation of California law. In July and August 2010, the three improperly seated members resigned, one of whom was Defendant Turner. Defendant Hockett and two other individuals filled the vacancies. The newly

constituted Board ordered a proper investigation and Mr. Oyarzo was returned to work on September 6, 2010.

After his return to work, he was treated with hostility and ostracized by most of TFD's staff.  Although Defendants Turner and Hutchins were no longer on the Board, they regularly visited the fire station and were given access to Mr. Oyarzo's employee files.

On September 27, 2010, Mr. Oyarzo was placed on medical leave and remained on leave for approximately two months.

After a vote during the December 13, 2010, Board meeting relating to budget issues, Mr. Oyarzo was demoted from Captain to Engineer and his pay was reduced by 43 percent.  He refused the demotion and was terminated effective January 1, 2011.  Approximately two months after he was terminated, TFD replaced him with a younger, married individual, despite TFD's claim that he was terminated for cost-saving purposes.

Based on these allegations, Mr. Oyarzo alleges causes of action for:

1. Violation of the FLSA for failure to compensate;
2. Unlawful deterrence in violation of the First Amendment;
3. Retaliation in violation of the First Amendment;
4. Violation of due process rights under the Fourteenth Amendment;
5. Violation of 42 U.S.C. § 1983;
6. Retaliation for disclosing statutory violations (Cal. Lab. Code § 1102.5);
7. Violation of Firefighter's Procedural Bill of Rights (Cal. Gov. Code § 3250);
8. Age discrimination (Cal. Gov. Code § 12940, et seq.);
9. Marital Status discrimination (Cal. Gov. Code § 12940, et seq.); and
10. Harassment (Cal. Gov. Code § 12940, et seq.).

## LEGAL STANDARD

Under Rule 45(c)(3), a court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

Quashing subpoenas "goes against courts' general preference for a broad scope of discovery, [but] limiting discovery is appropriate when the burden of providing the documents outweighs the need for it." Call of the Wild Movie, LLC v. Does 1–1, 062, 770 F.Supp.2d 332, 354–355 (D.D.C.2011) (citing North Carolina Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D.D.C.2005) (internal citations omitted). "When evaluating whether the burden of subpoena compliance is "undue," the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information. Id. "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." Id. (quoting Linder v. DOD, 133 F.3d 17, 24 (D.C.Cir.1998) (internal quotations omitted). The court must limit discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); Kerr v. U. S. Dist. Court for the Northern Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975); Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (recognizing that the

law of the forum state does not inform federal privilege law in federal civil rights actions, and expressly holding that Cal. Evid. Code sections 1040 and 1043 did not govern the 1983 action).

## DISCUSSION

Mr. Oyarzo moved to quash four subpoenas, though the subpoenas issued to Concrete Wall Sawing Company and Oakland Truck Center are no longer at issue.

A.  <u>Subpoena to California Department of Transportation ("CDT")</u>

TFD issued a subpoena to CDT for "any and all employment records, including but not limited to earnings, profits, commissions, bonuses, business income, salary, payroll, attendance, health records, workers' compensation claims, medical information, employment applications, job performance evaluations, date of hire, date and reason for termination, personnel records, and records related to employment or employee benefits, including any and all W2's and/or 1099's regarding Benjamin C. Oyarzo, born on [deleted], with SS# [deleted], from any and all dates."[1]

Mr. Oyarzo argues that his employment records fall within a constitutionally protected zone of privacy. Federal courts ordinarily recognize a constitutionally-based right of privacy that requires a balancing of the need for the information sought against the privacy right asserted. <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995). His arguments, however, are directed at the breadth of the information requested.

While the Court agrees that health and medical records, with the exception of workers' compensation records, are not discoverable, the remaining requests may lead to relevant information. Many of the requested records may be relevant to his emotional distress claim and/or damages.

Accordingly, and in light of the forthcoming protective order, the Court grants the Motion to Quash the subpoena directed to CDT with respect to health and medical records

---

[1] CDT prematurely produced a Certification of No Records on June 21, 2012, prior to the date of this motion. On July 17, 2012, Defendants requested that CDT conduct a further search. CDT has declined the request pending the outcome of this motion.

contained within Mr. Oyarzo's employment records.  This does not include health information compiled in relation to any workers' compensation claims.

B.     Subpoena to Yosemite College District c/o Columbia College

TFD issued a subpoena to Yosemite College District c/o Columbia College for "any and all documents and records pertaining to the scholastic and academic ability of Benjamin C. Oyarzo, born on [deleted] with SS# [deleted] including, but not limited to, all transcripts, report cards, disciplinary records, absentee records, teacher comments, test results and student health medical records, from any and all dates."

Mr. Oyarzo's objection focuses on the breadth of the request, and the Court again agrees that student health records are not discoverable.  However, the remaining information may lead to the discovery of relevant evidence.  Defendants allege that the disciplinary actions taken against Mr. Oyarzo were based in part on the allegation that he had others take his college courses for him.  The information contained in the records may therefore lead to relevant information related to a central defense.  Mr. Oyarzo suggests that certain requests are speculative because he is not sure what information the records contain, but this does not render them undiscoverable.

Therefore, in light of the forthcoming protective order, Court grants the Motion to Quash the subpoena directed to Yosemite College District c/o Columbia College with respect to student health records.

**ORDER**

Mr. Oyarzo's Motion to Quash is GRANTED IN PART.  Pursuant to the discussion at

the hearing, the parties shall submit a proposed protective order within twenty (20) days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **August 27, 2012**                              /s/ Dennis L. Beck
                                                                UNITED STATES MAGISTRATE JUDGE