1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9   BENJAMIN C. OYARZO, et al.,                    CASE NO. 1:11-cv-01271-LJO-SAB

10                          Plaintiffs,            ORDER GRANTING IN PART AND
                                                  DENYING IN PART PLAINTIFFS' MOTION
11       v.                                        TO COMPEL

12   TUOLUMNE FIRE DISTRICT, et al.,               (ECF Nos. 53, 59)

13                          Defendants.
                                      /
14

15                                          **I.**

16                              **PROCEDURAL HISTORY**

17          Plaintiff Benjamin C. Oyarzo initiated this action in the Fresno Division of the Eastern

18   District on March 18, 2011, alleging violations of the Fair Labor Standards Act and the First and

19   Fourteenth Amendments, and state law claims.   Plaintiff Nicholas Hart filed a related case, No.

20   2:11-cv-00812-FCD-EFB, in the Sacramento Division of the Eastern District on March 24, 2011.

21   On September 2, 2011, pursuant to a stipulation of the parties, the two actions were consolidated.

22   This action is currently proceeding on the second amended complaint, filed September 19, 2011,

23   against Defendants Tuolumne Fire District ("TFD"), Joseph Turner, Kenneth Hockett, Darlene

24   Hutchins, and Toney Powers alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§

25   12940, et seq., the First and Fourteenth Amendments, and state law claims.[1]

26          On March 15, 2013, Plaintiffs filed a motion to compel responses to discovery requests.  On

27   _____

28          [1]On April 19, 2013, an order issued dismissing Defendant Brian Machado from this action pursuant to a
     stipulation of the parties.  (ECF No. 64.)

                                            1

April 10, 2013, the parties filed a joint statement re Plaintiffs' motion to compel Defendants' responses to discovery requests. The Court heard oral arguments on Plaintiffs' motion to compel on April 17, 2012. Counsel Shannon Siebert appeared for Plaintiffs Oyarzo and Hart and counsel J. Anthony Abbott appeared telephonically for Defendants. The parties were granted an opportunity to file supplemental briefing. On April 18, 2013, Plaintiffs filed a supplemental briefing. Defendants filed a response on April 19, 2013.

Having considered the moving papers, the declarations and exhibits attached thereto, arguments presented at the April 17, 2012, hearing, as well as the Court's file, the Court issues the following order.

## II.

## FACTUAL ALLEGATIONS

Plaintiff Oyarzo was hired as a permanent full-time employee of Defendant TFD in June 2006. (Sec. Am. Compl. ¶ 15.) Plaintiff Oyarzo alleges that from March 1, 2009 through June 8, 2010, he regularly worked hours for which he was not compensated. (Id. at ¶ 19.)

Plaintiff Hart was hired as a permanent full-time employee of Defendant TFD in February 2009. (Id. at ¶ 16.) Plaintiff Hart alleges that he regularly worked hours for which he was not compensated from June 1, 2009 though June 8, 2010. (Id. at ¶ 21.) Plaintiffs Oyarzo and Hart state they regularly discussed the uncompensated duties they performed and the shifts worked with the members of TFD's Board of Directors. (Id. at ¶¶ 20, 22.)

Prior to the spring of 2010, Plaintiff Oyarzo was regularly commended for the manner in which he performed his duties by Defendants Turner and TFD's Board of Directors, and this was reflected in his annual performance reviews. (Id. at ¶ 23.) Plaintiff Oyarzo was promoted to Administrative Captain in November 2007, and Fire Chief in April 2008. (Id. at ¶ 24.) Plaintiff Oyarzo was scheduled to work one 48-hour shift every 6 days and was compensated on an hourly basis. (Id. at ¶ 25.)

In 2009, partly due to personal concerns for their safety and property, Defendants Oyarzo and Hart spent time working to implement a plan to annex approximately 68,000 acres of Tuolumne County land into Defendant TFD's jurisdiction. (Id. at ¶¶ 29, 30.) In February 2010, county

officials expressed their "anger" at the annexation efforts and insisted that the activity be placed on hold.  Plaintiff Oyarzo agreed to place the efforts on hold until June 2010.  (Id. at ¶ 31.)  After discovering that county officials were angry over the annexation efforts, Defendant Turner, who was aware of Plaintiff Hart's involvement, informed other TFD Board Members that Plaintiff Oyarzo was responsible for the annexation effort and that he would hold Plaintiff Oyarzo responsible for angering the county officials.  (Id. at ¶ 32.)

In April 2010, Plaintiff Oyarzo disciplined all member of Defendant TFD's firefighting staff for safety violations and reported the violations to the Board of Directors in May 2010.  (Id. at ¶ 33.)  Plaintiff Oyarzo alleges that Defendants Turner, Hutchins, and Powers conspired to convince the firefighters who had been disciplined to fabricate allegations against Plaintiff Oyarzo.  Based on these allegations, Defendants Turner and Hutchins began an investigation of Plaintiff Oyarzo.  (Id. at ¶ 34.)  Defendant Turner prohibited all employees of Defendant TFD from speaking to or associating with Plaintiff Oyarzo.  (Id. at ¶ 35.)

In June 2010, Plaintiff Hart became aware of activities of Defendants Turner, Hutchins, and Powers.  Plaintiff Hart told Defendant Powers that he refused to retaliate against Plaintiff Oyarzo; and Defendant Powers allegedly stated that he would retaliate against Plaintiff Hart if he assisted, supported, or associated with Plaintiff Oyarzo.  (Id. at ¶ 36.)  Plaintiff Hart claims that he was then treated with hostility and harassment by TDF's Board of Directors and staff.  Plaintiff Hart was subjected to increased scrutiny by Defendant Powers and his responsibilities were transferred to interns with little or no experience.  (Id. at ¶ 37.)

On June 8, 2010, Plaintiff Oyarzo was called into a closed session of the Board of Directors meeting and was informed of the investigation against him.  Plaintiff Oyarzo was questioned during the session and was placed on leave until June 28, 2010.  (Id. at ¶ 38.)  Plaintiff Oyarzo was called to a second closed session meeting on June 28, 2010, and was denied his request for representation during the meeting.  (Id. at ¶ 39.)  At the conclusion of the meeting, Plaintiff was placed on administrative leave by a majority vote of the Board; and the hearing was continued until July 13, 2010.  (Id. at ¶ 40.)

In July 2010, Plaintiff Oyarzo filed an action against Defendant TFD claiming that three of

the Board members did not reside inside the District.  Due to the filing of this action, three Board members resigned, including Defendant Turner.  (Id. at ¶ 42.)  The new Board ordered an investigation into the allegations against Plaintiff Oyarzo and he was returned to work on September 6, 2010.  (Id. at ¶ 43.)  Defendant Hutchins was the only Board member to vote against reinstating Plaintiff Oyarzo.  She later resigned from the Board citing hostility of the other Board members as the reason for her resignation.  (Id. at ¶ 44.)

Plaintiff Oyarzo contends that, after returning to work, he was treated with hostility by Defendant Powers and the rest of Defendant TFD's staff.  (Id. at ¶ 45.)  Plaintiff Hart contends that he was also treated with hostility and his colleagues refused to speak to him from September through December 2010, and falsely accused him of failing to perform his duties.  Plaintiffs Oyarzo and Hart allege that documents were improperly altered, tampered with, or added to their personnel files.  (Id. at ¶ 46.)  In September 2010, Plaintiff Hart informed Defendant Hockett of the treatment he was being subjected to; and Defendant Hockett refused to intervene and began treating Plaintiff Hart with hostility.  (Id. at ¶¶ 47-48.)

During TFD Board meetings in September, October, and November 2010 proposals were accepted for ways to trim TFD's budget without reducing staff.  Defendant Hockett dismissed the suggestions stating the only acceptable method of reducing the budget was staff reductions.  (Id. at ¶ 49.)  On September 27, 2010, Plaintiff Oyarzo was placed on medical leave for two months.  Due to being alone on his shift, Plaintiff Hart expressed safety concerns to Defendant Hockett who refused to fill the vacancy left by the absence of Plaintiff Oyarzo.  (Id. at ¶ 50.)  On October 12, 2010, a Board member's son filled in as volunteer firefighter so Plaintiff Hart would not have to work alone.  (Id. at ¶ 51.)  The volunteer was prohibited from working from October 13 through 18 due to not having obtained a physical examination.  (Id. at ¶ 52.)

Defendant Hockett began an investigation into Plaintiff Hart.  On October 20, 2010, Plaintiff Hart had a phone conversation regarding the investigation with Defendant Hockett that lasted approximately one hour.  (Id. at ¶ 53.)  On November 1, 2010, Plaintiff Hart was given a letter accusing him of insubordination that was placed in his personnel file by Defendant Hockett.  (Id. at ¶ 54.)

After firefighters failed to be present at a former firefighters funeral at the request of the family, Defendant Hockett instituted an investigation into Plaintiff Hart. (Id. at ¶¶ 55, 57.) Although the request to have firefighters present was taken by an intern and not conveyed to Plaintiff Hart, Defendant Hockett placed a written warning into Plaintiff Hart's personnel file. (Id. at ¶ 55, 58.)

Defendant Machado, a friend of Defendant Powers, was elected to the Board and he publically urged the Board to terminate Plaintiff Oyarzo. (Id. at ¶ 60.)  At a board meeting on December 13, 2010, Defendant Machado made a motion to lay off the least senior firefighter and reclassify the remaining firefighting staff as Engineers being paid at $12.00 per hour.  The motion passed on a vote of four to one. (Id. at ¶ 61.)  The result of the vote was that Plaintiff Hart was terminated on January 1, 2011, and Plaintiff Oyarzo was demoted one rank, from Captain to Engineer, resulting in a 43 percent pay decrease.  Plaintiff Oyarzo refused the demotion and was terminated effective January 1, 2011. (Id. at 62.)  Approximately two months after Plaintiffs Oyarzo and Hart were terminated, Defendant Powers was promoted to Plaintiff Oyarzo's prior position, and two individuals were hired to the position previously held by Defendant Hart. (Id. at 63.)

Plaintiffs allege 1) failure to compensate them for hours worked in violation of the Fair Labor Standards Act; 2) deterrence of right to free speech and retaliation in violation of the First Amendment; 3) violation of their right to due process of law under the Fourteenth Amendment; 4) retaliation in violation of California Labor Code sections 6310 and 1102.5; 5) violation of the California Firefighter's Procedural Bill of Rights; and 6) age and marital status discrimination against Plaintiff Oyarzo, retaliation, and harassment under the California Fair Employment and Housing Act.

### III.

### MOTION TO COMPEL LEGAL STANDARD

The scope of discovery is set forth in the Federal Rules of Civil Procedure, which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to

1  lead to the discovery of admissible evidence.

2
3   Fed.R.Civ.P. 26(b)(1).  Relevant evidence is evidence that "has any tendency to make a fact more

4  or less probable than it would be without the evidence. . . ."  Fed.R.Evid. 401.  Relevance to the

5  subject matter of the litigation has been broadly construed "to encompass any matter that bears on,

6  or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

7  case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

8          If a party fails to make disclosures or cooperate in discovery, the discovering party may move

9  for an order compelling discovery.  Fed.R.Civ.P. 37(a).  The moving party has the burden of

10 informing the court of the reasons that any objections are not justified and why the information

11 sought though discovery is relevant to the action.  Holley v. Swarthout, No. 2:10-cv-0615 MCE EFB

12 P, 2013 WL 1284316, at *2 (E.D.Cal. March 28, 2013).

13                                    **IV.**

14                    **PLAINTIFFS' MOTION TO COMPEL**

15      **A.      Requests for Admissions**

16          A party may request that the other party admit the truth of any matter relating to facts and

17 "the genuineness of any described document."  Fed.R.Civ.P. 36(a)(1).  If a party does not admit a

18 matter, the response to a request for admission "must specifically deny it or state in detail why the

19 answering party cannot truthfully admit or deny it . . .  and when good faith requires that a party

20 qualify an answer or deny only a part of a matter, the answer must specify the part admitted and

21 qualify or deny the rest."  Fed.R.Civ.P 36(a)(4).  The purpose of Rule 36(a) is to narrow the range

22 of issues for trial.  Asea, Inc. V. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981).

23 "[A] district court may, under proper circumstances and in its discretion, order admitted matters

24 which an answering party has failed to admit or deny, where the information known or readily

25 obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny."

26 Asea, Inc., 669 F.2d at 1245.

27 //

28 //

1.   <u>Plaintiff Hart's Request for Admissions Propounded to Defendant Hockett</u>

**a.   Request for Admission No. 41**

Plaintiff Hart's Request for Admission No. 41 states:

Admit that YOU knew, at the time the work was performed, that Benjamin Oyarzo was performing job-related activities that benefited [sic] Tuolumne Fire District for which he was not paid between September 26, 2010 and December 8, 2010.

Defendant Hockett's Response to Request for Admission No. 41 states:

Objection, not reasonably calculated to lead to the discovery of admissible evidence or dispose of an issue presented by the pleadings, because no unpaid wages are claimed for this period. (FRCP Sections 26(b), 36(a)(5); EDCA Local Rule 250.4(b); Amended Complaint, paragraph 68).

**Plaintiffs' Argument:** Plaintiffs argue that the Federal Rules do not require that a request for admission must dispose of an issue presented by the pleadings, but that it be designed to define and clarify the issues. Plaintiff Oyarzo contends that he was not compensated for hours worked and is seeking relief under 29 U.S.C. § 201, et seq. Plaintiffs state that under 29 U.S.C. § 255(a) the statute of limitations is extended to three years and the failure to pay wages between March 18, 2008 and the termination of Plaintiff's employment is directly relevant to Plaintiff's claim for unpaid wages. Since Defendant Hockett held direct supervisory authority over Plaintiff Oyarzo his knowledge that Plaintiff was not compensated for all hours worked is direct evidence that the failure to pay Plaintiff was willful.

**Defendants' Argument:** Defendants contend that Plaintiff is seeking unpaid wages from March 1, 2009 through June 8, 2010, and the time period of September 26, 2010 through December 8, 2010, is not relevant to the claims proceeding in this action. Further the information is not likely to lead to the discovery of admissible evidence because no unpaid wages are claimed for this period.

**Ruling:** Relevancy to the subject matter of the litigation is broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc.</u>, 437 U.S. at 351. Because the Federal Rules only require notice pleading, discovery is not limited to issued raised by the pleadings, but "is designed to help define and clarify the issues." <u>Id.</u> In deciding discovery issues, the court is to interpret

7

relevance very broadly to mean any matter that is relevant or could become relevant to anything that is an issue in the litigation. Id. at 351 n.12.  However, discovery is not to be used as means of conducting a "fishing expedition."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). Discovery "has ultimate and necessary boundaries," Hickman v. Taylor, 329 U.S. 495, 507 (1947), and the trial court is vested with broad discretion to permit or deny discovery, Hallett v. Morgan, 296 F.3d 732, 541 (9th Cir. 2002).

The time period at issue in the request for admission is not so remote in time from that alleged in the complaint that it would be unlikely to lead to the discovery of admissible evidence. Plaintiff was still employed by Defendant TFD and returned to work on September 6, 2010.  During the hearing on the motion to compel, Plaintiffs' counsel asserted that it came to light during discovery that Plaintiff Oyarzo had not been compensated for some of the hours that he worked during the fall of 2010.  Because this request is within the time period that Plaintiff was employed with Defendant TFD, the Court finds that Defendant Hockett's knowledge from September 26, 2010 to December 8, 2010, could lead to the discovery of admissible evidence on the issues proceeding here. See Jackson v. Montgomery Ward and Co., Inc., 173 F.R.D. 524, 528 (D.Nev. 1997) (finding discovery request limited to period of employment to be within proper temporal limitations). **Accordingly, Plaintiffs' motion to compel is GRANTED, and Defendant Hockett is ordered to provide further response to Request for Admission No. 41.**

### b.     Request for Admission No. 42

Plaintiff Hart's Request for Admission No. 42 states:

Admit that between September 26, 2010 and December 8, 2010, YOU did not prohibit Benjamin Oyarzo from performing job-related activities that benefited [sic] Tuolumne Fire District for which he was not paid.

Defendant Hockett's Response to Request for Admission No. 42 states:

Objection, not reasonably calculated to lead to the discovery of admissible evidence or dispose of an issue presented by the pleadings, because no unpaid wages are claimed for this period. (FRCP Sections 26(b), 36(a)(5); EDCA Local Rule 250.4(b); Amended Complaint, paragraph 68).

**Plaintiffs' Argument:** Plaintiffs argue that 29 U.S.C. § 201, et seq. requires that employees be compensated for all hours worked with the actual or constructive knowledge of the employer and

8

provides for liquidated damage for willful violations.  Plaintiffs' request directly addresses whether the failure to compensate Plaintiff Oyarzo for all hours worked was voluntary and intentional.

**Defendants' Argument:**  Defendants' argue that Plaintiff alleges that the failure to compensate Plaintiff for duties from March 1, 2009 through June 8, 2010, was willful and in bad faith.  The time period of September 26, 2010 through December 8, 2010, is not relevant to the claims proceeding in this action.  Further, the information is not likely to lead to the discovery of admissible evidence because no unpaid wages are claimed for this period.

**Ruling:**  As discussed above, Plaintiff now claims that he was not compensated for time worked during the fall of 2010.  Plaintiff returned to work on September 6, 2010, and the Court finds that whether Defendant Hockett prohibited Plaintiff from performing job related activities for which he was not paid during this time period could be relevant to the issues proceeding here. **Accordingly, Plaintiffs' motion to compel is GRANTED, and Defendant Hockett is ordered to provide further response to Request for Admission No. 42.**

2.   <u>Plaintiff Hart's Request for Admissions Propounded to Defendant TFD</u>

Plaintiff Hart's Request for Admissions Nos. 29, 32, and 33 request Defendant TFD to admit that all documents that were produced in response to the requests for production; TFD 001087 to TFD 001475, TFD 001622 to TFD 001739, and TFD 002043 to TFD 006952 "are genuine and authentic copies of records maintained by the Tuolumne Fire District in the course of its regularly conducted business activity."

Defendant TFD's response to each request is the same. "Denied. Many of the subject documents are District records; some are not."

**Plaintiffs' Argument:** Plaintiffs argue that the Federal Rules require Defendants to specify the part admitted if any portion of the admission is true.  Therefore, Defendants are required to identify the specific documents that were maintained by Defendant TFD and admit their genuineness. During the hearing on the motion, Plaintiffs' counsel argued that the documents were produced as categories of documents and it would not be over burdensome for Defendants to authenticate the documents by category.

**Defendants' Argument:** Defendants respond that Plaintiffs' requests are overbroad and

compound.  Asking Defendants to admit the genuineness of over 5,400 pages of documents is an unwarranted annoyance and overly burdensome.  Additionally, the genuineness of documents to be admitted at trial can be addressed at the time of the pre-trial conference statements.  Further, Plaintiff's requests do not comply with Rule 36(a)(2) which requires that each matter for admission be separately stated and accompanied by a copy of the documents.

**Ruling:**  The Court finds that Defendants' responses to Plaintiffs' requests are proper.  It is not reasonable to expect Defendants to sift through 5,400 pages of documents that were not attached to the Request for Admissions.  During the hearing on the motion to compel, Plaintiffs' counsel argued that the discovery was produced by categories of documents, and therefore, it would not be unduly burdensome for Defendants to admit or deny the request for admission by category.  While Plaintiffs state that Defendants would be able to authenticate the documents by category, Plaintiffs did not propound the request for admission in this manner.  The admission propounded requested Defendants to admit that all the documents produced within the designated range "are genuine and authentic copies of records maintained by the Tuolumne Fire District in the course of its regularly conducted business activity." To the extent that Plaintiffs seek to authenticate specific types of documents, such as the training records discussed during the hearing, Rule 36(a)(2) requires that "[e]ach matter must be separately stated."  Because Plaintiffs grouped the entire production in the request for admission, Defendants response, denying the request on the basis that some of the documents were District records and others are not, was proper.

Further, by requesting that Defendants make admissions regarding the 5,400 pages of discovery produced, Plaintiffs' have inappropriately placed the burden on Defendants to sift through the voluminous discovery in this action.  To the extent that issues regarding the authenticity of documents or business record foundation remain, those issues can be addressed at trial.  **Plaintiffs' motion to compel additional responses to Requests for Admissions 29, 32, and 33 is DENIED.**

**B.     Request for Production of Documents Propounded to Defendant TFD**

Under Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom

the request is served." Fed. R. Civ. P. 34(a)(1).

    1.    <u>Request for Production Nos. 9 and 10</u>

Plaintiffs' Request for Production Nos. 9 and 10 request Defendant TFD to produce the employee personnel files of employees Nick Ohler and Jason Podesta. Defendant TFD's response to both requests is:

> Objection – (1) The request seeks information that is protected by [Mr. Ohler's (Request No. 9) and Mr. Podesta's (Request No. 10)] right to privacy. Without a showing of compelling need and clear relevance that information is not discoverable. (<u>Miller v. Federal Express Corp</u>. (W.D.T.N. 1999) 186 F.R.D. 376, 384; <u>Knoll v. American Tel. & Tel. Co.</u> (6th Cir. 1999) 176 F.3d 359, 365.) (2) The request seeks information that is considered official information and is protected by a qualified privilege (<u>Sanchez v. Santa Ana</u> (9th Cir. 1990) 936 F.2d 1027, 1033.) (3) The request seeks information that is not relevant to a claim or defense in this matter. Based on the foregoing objections, responding party will not produce any documents to this request.

**Plaintiffs' Argument:** Plaintiffs state that Mr. Ohler and Mr. Podesta were retained when Defendants were terminated. Plaintiffs contend that Defendants assertion that these employees were retained based upon objective factors because of the finance based reduction in force is pretext for the alleged retaliatory motivation. Plaintiffs argue that there was no cost savings because Mr. Ohler and Mr. Podesta were given raises within months of Plaintiffs' termination. Plaintiffs claim that absent evidence of all qualifications, training, certifications, and wage records of Mr. Ohler and Mr. Podesta it will be impossible to demonstrate the superiority of Plaintiff Hart's qualifications and pretextural nature of the termination.

Plaintiffs also claim that Mr. Ohler and Podesta were among the individuals reported for safety violations by Mr. Oyarzo. Plaintiffs contend that the resulting investigation alleged that Mr. Oyarzo failed to provide training and improperly placed information into personnel files, which can only be fully explored through production of personnel records. Plaintiffs assert that the stipulated protective order will ensure the private information is not disseminated beyond the confines of this action and ensure the confidentiality of sensitive information.

Plaintiffs state that they have limited their requests for the employment records of Mr. Ohler and Mr. Podesta to:

> (1) all documents reflecting Mr. Ohler's and Mr. Podesta's qualifications while employed at Tuolumne Fire District; (2) all certifications received by Mr. Ohler and

Mr. Podesta; (3) all performance reviews of Mr. Ohler and Mr. Podesta; (4) all training records reflecting training that Mr. Ohler and Mr. Podesta completed or otherwise participated in; (5) all job applications and/or resumes submitted by Mr. Ohler and Mr. Podesta; (6) all disciplinary and/or corrective actions against Mr. Ohler and Mr. Podesta; (7) all complaints submitted by Mr. Ohler and Mr. Podesta against any other employee; (8) all complaints submitted against Mr. Ohler and Mr. Podesta by any other employee; (9) all documents reflecting the job classification of Mr. Ohler and Mr. Podesta, including promotions received; (10) any documents that were placed in Mr. Ohler's and Mr. Podesta's personnel file without the consent and/or signature of each; and (11) documents reflecting hours worked by and wages paid to Mr. Ohler and Mr. Podesta from January 1, 2011 through the present.

**Defendants' Argument:** Defendants respond that Plaintiffs have failed to remotely support their contention that the requested files are relevant to any claim proceeding in this action. To the extent that Plaintiffs contend that the allegation that Plaintiff Oyarzo failed to train employees makes the employment records relevant, this only makes the training logs relevant. Further, none of the claimed falsified statements would have anything to do with employee personnel records and would not be found within the personnel records. Finally, Defendants contend that the information is not discoverable without a showing of compelling need and clear relevance, it is protected by a qualified privilege, and permission was sought from Mr. Ohler and Mr. Podesta to release their personnel records and was not obtained.

**Ruling:**   The federal law of privilege applies unless state law supplies the rule of decision as to the claim or defense in an action, in which case state law of privilege would apply. Fed.R.Evid. 501. Where the complaint alleges both federal and state law claims concerning the same conduct, the federal law of privilege would control. Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005). Federal courts recognize an individual's interest in preserving the confidentiality of information contained within his personnel file. Tumbling v. Merced Irr. Dist., 262 F.R.D. 509, 517 (E.D.Cal. 2009); see Frazier v. Bed Bath & Beyond, Inc., No. 11-mc-80270 RS (NC), 2011 WL 5854601, at *2 (N.D.Cal. Nov. 21, 2011) ("Federal courts recognize a constitutionally-based right of privacy that can be raised in response to a discovery request.") (internal punctuation and citation omitted).

That information requested invokes a right to privacy does not excuse the responding party from producing relevant information. Burgess v. Wm. Bolthouse Farms Inc., No. 1:08-cv-01287-LJO-GSA, 2009 WL 4810170, at *3 (E.D.Cal. Dec. 8, 2009). In resolving the privacy objection, the

court must balance the need for the information sought against the privacy right asserted.  Rubin v. Regents of University of California, 114 F.R.D. 1, 1 (N.D.Cal. 1986).  Once the court determines that the request should be granted, the scope of discovery should be narrowed with specificity to permit discovery only to the extent necessary for a fair resolution of the lawsuit.  Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 605 (C.D.Cal. 1995).

Defendants argue that the personal information requested is protected by Mr. Ohler and Mr. Podesta's right to privacy.  To the extent that the records sought invade the privacy rights of the individuals who are not parties to this action, the Court finds that the stipulated protective order issued on August 31, 2012, is sufficient to address the confidentiality of the records.  Fed.R.Civ.P. 26(c)(1).

Defendants also argue that the information is protected by the official information privilege. This is insufficient to invoke official information privilege for the records at issue here.  Rubin, 114 F.R.D. at 2 (burden is on the party invoking the privilege of establishing justification for the privilege).  Federal common law does recognize a qualified privilege for official information.  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal. 1995).  The official information privilege generally applies to five categories: "interests of law enforcement, privacy interests of police officers or citizens who provide information to or file complaints against police officers, interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the needs of the judicial process."  Kelly v. City of San Jose, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987).

The purpose of the privilege is to provide for disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officers and ensuring the efficacy of the law enforcement system.  Id. at 662-63.  The party invoking the privilege has the burden of making an initial threshold showing by submitting a privilege log and an affidavit from an official of the agency in control of the documents.  Soto, 162 F.R.D. at 613.  If the party invoking the privilege fails to make a threshold showing then disclosure will be ordered.  Soto, 162 F.R.D. at 613.[2]

---

[2]The Court's analysis on the issues discussed above apply to all of Plaintiffs' requests for production of the employment records of the employees and interns addressed in this order.

While some of the documents requested by Plaintiffs could lead to the discovery of admissible evidence, not all of Plaintiffs' requests are proper.  Further, while the scope of discovery in employment actions can be broad and include the parties employment records, <u>Kelley v. Billings Clinic</u>, No. 1:12-cv-00074-BLG-FRC-CSO, 2013 WL 1414442, at *3 (D.Mont. April 8, 2013), the Court notes that the records sought in these requests, and those following, seek the employment records of individuals that are not parties to this action.  Therefore, it is appropriate in balancing Plaintiffs' need for the information against the individuals privacy rights to narrow the requests to protect the privacy rights of the third parties.  The Court finds that Plaintiffs' request for all documents reflecting Mr. Ohler and Mr. Podesta's qualifications while employed at Tuolumne Fire District is vague.   Further, given the matters at issue here, Plaintiffs' request for resumes or job applications are not likely to lead to the discovery of admissible evidence.

**Accordingly, Plaintiffs' motion to compel the employment records of Mr. Ohler and Mr. Podesta is GRANTED as follows: Defendants shall produce (1) all certifications received by Mr. Ohler and Mr. Podesta; (2) all training records reflecting training that Mr. Ohler and Mr. Podesta completed or otherwise participated in; (3) all complaints submitted by Mr. Ohler and Mr. Podesta against any other employee; (4) all complaints submitted against Mr. Ohler and Mr. Podesta by any other employee; (5) all documents reflecting the job classification of Mr. Ohler and Mr. Podesta, including promotions received; (6) all disciplinary and/or corrective actions against Mr. Ohler and Mr. Podesta from April 10, 2008 to the present; (7) performance reviews for Mr. Ohler and Mr. Podesta from April 10, 2008 to the present; and (8) documents reflecting hours worked by and wages paid to Mr. Ohler and Mr. Podesta from January 1, 2011 through the present.**[3]

2.    <u>Request for Production Nos. 12 - 16</u>

Plaintiff's Request for Production Nos. 12 - 16 seeks the production of interns Colleen Murray, Jeremy Proctor, James Manske, Constantine Boubalos, and Jordan Reyes' personnel files.

---

[3]In ordering the production of the documents requested in Plaintiffs' motion to compel, the Court is applying the standard that the request could lead to the discovery of admissible evidence and does not imply that the record itself would be admissible in this action.

Defendant TFD's response to each request is:

Objection – (1) The request seeks information that is protected by [Ms. Murray's (Request No. 12), Mr. Proctor's (Request No. 13), Mr. Manske's (Request No. 14), Mr. Boubalos' (Request No. 15), and Mr. Reyes' (Request No. 16)] right to privacy. Without a showing of compelling need and clear relevance that information is not discoverable. *(*Miller v. Federal Express Corp. (W.D.T.N. 1999) 186, F.R.D. 376, 384; Knoll v. American Tel. & Tel. Co. (6th Cir. 1999) 176 F.3d 359, 365.) (2) The request seeks information that is considered official information and is protected by a qualified privilege (*Sanchez v. Santa Ana* (9th Cir. 1990) 936 F.2d 1027, 1033.) (3) The request seeks information that is not relevant to a claim or defense in this matter. Based on the foregoing objections, responding party will not produce any documents to this request.

**Plaintiffs' Argument:** Plaintiffs argue that the employee personnel files of the interns are also relevant to this action. Each of these interns submitted at least one complaint against Plaintiff Oyarzo and most of them had completed no more than six days of work before submitting their complaint and were not assigned to Plaintiff Oyarzo's shift. Plaintiffs allege that the complaints were fabricated at the request of the Board of Directors. Plaintiffs seek the personnel records to obtain evidence regarding the credibility of the interns.

**Defendants' Argument:** Defendants contend that the training records are not relevant to any claims proceeding here. Interns Murray, Proctor, Manske, Boubalos, and Reyes were part-time interns and were not salaried employees, but received a stipend. None of the alleged false statements would be included in the interns personnel records. Further, the information is protected by the interns right to privacy and the official information privilege.

**Ruling:** Plaintiffs' discovery request for the personnel files of the interns is overbroad and seeks information that would not be relevant to this action. While there may be some matter in the personnel files that could bear on the credibility of the individual intern, the information in the personnel files would otherwise be irrelevant and not discoverable. **Accordingly, Plaintiff's motion to compel the production of the personnel files shall be GRANTED as modified. Defendants are ordered to produce any documents in the personnel files of Colleen Murray, Jeremy Proctor, James Manske, Constantine Boubalos, and Jordan Reyes regarding (1) any complaints filed against the intern; (2) any complaints filed by the intern against any employee; (3) any disciplinary or corrective action taken against the intern; and (4) any performance reviews.**

3.      Request for Production No. 81

Plaintiffs' Request for Production No. 81 requests:

Any and all DOCUMENTS that REFER OR RELATE to the discipline of any Tuolumne Fire District employees from January 1, 2008 through the present day.

Defendant TFD's Response states:

Objection, use of the defined term "REFER OR RELATE" results in a violation of the requirement that each request "must describe with reasonable particularity each item or category of item to be inspected."  (FRCP 34(b)(1)(A)).  Objection; except as to responsive documents already produced in this case, (1) The request seeks information that is protected by the District employee's right to privacy.  Without a showing of compelling need and clear relevance that information is not discoverable.  *(*Miller v. Federal Express Corp. (W.D. T.N. 1999) 186, F.R.D. *376, 384;* Knoll v. American Tel. & Tel. Co. (6th Cir. 1999) 176 F.3d 359,365.)  (2) The request seeks information that is considered official information and is protected by a qualified privilege.   *(*Sanchez v. Santa Ana (9th Cir. 1990) 936 F.2d 1027, 1033.)  (3) The request seeks information that is not relevant to a claim or defense in this matter.  Based on the foregoing objections, responding party will not produce any documents in response to this request.

**Plaintiffs' Argument:** Plaintiffs contend that the request clearly identifies and limits the scope of the documents sought.  Plaintiffs argue that the evidence is clearly relevant because Plaintiffs Oyarzo and Hart allege they were improperly disciplined in retaliation.  Plaintiffs' request is expected to provide evidence of a pattern or practice of unconstitutional behavior with regard to disciplining employees.

**Defendants' Argument:** Defendants argue that Plaintiffs' conclusory allegation of a pattern and practice of discrimination does not allow them to engage in a fishing expedition.  The information requested is protected by the employee's right to privacy and official information privilege, and is not relevant to any claims proceeding here.

**Ruling:** The production of disciplinary records of third parties to this action clearly implicates their right to privacy.  This action is proceeding on Plaintiffs' claims that they were retaliated against for their protected activity.  The court finds that the conclusory allegation that there is a pattern or practice is not sufficient to overcome the privacy rights of TFD's employees.  While some disciplinary records could be relevant to this action, the request is overbroad and seeks documents that would not lead to admissible evidence in this case.  **Plaintiffs' request for the disciplinary records of specific employees has been granted and the motion to compel**

**production of further disciplinary documents is DENIED.**

4.        Request for Production No. 91

Plaintiffs' Request for Production No. 91 seeks:

Any and all DOCUMENTS that REFER OR RELATE to injuries received while on duty by any Tuolumne Fire District employee, intern, volunteer, or relief firefighter from January 1, 2008 through the present day.

Defendant TFD's response to Request for Production No. 91 states:

Objection, use of the defined term "REFER OR RELATE" results in a violation of the requirement that each request "must describe with reasonable particularity each item or category of item to be inspected."  (FRCP 34(b)(1)(A)).  Objection – (1) The request seeks information that is protected by the District employee's right to privacy. Without a showing of compelling need and clear relevance that information is not discoverable.  (Miller v. Federal Express Corp. (W.D. T.N. 1999) 186, F.R.D. *376, 384;* Knoll v. American Tel. & Tel. Co. (6th Cir. 1999) 176 F.3d 359,365.)  (2) The request seeks information that is considered official information and is protected by a qualified privilege.  (Sanchez v. Santa Ana (9th Cir. 1990) 936 F.2d 1027, 1033.) (3) The request seeks information that is not relevant to a claim or defense in this matter.  Based on the foregoing objections, responding party will not produce any documents in response to this request.

**Plaintiffs' Argument:** Plaintiffs claim that these documents are relevant because they claim retaliation for reporting violations of, and attempting to enforce, safety regulations within the workplace.  Defendants contend that the actions reported by Plaintiff were not safety violations. These documents will provide evidence that Defendants disregarded safety considerations in the workplace.

**Defendants' Argument:** Defendants contend that Plaintiff Oyarzo's claim that he was retaliated against for reporting safety violations is not even remotely related to documents concerning on-the-job injuries of TFD employees.  Plaintiff Oyarzo has not alleged that any employees were injured due to the safety violations that he reported.  The information requested is protected by the employee's right to privacy and official information privilege

**Ruling:**  The Court fails to see how the production of work related injuries would lead to discoverable evidence in this action.  In this action, Plaintiff Oyarzo alleges that he reported safety violations which resulted in retaliatory action being taken against him.  The issue here is whether Plaintiff suffered retaliation for reporting the violations, not whether the reported violations were actually safety violations.  Additionally, Plaintiffs' request for all documents that relate to injuries

received while on duty is overly broad and seeks information regarding injuries that are not related to safety violations. **Accordingly, Plaintiffs' motion to compel further production for Request No. 91 is DENIED.**

     5.    <u>Request for Production No. 102</u>[4]

Plaintiffs' Request for Production No. 102 seeks:

> Any and all DOCUMENTS that REFER OR RELATE to the employment of James Rafferty by the Tuolumne Fire District, including but not limited to Mr. Rafferty's job title and duties, compensation, dates of employment, and performance reviews.

Defendant TFD's response to Request for Production No. 102 states:

> Objection, use of the defined term "REFER OR RELATE" results in a violation of the requirement that each request "must describe with reasonable particularity each item or category of item to be inspected." (FRCP 34(b)(1)(A)). Objection, except as to documents already produced which refer to Mr. Rafferty– (1) The request seeks information that is protected by Mr. Rafferty's right to privacy. Without a showing of compelling need and clear relevance that information is not discoverable. (<u>Miller v. Federal Express Corp.</u> (W.D. T.N. 1999) 186, F.R.D. *376, 384;* <u>Knoll v. American Tel. & Tel. Co.</u> (6th Cir. 1999) 176 F.3d 359,365.) (2) The request seeks information that is considered official information and is protected by a qualified privilege. (<u>Sanchez v. Santa Ana</u> (9th Cir. 1990) 936 F.2d 1027, 1033.) (3) The request seeks information that is not relevant to a claim or defense in this matter. Based on the foregoing objections, responding party will not produce any documents in response to this request.

**Plaintiffs' Argument:**    Plaintiffs contend that it is clear that they are seeking the employment documents regarding Mr. Rafferty. Plaintiffs allege that Mr. Rafferty was subjected to improper discipline for violations of Defendant TFD's policy and procedures that did not exist during the investigation of his conduct. The interrogation and write up of Mr. Rafferty violated his constitutional rights and the California Firefighter Bill of Rights. Plaintiffs contend that the production of these documents will provide evidence that Defendant TFD repeatedly and knowingly violated the rights of its employees.

In the supplemental briefing filed on April 18, 2013, Plaintiffs narrowed their Request for Production No. 102 and are seeking performance evaluations of Mr. Rafferty while employed at Defendant TFD and documents reflecting any disciplinary action taken against Mr. Rafferty while

---

[4]In the supplemental briefing filed on April 18, 2013, Plaintiffs withdraw their motion to compel production of document request nos. 103, 104 and 105. (ECF No. 63 at 2.)

employed at Defendant TFD.  Plaintiffs argue that the documents are necessary to show that Defendant TFD's actions against Plaintiffs were in conformance with a policy or custom.  Plaintiffs allege that Mr. Rafferty was subjected to disciplinary action without being provided with prior notice of the charges against him prior to the hearing and he was placed on administrative probation.  Plaintiffs contend that a notice of discipline is likely contained in Mr. Rafferty's personnel file.

**Defendants' Argument:** Defendants reply that Mr. Rafferty refused to waive his privacy rights and testified that he was never demoted, but voluntarily left his position with TFD to take a job with Cal Fire.  The request for Mr. Rafferty's personnel records seeks information that is not relevant to this action.

In their supplemental reply, Defendants contend, that despite Plaintiffs limiting the request for Mr. Rafferty's personnel records, the request is irrelevant and is protected by Mr. Rafferty's privacy rights.  Defendants argue that Plaintiffs are not proceeding on a claim of municipal liability based on custom and practice.  Further, even were Plaintiffs proceeding on a "custom" theory of municipal liability, Plaintiffs claims and one other instance would be insufficient to show a pervasive and broad practice.  Additionally, during his deposition Mr. Rafferty testified that he did receive notice of the hearing and TFD did not violate his constitutional rights.

**Ruling:**  The request for the entire personnel file of Mr. Rafferty clearly seeks information beyond that which would be relevant in this action.  Based on Plaintiffs' offer of proof at the motion hearing, Plaintiffs were granted an opportunity to provide supplemental briefing to supply the Court with a declaration regarding Plaintiff Oyarzo's knowledge of similar incidents where Mr. Rafferty was retaliated against for failing to follow a policy that did not exist and Mr. Barteau was the subject of a letter writing campaign that resulted in an improper investigation.  Plaintiffs contended that the requested information was necessary to show that Defendant TFD repeatedly and knowingly violated the rights of its employees.

Rather than providing the documentation discussed at the hearing, Plaintiffs withdrew the requests related to Mr. Barteau and limited the request to performance evaluations and documents reflecting any disciplinary action taken against Mr. Rafferty while employed at Defendant TFD.  In support of the supplement, Plaintiffs provide a portion of Mr. Rafferty's deposition in which Mr.

1  Rafferty states that he was disciplined for allegations made against him by Plaintiff Oyarzo, and that

2  discuss the notice that was provided to Mr. Rafferty prior to the hearing.

3      Plaintiffs state that the information requested is necessary to demonstrate Defendant TDF's

4  liability pursuant to a custom or policy of the department.  *See* Monell v. Dep't of Soc. Serv., 436

5  U.S. 658, 694 (1978).   Defendants argue that Plaintiffs complaint did not state a Monell claim, and

6  therefore, the information is not relevant in this action.   A local government unit may not be held

7  responsible for the acts of its employees under a *respondeat superior* theory of liability.   Monell,

8  436 U.S. at 691.   When an individual brings suit against a local government for violation of a

9  constitutional right, the municipality is liable for the actions of its employees where "the individual

10 can establish that the local government had a deliberate policy, custom, or practice that was the

11 moving force behind the constitutional violation that he suffered."   Whitaker v. Garcetti, 486 F.3d

12 572, 581 (9th Cir. 2007) (citations and internal punctuation omitted).   To withstand a motion to

13 dismiss in this circuit, a claim of municipal liability under section 1983 requires only "a bare

14 allegation that the individual officer's conduct conformed to official policy, custom, or practice."

15 Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quoting Whitaker, 486 F.3d at

16 581.)

17     In the second amended complaint, Plaintiffs allege  the defendants "acted in conformance

18 with Defendant TFD's official policy, custom and practice of tolerating, encouraging and approving

19 violations of employees' constitutional rights to engage in political activity and to due process of

20 law." (ECF No. 25 at ¶ 94.)  This language is sufficient to satisfy this circuit's minimal requirement

21 to allege a Monell claim.

22     Plaintiffs contend that Mr. Rafferty's personnel records are necessary to show that he was

23 subjected to disciplinary action without being provided with prior notice of the charges against him

24 before the hearing.  However, Mr. Rafferty testified during his deposition that he received notice

25 prior to the hearing.  To the extent that Plaintiffs are now contending that the notice Mr. Rafferty

26 received was deficient, this action is not proceeding on a claim of deficiency of the notice provided.

27 Rather Plaintiffs' claims in this action are that notice was not provided prior to their hearings and

28 they were retaliated against for engaging in protected activity.  Because the Court finds that the

records requested would have limited relevance to the matters proceeding in this action, the request for production of documents shall only be granted for documents reflecting any disciplinary action taken against Mr. Rafferty while employed at Defendant TFD . **Accordingly, Plaintiffs' motion to compel production of Mr. Rafferty's personnel file is GRANTED in part, and Defendants shall produce any documents reflecting any disciplinary action taken against Mr. Rafferty while he was employed by Defendant TFD.**

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiffs' motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

      a.      Plaintiff's motion to compel further responses from Defendant Hockett is GRANTED and Defendant Hockett is ordered to provide further response to Request for Admission Nos. 41 and 42;

      b.      Plaintiff Hart's motion to compel further responses to Request for Admissions Nos. 29, 32, and 33 is DENIED;

      c.      Plaintiffs' motion to compel further production for document request Nos. 9 and 10 is GRANTED IN PART and DENIED IN PART.  Defendants shall produce (1) all certifications received by Mr. Ohler and Mr. Podesta; (2) all training records reflecting training that Mr. Ohler and Mr. Podesta completed or otherwise participated in; (3) all complaints submitted by Mr. Ohler and Mr. Podesta against any other employee; (4) all complaints submitted against Mr. Ohler and Mr. Podesta by any other employee; (5) all documents reflecting the job classification of Mr. Ohler and Mr. Podesta, including promotions received; (6) all disciplinary and/or corrective actions against Mr. Ohler and Mr. Podesta from April 10, 2008 to the present; and (7) performance reviews for Mr. Ohler and Mr. Podesta from April 10, 2008 to the present; and (8) documents reflecting hours

1   worked by and wages paid to Mr. Ohler and Mr. Podesta from January 1,

2   2011 through the present;

3       d.    Plaintiff's motion to compel further production of document request Nos.

4   12-16 is GRANTED as modified.  Defendants shall produce any

5   documents in the personnel files of interns Colleen Murray, Jeremy

6   Proctor, James Manske, Constantine Boubalos, and Jordan Reyes

7   regarding  (1) any complaints filed against the intern; (2) any complaints

8   filed by the intern against any employee; (3) any disciplinary or corrective

9   action taken against the intern; and (4) any performance reviews;

10       e.    Plaintiffs' motion to compel further production to Request for Production

11   Nos. 81, and 91 is DENIED;

12       f.    Plaintiffs' motion to compel further production to Request for Production

13   No. 102 is GRANTED IN PART, and Defendants shall produce any

14   documents reflecting any disciplinary action taken against Mr. Rafferty

15   while he was employed at Defendant TFD; and

16       2.    Within thirty (30) days from the date of service of this order, Defendants shall

17   produce the further discovery as ordered herein.

18

19   IT IS SO ORDERED.

20   **Dated:**   **April 23, 2013**

21   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28