# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BENJAMIN C. OYARZO and NICHOLAS HART,**<br><br>         **Plaintiffs,**<br><br>         **v.**<br><br>**TUOLUMNE FIRE DISTRICT (A.K.A. "TUOLUMNE FIRE PROTECTION DISTRICT"), JOSEPH TURNER, in his individual and official capacities, DARLENE HUTCHINS, in her individual and official capacities, KENNETH HOCKETT, in his individual and official capacities, BRIAN MACHADO, in his individual and official capacities, TONEY POWERS, in his individual and official capacities, and DOES 1 THROUGH 20, Inclusive**<br><br>         **Defendants.** | **1:11-CV-01271 LJO SAB**<br><br>**REQUEST FOR SUPPLEMENTAL BRIEFING RE PLAINTIFF OYARZO'S RANK.** |

The Court has reviewed the documents filed in connection with the Individual Defendants' motions for summary judgment and hereby requests supplemental briefing on the subject of Plaintiff Oyarzo's rank prior to his placement on leave in June 2010.

It is undisputed that Oyarzo was appointed "Fire Chief" by Tuolumne Fire District's (TFD) Board in May 2008. Oyarzo Decl., Ex. D1, OH 281-283. Plaintiffs argue Oyarzo was never legally a "Fire Chief" because Joe Turner, one of the three TFD Board members who voted for Oyarzo's appointment to Chief,[1] did not satisfy the requirements for Board membership. Doc. 82 at 8-9. In July 2010, more than two years after his appointment to the rank of Chief, Oyarzo filed a validation action challenging several Board members, including Turner. JSF O; Oyarzo Ex. A4. Among other things, the action also requested invalidation of all votes taken since on or about May 2008 in which Joe Turner

---

[1] Two of the five directors recused themselves from voting; the remaining three members (Joe Turner, Rommie Jones, and Craig Flores) voted unanimously in favor of promoting Oyarzo to Chief. Oyarzo Decl., Ex. D1, OH 281-283.

participated as part of a three person majority. *Id.* Joe Turner resigned from the Board on August 3, 2010. JSF O; Turner Depo. 126:20-127:1. On August 30, 2010, the TFD Board reconsidered several previous votes, including "appointing Ben Oyarzo Fire Chief effective May 12, 2008 due to Director Joe Turner not residing within the District." Oyarzo Ex. A2, TFD 836. That motion did not pass. *Id.*

Notwithstanding the August 30, 2010 vote, California Health and Safety Code § 13806 requires that actions to determine the validity of any action taken by a fire protection district be brought under the provisions of California Code of Civil Procedure § 860, *et seq.* Oyarzo invoked both of these provisions in his validation action. Oyarzo Ex. A4. California Code of Civil Procedure § 860 allows only a 60-day window for a public agency to bring an action to invalidate its own action. The same limitations period applies to validation actions brought by individual citizens. Cal. Code Civ. Pro. § 863. Absent a timely challenge to the validity of an action taken by a California public entity, such an action "become[s] immune from attack whether it is legally valid or not." *McLeod v. Vista Unified Sch. Dist.,* 158 Cal. App. 4th 1156, 1166 (2008). Oyarzo's validation challenge, filed in July 2010, was far too late to fall within the 60-day window to challenge his own appointment to Chief in May 2008.

In light of these authorities, Plaintiffs are directed to file a supplemental brief, no longer than five pages in length, providing any available authority indicating why Oyarzo's appointment as Chief, a position he held at least until he was placed on leave in June 2010, should be deemed a disputed fact (as opposed to a fact established as a matter of law) by this Court. This supplemental brief shall be filed on or before June 10, 2013. Defendants shall have until June 14, 2013 to file a five page response.

**SO ORDERED**
**Dated: June 3, 2013**

                              **/s/ Lawrence J. O'Neill**
                              **United States District Judge**