UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TUOLUMNE FIRE DISTRICT (A.K.A. "TUOLUMNE FIRE PROTECTION DISTRICT"), JOSEPH TURNER, in his individual and official capacities, DARLENE HUTCHINS, in her individual and official capacities, KENNETH HOCKETT, in his individual and official capacities, BRIAN MACHADO, in his individual and official capacities, TONEY POWERS, in his individual and official capacities, and DOES 1 THROUGH 20, Inclusive<br><br>　　　　Defendants. | 1:11-CV-01271 LJO SAB<br><br>SECOND REQUEST FOR SUPPLEMENTAL BRIEFING. |

　　As the Court has become more familiar with the record in this case, it appears that Plaintiff Oyarzo's speech/activities related to annexation can be divided into two periods. Initially, Oyarzo spoke out in favor of annexation with the approval of the TFD Board and arguably under its direction and control. (The Parties debate at length whether he did so in his capacity as a private citizen or as a public employee.) Later, after the annexation effort was put on hold, Oyarzo was informed by TFD Board Member Defendant Turner that Turner no longer supported annexation. If Oyarzo's declaration is accepted and viewed in a light most favorable to him,[1] Oyarzo then indicated to Turner that Oyarzo intended to pursue annexation for personal reasons, regardless of the Board's opinion on the subject. Oyarzo Decl., Doc. 89-4, ¶¶ 11-12. This arguably amounts to a threat by Oyarzo to speak out in his capacity as a private citizen on the subject of annexation.

---

[1] The Court is fully aware of Defendants' objection that this portion of Oyarzo's declaration is a sham.

1

The extensive briefing in this case does not focus on the key issues that flow from these facts. First, can Oyarzo's threat to speak out on the topic of annexation for personal reasons form the basis of a First Amendment retaliation or deterrence claim? *See Van Ooteghem v. Gray,* 654 F.2d 304, 305 (5th Cir. 1981) (agreeing that plaintiff's "intent to exercise his right to speak" was constitutionally protected); *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 782, 785 (9th Cir. 1997) (assuming without deciding that First Amendment retaliation claim could be based upon a threat to make protected speech). Second, even if such a threat can form the basis of a First Amendment claim, is any rule prohibiting retaliation or deterrence following such a threat clearly established for the purposes of qualified immunity?

In light of these authorities, Plaintiffs are directed to file a supplemental brief, no longer than five pages in length, addressing the two questions articulated above, taking care to distinguish between retaliation and deterrence. This supplemental brief shall be filed on or before June 19, 2013. Defendants shall have until June 21, 2013 to file a five page response.

**SO ORDERED**
**Dated: June 14, 2013**

            **/s/ Lawrence J. O'Neill**
            **United States District Judge**