# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO, et al., | CASE NO. 1:11-cv-01271-SAB |
|     Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES |
|     v. | |
| TUOLUMNE FIRE DISTRICT, et al., | (ECF Nos. 97, 109) |
|     Defendants. | Expert Discovery Cutoff: August 30, 2013 |

## I.

## PROCEDURAL HISTORY

Following resolution of Defendants motions for summary judgment, this consolidated action is currently proceeding against Defendant Tuolumne Fire District ("TFD") on Plaintiff Oyarzo's claims for violation of the Fair Labor Standards Act and California state law, and on Plaintiff Hart's claims for violation of California state law; and against Defendants Kenneth Hockett and Toney Powers on Defendant Hart's claim alleging violations of the First Amendment.

On November 1, 2012, a further scheduling order issued setting the discovery cut-off and disclosure dates in this action. Pursuant to the order, the deadline for expert witness disclosures was January 15, 2013. (ECF No. 42.) On June 7, 2013, Defendants filed the instant motion to supplement their expert disclosures. (ECF No 97.) On July 2, 2013, a joint statement regarding Defendants' motion to supplement the expert disclosures was filed. (ECF No. 109.)

The Court heard oral arguments on July 12, 2013. Counsel Shannon Siebert appeared telephonically for Plaintiffs Oyarzo and Hart, and counsel J. Anthony Abbott appeared telephonically

for Defendants TFD, Hockett and Powers. Having considered the moving papers, the declarations and exhibits attached thereto, the report filed under seal, and the arguments presented at the July 12, 2013 hearing, as well as the Court's file, the Court issues the following order.

Although Defendants bring this motion under Federal Rule of Civil Procedure 26(e), the motion is not a discovery motion, but is a motion to amend the scheduling order to allow Defendants' expert disclosures to be amended to add an additional expert at trial. Therefore, Defendants motion is appropriately considered under Federal Rule of Civil Procedure 16(b)(4). Further, the parties argue whether substantial justification exists to preclude the testimony of the expert due to the lack of disclosure within the deadlines set by the Court. Additionally, the Court will also consider whether the expert testimony would be precluded by Federal Rule of Civil Procedure 37(c)(1) and will apply this standard.

## II.

## LEGAL STANDARD

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and good cause requires a showing of due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [ ]he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [ ]he was diligent in seeking amendment of the Rule 16 order, once it became apparent that [ ]he could not comply with the order.

Morgal v. Maricopa County Bd. Of Sup'rs, 284 F.R.D. 452, 460 (D. Ariz. 2012) (citing Grant v. United States, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011)).

"The district court 'is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion.' " C.F. ex rel. Farnan v. Capistrano Unified School District, 654 F.3d 975, 984 (9th Cir. 2011) cert. denied sub nom. 132 S.Ct. 1566, 182 (2012) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). In determining whether to amend

the scheduling order, the focus is on the moving party's reason for seeking the modification. <u>Johnson</u>, 975 F.2d at 609.

Further, Federal Rule of Civil Procedure 26 requires that a party must disclose the identity of each expert witness "accompanied by a written report–prepared and signed by the witness. . . ." Fed.R.Civ.P. 26(a)(2)(B). Rule 26 requires the parties to submit their expert disclosures "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D).

Rule 37(c)(1) gives teeth to the requirements imposed by Rule 26 by forbidding the use at trial of any information that is not properly disclosed. <u>Hoffman v. Construction Protective Services, Inc.</u>, 541 F.3d 1175, 1179 (9th Cir. 2008). This is a "self-executing, automatic sanction to provide a strong inducement for disclose of material." <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001) (internal punctuation omitted) (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)). The harshness of this rule is ameliorated by the express exceptions that the information may be introduced if the failure to disclose the information was substantially justified or harmless. <u>Yeti by Molly, Ltd.</u>, 259 F.3d at 1106.

In determining if the failure to disclose was substantially justified or harmless the court may consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. <u>Lanard Toys Ltd. v. Novelty, Inc.</u>, 375 Fed.Appx. 705, 713 (9th Cir. 2010)(unpublished) (citing <u>David v. Caterpillar, Inc.</u>, 324 F.3d 851, 857 (7th Cir.2003)). The burden is on the party facing the sanction to show that the failure to disclose was harmless. <u>Id.</u> at 1107. The district court has wide latitude in issuing discovery sanctions under Rule 37(c)(1). <u>Id.</u> at 1106.

### III.

### DISCUSSION

In the instant motion, Defendants contend that on May 2, 2013, Plaintiff Hart had an Agreed Upon Medical Examination ("AME") in conjunction with a Worker's Compensation ("Worker's Comp") claim that he has against Defendant TFD. On May 6, 2013, Dr. Abelow, who conducted the AME, prepared a report in which he opined that Plaintiff Hart suffers from a disability to his lower

back that precludes him from returning to his usual and customary job as a firefighter. Defendants seek to add Dr. Abelow to their expert witness disclosures. Defendants contend that there is good cause and substantial justification to add Dr. Abelow to their disclosures because they only recently became aware of Dr. Abelow's opinion. (Joint Statement Re Def.s' Mot. For Leave To Supplement Disclosures 2, ECF No. 109.) The examination in this instance was conducted well after the expert disclosure cut-off and expert discovery dates.

Defendants argue that Plaintiff Hart is seeking lost compensation after his separation on December 31, 2010, through the balance of his work life. Defendants state that to recover this measure of damages, Hart must show that he could have worked as a firefighter through the end of his work expectancy but for his termination. Further, Defendants contend that Hart will be unable to make this showing if he is unable to perform the work unrelated to the defendants' conduct. (ECF No. 109 at 5.)

Hart was injured while working for TFD on November 6, 2010, and filed a Worker's Comp claim in July 2011. Defendants contend that they had no notice that Hart's injury precluded him from working as a firefighter until after the AME in the Worker's Comp case on May 2, 2013. During this action, Hart twice testified that he was actively seeking work as a firefighter; and Plaintiff's expert report assumes that Plaintiff would be working as firefighter until age 55. Defendants argue there was nothing to suggest to them that Plaintiff would be unable to return to work in the fire service. The first known incidence of a medical doctor opining that Hart would be unable to work as a firefighter was Dr. Abelow's report, dated May 6, 2013, in which he stated that Hart cannot return to his customary and usual job as a firefighter. (Id.)

### A. Good Cause Exists to Amend the Scheduling Order

Defendants contend that courts have frequently allowed late disclosures of expert witnesses where it was done in a timely manner with substantial justification and did not result in material prejudice to the other party. (ECF No. 109 at 13.) Plaintiff replies that Defendants' argument regarding the "frequent" allowance of belated witness discloses is unfounded because the cases cited do not present similar circumstances to this, in which Defendants are attempting to supplement their disclosures five months after the disclosure deadline and Defendants knew for two years of Hart's

injuries. (Id. at 11.)

Dr. Abelow's examination was performed on May 2, 2013, in regard to his Worker's Compensation case and Defendants received the report from the Worker's Compensation Carrier on June 3, 2013, which stated that Hart suffers from a disability to his low back that precludes him from returning to his usual occupation as a firefighter. Defendants contend that this was the first known instance in which a medical doctor opined that Hart would be unable to work as a firefighter. (ECF No. 109 at 12.)

As the Court discusses below, Defendants did not have notice that Plaintiff would not be able to work as a firefighter due to his injury until after Dr. Abelow issued his report in May 2013. Defendants cannot reasonably be expected to disclose an expert or his opinions that do not exist prior to the disclosure date. In this instance, Defendants learned of Dr. Abelow's report on June 3, 2013, and filed the motion to supplement the complaint on June 7, 2013. The Defendants failure to disclose Dr. Abelow as an expert was not due to bad faith or willfulness, and there was no undue delay in seeking to amend the expert disclosures once the information became known to Defendants. The Court finds that Defendants were diligent in pursing this motion once they discovered the new evidence, and good cause exists to amend the scheduling order.

**B.    Notice That Hart's Injury Would Preclude His Ability to Work as a Firefighter**

Plaintiff contends that the motion lacks justification because Defendants have been aware of his Worker's Comp injury since November 2010 and his need for medical treatment since March 2011. (ECF No. 109 at 5.) Despite this knowledge, Defendants made no effort to conduct any discovery into Hart's physical condition. (Id. at 5-6.) Defendants respond that knowledge that Hart was injured does not equate to knowledge that the injury would preclude him from working as a firefighter. (Id. at 11.) Defendants argue that based upon representations made by Plaintiff during discovery in this action and the report of Plaintiff's expert on damages, it was implicit that Hart could continue to work as a firefighter and was eager to return to the fire service. Defendants contend that there were no facts that would have suggested otherwise. (Id. at 12.)

While still employed with Defendant TFD, on November 6, 2010, Hart was injured while carrying a patient down a flight of stairs. (Decl. of Nicholas Hart ¶ 2, attached as exhibit D, ECF No.

5

109.) After returning from the call, Hart completed a claim form and informed Defendant Hockett about the injury. (Id. at ¶ 3.) On November 11, 2006, Hart reported that he did not need medical assistance for his injury. (Id. at ¶ 4.) In March 2011, Hart notified TFD that he did need to seek medical treatment for his injury, and was informed on June 1, 2011 that his Worker's Comp claim was denied. (Id. at ¶¶ 5, 6.) Plaintiff hired an attorney and filed a Worker's Comp claim in July 2011. (Id. at ¶ 7.)

In his Worker's Comp case, an AME was conducted by Dr. Abelow on May 2, 2013, and on May 6, 2013 a report was issued stating that Plaintiff is precluded from returning to his usual and customary job as a firefighter due to his injury. (Decl. of William E. Steuber ¶¶ 4, attached as Exhibit C, ECF No. 109.)

Plaintiff argues that Defendants were on notice that Plaintiff was injured and should have scheduled an examination of Plaintiff during the discovery period to determine if the injury would preclude him from working as a firefighter. In this instance, Plaintiff completed an injury report following the incident, but he initially informed Defendant TFD that he did not need medical treatment. It was not until two months after he had been terminated, and approximately four months after the injury, that Hart notified TFD that he wanted to be treated for the injury. Additionally, during discovery in this action, Plaintiff testified on two occasions that he was actively seeking work as a firefighter.

During the hearing on this motion, counsel stated that Plaintiff contests the opinion that he is no longer able to work as a firefighter and is still actively seeking such employment. Counsel also conceded that other than the report that Plaintiff was injured, no records exist that would have placed Defendant on notice that Plaintiff was unable to work as firefighter prior to the report issued by Dr. Abelow. The mere fact that Plaintiff received an injury and months later sought medical treatment is not sufficient to have placed Defendants on notice that Hart's injury might have caused him to be unable to work as a firefighter in the future. The Court finds that Defendants did not have notice that Plaintiff Hart would be precluded from working as a firefighter until after the report from Dr. Abelow was received in June of 2013.

///

6

C. **Prejudice to the Parties**

Plaintiff further argues that allowing Defendants to supplement their expert response will harm him by causing him to incur unnecessary additional costs while allowing Defendants to avoid all but minimal costs by using a non-retained expert. (ECF No. 109 at 6.) The Court fails to be persuaded by this argument. The expert testimony sought to be supplemented by this motion is relevant to Plaintiff's claim of damages, and the AME had not occurred at the time discovery in this action closed. The cost for Plaintiff to depose the expert would be the same whether the disclosure occurred at the expert disclosure deadline or currently. Further, the fact that Defendants obtained this information because of Plaintiff's Worker's Comp claim is irrelevant to the prejudice suffered by Plaintiff.

Plaintiff also alleges that he will be harmed because the time available to prepare for trial will be diminished by having to complete tasks that would otherwise have been completed before the final cut-off date. (ECF No. 109 at 6.) Plaintiff states that if the motion is granted he will be required to depose Defendants' witness, locate and hire a rebuttal expert, schedule an evaluation of Plaintiff, and prepare and make the rebuttal expert available to Defendants for deposition. Plaintiff argues that these are expensive and time consuming tasks that would have been completed by the discovery cut-off date had Defendants diligently pursued discovery. (Id. at 9.) Defendants contend that Plaintiff will not be prejudiced if the court allows Plaintiff to depose Dr. Abelow and disclose rebuttal witnesses as they suggest. (Id. at 13.)

Any prejudice that would have existed due to the imminency of trial has been addressed as the Court has vacated the trial date and the new trial date has not yet been set. Further, the Court can open a limited window of discovery to allow the parties to conduct discovery on the issue of Plaintiff's ability to return to work as a firefighter to ensure that the parties are able to conduct expert discovery on the new expert witness. Based upon the discussion at the hearing, the parties anticipate that such discovery can be conducted prior to August 30, 2013.

If the Court were to deny the motion, the prejudice to Defendants would be great. Plaintiff is seeking $1.1 million dollars in future wages and denying the motion would preclude Defendants from introducing relevant information to allow the trier of fact to make a decision based upon the

merits of Plaintiff's complaint. The Court finds that any prejudice due to allowing the supplemental disclosure can be remedied by opening a limited period of discovery.

### D.    Hart's Privacy Rights in His Medical Records

Plaintiff states that he has in no way placed his physical condition in issue in this action. (ECF No. 109 at 10.) Defendants argue that Dr. Abelow's opinion is directly relevant to Hart's claim for future wage loss. (Id. at 13.) Defendants contend that Hart has placed his physical condition, his ability to work as a firefighter, in issue; and because Plaintiff is claiming lost wages through the age of 55, the physician-patient privilege on the ground of privacy cannot be invoked. (Id. at 15, 16.)

In this instance, contrary to Plaintiff's contention, by claiming future lost wages, Plaintiff has put the issue of his ability to work as a firefighter at issue in this action. Plaintiff has waived his claim of privilege by placing his ability to work at issue in this action. See Bertram v. Sizelove, No. 1:10-cv-00583-AWI-GBC (PC), 2012 WL 273083, at *2-3 (E.D. Cal. Jan. 30, 2012) (question of whether medical records should be disclosed depends upon whether the confidentiality of the records has been waived by putting the privileged information at issue). Furthermore, the reason Plaintiff's ability to work is an issue in this action is because Plaintiff filed this claim seeking future wages as a part of his alleged damages. (Am. Compl. ¶ 133, ECF No. 25.)

"Section 164.512 subsection (e) of HIPAA allows disclosure of information in the course of judicial and administrative proceedings. Disclosure may be compelled in response to a court order or to a subpoena, discovery request, or other lawful process, even if not accompanied by a court order, if the party seeking the information makes reasonable efforts to secure a qualified protective order. (Section 164.512(e)(1)(I) and (ii)(A) and (ii)(B))." Hutton v. City of Martinez, 219 F.R.D. 164, 167 (N.D. Cal. Oct. 27, 2003). While the information at issue here has not been the subject of a discovery request, it came into Defendants' possession in the course of Plaintiff's Worker's Comp claim. There is a protective order in place which protects the privacy interests of the records at issue in this action. (See ECF No. 39.) This is sufficient to address any privacy concerns regarding the information included within the report.

The Court finds that substantial justification exists for the failure to disclose the expert witness prior to the expert disclosure deadline and reopening discovery will address any prejudice to Plaintiff

due to the late disclosure

## IV.

## CONCLUSION AND ORDER

The Court finds that good cause exists to amend the scheduling order to allow Defendants to supplement their expert disclosures. Further, based upon the timing of the discovery of the expert witness, substantial justification exists to allow Defendants' expert to testify at the trial on this matter. Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Defendants' motion for leave to supplement disclosures filed June 13, 2012, which the Court construes as a motion to amend the Court's November 1, 2012 scheduling order, is GRANTED;

2. Defendants shall serve their supplemental expert disclosures upon Plaintiff by July 29, 2013;

3. Plaintiff Hart shall serve his supplemental rebuttal expert disclosures by August 9, 2013;

4. Discovery in this action shall be reopened to allow the parties to conduct additional discovery on the expert disclosures related to this order; and all expert discovery shall be completed by August 30, 2013; and

5. The Court will address the future dates for the pretrial conference and trial with the parties at the July 26, 2013 status conference.

IT IS SO ORDERED.

Dated:  **July 22, 2013**                    _____
                                              UNITED STATES MAGISTRATE JUDGE
