Shannon Seibert (State Bar No. 240317)
Joe Bautista (State Bar No. 255708)
SEIBERT & BAUTISTA
18711 Tiffeni Drive #17-129
Twain Harte, California 95383
Telephone: 209.586.2890
Facsimile:  209.583.5424

Attorneys for Plaintiffs BENJAMIN C. OYARZO
and NICHOLAS HART

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| BENJAMIN C. OYARZO, NICHOLAS HART,<br><br>         Plaintiffs,<br>   vs.<br><br>TUOLUMNE FIRE DISTRICT (A.K.A. "TUOLUMNE FIRE PROTECTION DISTRICT"), JOSEPH TURNER, in his individual and official capacities, KENNETH HOCKETT, in his individual and official capacities, BRIAN MACHADO, in his individual and official capacities, DARLENE HUTCHINS, in her individual and official capacities, TONEY POWERS, in his individual and official capacities, and DOES 1 THROUGH 20, Inclusive,<br><br>         Defendants. | **CASE NO. 1:11-CV-01271 -SAB**<br><br>**PLAINTIFFS' MOTIONS IN LIMINE**<br><br>Hearing Date:     October 15, 2013<br>Time:                    2:30 p.m.<br>Courtroom:        9, 6th Floor<br><br>Trial Date:          October 31, 2013<br>Time:                    8:30 a.m.<br>Courtroom:        9, 6th Floor<br><br>**Hon. Stanley A. Boone** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2013 at 2:30 p.m. in Courtroom 9 of the United States District Court for the Eastern District of California, Plaintiffs Benjamin C. Oyarzo and Nicholas Hart will, and hereby do, move for orders *in limine* as follows.

This consolidated motion is made on this Notice, the Memoranda of Points and Authorities, the Declaration of Shannon Seibert, the pleadings and other items on file in this action, and any and

1

1  all documentary evidence and oral argument that may be presented to the Court in connection with
2  the hearing on this motion.
3  DATED: September 24, 2013                              SEIBERT & BAUTISTA
4
5
                                                 By:   /s/ Shannon Seibert
6                                                      Shannon Seibert
                                                       Attorneys for Plaintiffs BENJAMIN C. OYARZO
7                                                      and NICHOLAS HART
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Benjamin Oyarzo and Nicholas Hart are former employees of the Tuolumne Fire District. Oyarzo was hired as a full-time employee in June 2006, and Hart was hired as a full-time employee in February 2009.

Throughout Plaintiffs' employment with TFD, TFD employees worked on a "Kelly Schedule," and each firefighter was assigned to the "A," "B," or "C" shift and worked one 48-hour shift on before taking 96 hours off. Beginning in at least March 2008, Oyarzo worked on occasion without compensation, performing various duties at the firehouse and from home on behalf of TFD. When a captain was fired in July 2009, however, Oyarzo assumed the captain's 48-hour shift in addition to Oyarzo's own, which Oyarzo worked for nearly one year without compensation and with the full knowledge of TFD's Board of Directors.

In April 2010, an effort began among employees, interns, and board members to oust Oyarzo from his employment with TFD. Though Hart was asked to support this effort in June 2010, Hart refused and remained steadfast in his refusal to support what he believed to be illegal actions against Oyarzo throughout the months that followed. As a result of his refusal to participate in the effort to oust Oyarzo from his employment and for his continued support of Oyarzo, Hart was targeted by TFD employees and members of TFD's Board of Directors for retaliation, leading, ultimately, to Hart's termination in December 2010.

## MOTIONS IN LIMINE

I. **MOTION IN LIMINE NO. 1: TO EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM**

Rule 615 of the Federal Rules of Evidence provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. Rule Evid. 615. Under Rule 615, such an order shall not apply to "a party who is a natural person" or to "an officer or employee of a party which is not a natural person designated as its representative by its attorney." *Id.*

Plaintiffs therefore respectfully request that the Court exclude all witnesses from the courtroom with the exception of Plaintiffs, or Plaintiff if the claims are severed, a single designated representative of Defendant TFD, and the individually named defendants at the trial of Plaintiff Hart. In order to ensure that the purpose of Rule 615 is not defeated, Plaintiffs request that the Court's order make clear that if Defendant TFD designates a witness as its representative, it may designate only one representative for the purposes of trial, or each plaintiff's trial, and may not designate different representatives at different times during one trial.

## II.   MOTION IN LIMINE NO. 2: TO EXCLUDE EVIDENCE OF COLLATERAL SOURCES.

Evidence regarding a plaintiff's receipt of benefits from a collateral source may not be considered for the purpose of reducing damages owed to a prevailing plaintiff. *Ishikawa v. Delta Airlines, Inc.*, 343 F.3d 1129, 1134 (9th Cir. 2003). Only upon a demonstration of relevance of the collateral source benefits may such evidence be introduced, and then only if the probative value outweighs any potential prejudice. *Maharaj v. Cal. Bank & Trust*, 288 F.R.D. 458, 461 (E.D. Cal. 2013)(citing *England v. Reinauer Transp. Cos.*, 194 F.3d 265, 273-74 (1st Cir. 1999)); *Cf.* Fed.R. Evid. 403.

Evidence regarding Plaintiff Oyarzo's receipt of unemployment benefits and of Plaintiff Hart's receipt of unemployment and workers' compensation benefits is irrelevant to the claim/s of each plaintiff.

Oyarzo's claim is for unpaid wages under FLSA. Whether he received unemployment benefits after termination is simply irrelevant. No offset is allowed for any damages awarded under the FLSA, and his receipt of unemployment while unemployed will serve no other purpose but to confuse the issues and potentially mislead the jury into believing that he has been partially compensated for wages TFD failed to pay him.

Similarly, any damages awarded to Hart for his claims under the First Amendment, Labor Code § 6310, and/or the FFBOR may not be offset by collateral source benefits received by him. Because evidence of unemployment or workers' compensation benefits received by Hart cannot be introduced to offset any damages awarded to him and does not tend to prove or disprove an essential

element of a claim or defense, the probative value, if any, is outweighed by the probability that introduction of such evidence would result in undue consumption of time and judicial resources, confuse the issues, and mislead the jury to believe that Hart has been partially compensated for the harm caused to him by Defendants. *See* Fed. R. Evid. 401, 402.

Therefore, Plaintiffs respectfully request that the Court exclude all evidence of, and any mention of or reference to, Plaintiffs' receipt of collateral source payments and benefits.

### III.   MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE OF STATEMENTS AND INFORMATION PROVIDED TO THE EMPLOYMENT DEVELOPMENT DEPARTMENT.

Information provided to California's Employment Development Department is "confidential, not open to the public, and shall be for the exclusive use and information of the director in discharge of his or her duties." Unemp. Ins. Code § 1904(a). Such information "shall not be admissible in evidence in any action or special proceeding, other than one arising out of the provisions" of California's Unemployment Insurance Code or section 1095 of the Code. *See* Unemp. Ins. Code § 1095 (listing 30 scenarios in which the confidential information provided to the Department may be divulged, none of which are for the purpose of prosecuting or defending a civil action).

Plaintiff Oyarzo and Plaintiff Hart separately applied for and received unemployment benefits after being terminated by Defendant TFD. Defendant TFD has within its possession a documents and has elicited testimony regarding each plaintiff's application for said benefits. Because all such evidence is confidential and inadmissible in evidence in this matter, Plaintiffs respectfully request that the Court exclude all evidence of, and any mention of or reference to, information provided by Plaintiffs or Defendants to any representative of the Employment Development Department.

### IV.   MOTION IN LIMINE NO. 4: TO EXCLUDE EVIDENCE OF THE SUBSTANCE OF THE ALLEGATIONS MADE AGAINST OYARZO BY EMPLOYEES, INTERNS, OR VOLUNTEERS OF TFD.

Plaintiffs anticipate that Defendants will attempt to introduce evidence of the allegations against Oyarzo by employees of TFD in 2010 in an attempt to attack his justification and motivation in making an FLSA claim (29 U.S.C. § 201, *et seq.*) for unpaid wages. Defendants stated in the Joint Pre-Trial Conference and in their opposition to bifurcation of trial that Oyarzo "made no wage claim

for such activities until after things had gone sour for him at the TFD and he had quit." (Dkt. No. 151, 7:27-8:14). Further, Plaintiffs anticipate that Defendants will attempt to introduce evidence of the allegations against Oyarzo in an attempt to attack the justification and propriety of Hart's refusal to engage in what Hart viewed as unlawful activity by Defendants. Defendants' counsel stated in the Pre-Trial Conference that Defendants would introduce evidence of the allegations leveled against Oyarzo in an attempt to show "who is the person" Hart was supporting and "what types of activities" was Oyarzo doing that Hart was supporting. See also Dkt. No. 151 27. As will be discussed further below, evidence of the alleged complaints against Oyarzo are irrelevant and prejudicial either to Oyarzo's FLSA claim for unpaid wages or Hart's claim of First Amendment Retaliation, his Cal. Labor Code § 6310 retaliation claim and his claims under the Firefighters Procedural Bill of Rights (Gov. C. § 3250, *et seq.*)

       **1.**       **Evidence of the Allegations against Oyarzo is prejudicial and irrelevant to Oyarzo's FLSA Claims.**

Evidence that will not tend to a fact of consequence more or less probable is irrelevant any may be properly excluded. Fed. R. Evid. 401 and 402. Irrelevant evidence may be excluded by *in limine* motion. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 998–1000 (5th Cir. 1980); *Paschal v. Flagstar Bank*, 295 F.3d 565, 581, 59 Fed. R. Evid. Serv. 875, 2002 FED App. 0239P (6th Cir. 2002). Further, evidence may be properly excluded that will result in an undue consumption of time or will create a substantial danger of undue prejudice, confusion of issues or misleading of the jury. Fed. R. Evid. 403. In general, even relevant evidence may be excluded if the probative value is substantially outweighed by the risk of undue prejudice. See, e.g., *Old Chief v. U.*S., 519 U.S. 172, 180–92, 117 S. Ct. 644, 136 L. Ed. 2d 574, 45 Fed. R. Evid. Serv. 835 (1997); *U.S. v. Pablo Varela-Rivera*, 279 F.3d 1174, 1179, 58 Fed. R. Evid. Serv. 641 (9th Cir. 2002).

As noted above, Defendants have stated that they intend to introduce evidence of the allegations against Oyarzo as part of their claim that Oyarzo did not raise an FLSA claim until he was investigated and ultimately quit as a consequence of the allegations against him and the fallout associated with said accusations. (Dkt. No. 151, 8:9- 14, "these activities and the Board's and other District employees' reaction to them are relevant to show the reasons for Oyarzo's conviction,

formed only after he quit, that time he never recorded on his time cards were suddenly compensable")  Such evidence would be irrelevant to Oyarzo's FLSA claim because Oyarzo's state of mind with regards to bringing a FLSA claim, or the Defendants contention that he intended to "volunteer" his time until "things went south" as a result of the allegations against him, is not a defense to an FLSA claim. TFD's liability under the FLSA, the focus is placed on TFD's actual or constructive knowledge that Oyarzo was working without compensation, not on Oyarzo's state of mind. *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) Further, whether Oyarzo believed the work was compensable, or even whether he intended to "volunteer" his time, is irrelevant because it is simply is not a defense under the FLSA. See *Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 300 (U.S. 1985); see also *White v. Davis*, 30 Cal.4th 528, 534 (Cal. 2003). Allow Defendant to introduce evidence of the allegations against Oyarzo in connection with Oyarzo's FLSA claim would not only be irrelevant as immaterial to Oyarzo's FLSA claim, but also prejudicial in such evidence creates a danger of confusion of the issues and the probably misleading of the jury.

      **2.**    **Evidence of the Allegations against Oyarzo is prejudicial and irrelevant to Hart's First Amendment retaliation claim, Labor Code § 6310 retaliation claim and his claims under the Firefighters Procedural Bill of Rights.**

Defendants have also indicated that they intend to present evidence of the allegations against Oyarzo in an attempt to show that type of person Hart was speaking out in favor of and supporting. It is first important to point out that Hart's Labor Code § 6310 retaliation claim and his claims under the FPBOR are completely unrelated to Oyarzo and any of the allegations against Oyarzo, and therefore the allegations against Oyarzo are irrelevant to these two claims. Secondly, Hart's First Amendment retaliation claim concerns primarily whether Hart believed that the actions being taken against Oyarzo were unlawful and whether he refused to engage in support of activity he believed to be unlawful. Courts have consistently held that an employer need not have actually engaged in unlawful activity for an employee's opposition to said activity to be Constitutionally protected expression. *Thomas v. City of Beaverton*, 379 F.3d 802, 809 (citing *Ceballos*, 361 F.3d at 1179); *Johnson v. Multnomah County, Or.*, 48 F.3d 420, 424 (9th Cir. 1995). As the Court in its Summary Judgment opinion of this matter noted, "Hart explicitly refused to participated in what he believed to

7

be unlawful conduct," and "Defendants contention that Hart's speech was limited to concerns about internal discipline and moral (citation omitted) are unfounded. (Dkt. No. 107, 30:12-21). Thus the introduction of the allegations against Oyarzo would be irrelevant to show whether or not the content of Hart's speech was constitutionally protected. Further the introduction of the allegations against Oyarzo will not serve to illuminate the issue of the context of Hart's constitutionally protected speech.

Defendants place emphasis on the Court's opinion in *Desrochers* as a basis through which to demonstrate that Hart's speech was not a matter of public concern but rather a matter of differences of personalities within the TFD. (Dkt. 151:19-27 – citing *Desrochers v. City of San Bernardino*, 572 F.3d 703 (9th Cir. 2009). However, the facts in *Desrochers* are clearly distinguishable in that in *Desrochers*, there was an ongoing "difference of personalities" between two police officers and their supervisor and that the officers' speech was "merely an extension" of the running spat between the players. *Desrochers v. City of San Bernardino*, 572 F.3d 703, 716 (9th Cir. 2009). In this case, Hart's speech in support of Oyarzo against what Hart believed was an unlawful action by Defendants against Oyarzo did not come as a result of any ongoing difference of personalities with Hart's supervisors or colleagues. In fact, the allegations against Oyarzo had absolutely nothing to do with Hart, and the introduction of said accusations would be irrelevant to prove that the accusations against Oyarzo were part of any ongoing difference of personalities or any running spat between Hart and anyone else. Thus the introduction of the allegations against Oyarzo would not be relevant to any part of Hart's First Amendment Retaliation claim including context of Hart's speech. Fed. R. Evid. 402. Further, introduction of the allegations against Oyarzo would only serve to prejudice Hart's claims by resulting in an undue consumption of time regarding the substance and truth of the allegations against Oyarzo and will create a substantial danger of undue prejudice, confusion of issues or misleading of the jury by raising issues that are not relevant to the determination of any of Hart's claims, including those of First Amendment retaliation. Fed. R. Evid. 403.

**V.    MOTION IN LIMINE NO. 5: TO EXCLUDE EVIDENCE OF IMAGES PURPORTEDLY DOWNLOADED AND WEBSITES PURPORTEDLY VISITED ON THE OFFICE COMPUTER.**

Federal Rule of Evidence 401 states that "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, Federal Rule of Evidence 403 states as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Whether Oyarzo, or other firefighting employees and interns for that matter, visited adult dating websites does not support or rebut any fact of consequence to Oyarzo's FLSA claim, Hart's claims for retaliation and FFBOR violation, or Defendants' defenses thereto. Even if such evidence held any probative value, such value would be outweighed by the inflammatory nature of the evidence, as introduction of such images at trial would serve only to inflame the passions or emotions of jurors. *See, e.g., United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007)(Because evidence of other acts "carries with it the inherent potential to see [a party] simply as a bad person and then to" find against him "because of who he is rather than what he did, a trial court must take appropriate care to see that this does not happen."); *Cf.* Fed. R. Evid. 404.

Because the alleged viewing of adult images or websites by any of TFD's firefighting employees or interns, including Oyarzo, holds no probative value regarding any fact of consequence to Oyarzo's or Hart's claims, and because their mention or admission would serve to unfairly inflame the passions or emotions of jurors, Plaintiffs respectfully request that that the Court exclude all evidence of, and any mention of or reference to, all such images and websites.

**VI.   MOTION IN LIMINE NO. 6: TO EXCLUDE EVIDENCE IN SUPPORT OF UNPLED DEFENSES.**

Fed. R. Civ. Proc. 8(c)(1) requires that a party responding to a pleading "affirmatively state any avoidance or affirmative defense." Section 8(b)(1)(A) further requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it."

Affirmative defenses must be sufficiently pled to provide the plaintiff with fair notice. *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 565 (S.D. Cal. 2012). "Fair notice generally requires that

the defendant state the nature and grounds for the affirmative defense." *Kohler*, 280 F.R.D. at 564; *See also Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979)("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.")

Generally, "[f]ailure to plead an affirmative defense [] results in a waiver of that defense." *Enlow v. Salem-Keizer Yellow Cab Co.*, Inc., 389 F.3d 802, 819 (9th Cir. 2004) (citation omitted). A court may permit a party to raise an unpled affirmative defenses through a subsequent motion, but only if the delay in raising the defense does not prejudice the plaintiff. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Here, Defendants raised for the first time at summary judgment the affirmative defense of "iniquitous misconduct," while citing case law in support of equitable estoppel, *in pari delicto*, and unclean hands defenses in support. *See* Dkt. No. 72-1, 9:24 – 10:8. Similarly, Defendants alluded for the first time in the parties' Pretrial Conference Statement, and actually raised for the first time at the parties' Pretrial Conference on September 20, 2013, a purported affirmative defense based on what Defendants appear to be labeling a managerial exemption of sorts. *See* Dkt. No. 150, 7:2, 16:10 – 16:11.

Because Defendants failed to plead the affirmative defenses of unclean hands, equitable estoppel, *in pari delicto,* or the "managerial" exemption recently devised by Defendants, Oyarzo was not given fair notice that any such defenses would be raised. Because Oyarzo was not given fair notice of said defenses until summary judgment and the pretrial pleadings – more than six months after the close of non-expert discovery – he was provided with no opportunity to conduct discovery into the basis for Defendants' claims. Because Oyarzo was not provided with the opportunity to conduct discovery regarding these defenses and therefore will be unable to present evidence rebutting said defenses at trial, allowing Defendants to present evidence in support of these unpled defenses, or make any mention of evidence that would support these unpled defenses, at trial would severely prejudice Oyarzo.

Plaintiffs' Motions in Limine

Though Defendants have not indicated an intention to present evidence regarding any such defenses in response to Hart's claim, Plaintiffs note out of an abundance of caution that Hart would be similarly prejudiced by the introduction of evidence in support of Defendants' unpled defenses, as Hart also was not provided with notice or the opportunity to conduct discovery into the unpled defenses.

Because Oyarzo and Hart would be severely prejudiced by the presentation of evidence in support of affirmative defenses on which they had no opportunity to conduct discovery due to Defendants' failure to plead or provide notice of the defenses, Plaintiffs respectfully request that the Court prohibit the use of such prejudicial evidence at trial, and further admonish the Defendants, its witnesses, and counsel, not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

## VII. MOTION IN LIMINE NO. 7: TO EXCLUDE EVIDENCE IN SUPPORT OF DEFENSES NOT PROVIDED BY LAW.

Defendants have indicated they intend to introduce evidence in support of defenses to Oyarzo's claim and to Hart's claims that do not, as a matter of law, exist. Because these defenses do not exist as a matter of law, any evidence in support of them is irrelevant and introduction of such evidence at trial would lead to confusion of the issues, undue delay, and waste of time.

### 1. Claimed Defenses Related to Oyarzo

Defendants have stated they intend to introduce evidence that Oyarzo intended to "volunteer" his time as a defense to Oyarzo's FLSA claim. Defendants' efforts are misplaced, as an employee's intention, desire, acceptance, or willingness to "volunteer" his time working for the employer is irrelevant to the determination of the employer's obligation under the FLSA to pay wages for all hours worked.

In determining TFD's liability under the FLSA, the focus is placed on TFD's actual or constructive knowledge that Oyarzo was working without compensation, not on Oyarzo's state of mind. *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)(an employer "cannot stand idly by and allow an employee to perform overtime work without proper compensation, *even if the employee does not make a claim for the overtime compensation.*") (emphasis added); 29 C.F.R. §785.12 (If an "employer knows or has reason to believe that the work

11

is being performed," the employer must "count the time as hours worked."); 29 U.S.C. § 203(d)(defining "employer" as "any person acting directly or indirectly in the interest of an employer *in relation to an employee* and includ[ing] a public agency")(emphasis added).

Whether Oyarzo believed the work was compensable, or even whether he intended to "volunteer" his time, is irrelevant because it is simply is not a defense under the FLSA. *See Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 300 (U.S. 1985)(finding that, despite the "protestations" by individuals who worked for a foundation that they intended to volunteer their time and that they never "expected any kind of compensation," the FLSA required that they be compensated for their time as employees); *see also* White v. Davis, 30 Cal.4th 528, 534 (Cal. 2003)(holding that state employees who work during a budget impasse properly may not be "considered 'volunteers' who obtain no right to the payment of salary or wages either under state or federal law").[1]

As discussed above, Defendants have also stated they intend to offer an affirmative defense centered on the fact that Oyarzo held a management position. Again, Defendants' theory is misplaced, as no "management" exemption to the FLSA exists, and the "duty of management" identified in the Code of Federal Regulations describes the duty owed by managers not to themselves, but to their subordinates. *See* 29 U.S.C. § 785.13.

Defendants appear to believe that 29 CFR § 785.13 either provides an exemption into which Oyarzo fits due to his position as Chief (as determined by the Court at summary judgment), or that Oyarzo was obliged, as a member of management, to ensure that he was compensated for the work he performed. While Plaintiffs' counsel has been unable to identify any case law applying this interpretation due to the novelty of Defendants' approach, the plain language of 29 C.F.R. § 785.13 clearly indicates that Defendants' efforts to blame the unpaid individual are misplaced. 29 C.F.R. § 785.12 provides:

---

[1] As discussed in the Court's Order regarding Defendants' motions for summary judgment, evidence that an employee actively hid the hours worked from an employer may be offered as a defense. *See* Dkt. No. 107. However, evidence regarding an employee's actions taken for the purpose of hiding hours worked from an employer – which is relevant to determining whether the employer could have actual or constructive knowledge and should therefore be held liable for failure to compensate – is much different than evidence regarding an employee's intent to voluntarily work without pay, which does not excuse an employer's failure to compensate the employee.

>In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. *It cannot sit back and accept the benefits without compensating for them.* The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

(emphasis added).

Read in light of the Supreme Court's clear directive that the FLSA is to be "liberally construed to apply to the furthest reaches consistent with Congressional direction," and courts' obligation to "construe the FLSA to the furthest reaches consistent with Congress's intent to protect employees," *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993)(citing *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211, (1959)), it is clear that section 785.13 clarifies managers' obligation to ensure that employees under the manager's supervision are compensated, not to provide the employer with a defense to failure-to-pay claims brought by members of an organization's management. Properly read, section 785.13 confirms the duty of the TFD Board of Directors, to which Oyarzo reported, owed to Oyarzo to ensure that he was compensated for all hours worked.

Because Oyarzo would be severely prejudiced by the presentation of evidence in support of defenses that have no basis in law Oyarzo respectfully requests that the Court prohibit the use of such prejudicial evidence at trial, and that the Court further admonish the Defendants, its witnesses, and counsel, not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

**2.      Claimed Defenses Related to Hart.**

Defendants also have indicated their intention to introduce evidence regarding Oyarzo's actions and the allegations against him as part of their defense to Hart's First Amendment claims. As defense counsel asserted at the Pretrial Conference, Defendants intend to present evidence regarding the allegations leveled against Oyarzo to demonstrate "what [Hart] supported" and "how he supported it."[2]

Admission of such evidence would be prejudicial because evidence regarding the propriety or impropriety of Oyarzo's alleged actions, or Defendants' motivation when engaging in the actions

---

[2] These quotes are taken from Plaintiffs' counsels notes, not from a transcript of the hearing. Plaintiff's counsel believes, based on her notes, that this is an accurate representation of Defendants' counsel's statements at the hearing. Seibert Dec. ¶ 2.

13

Plaintiffs' Motions in Limine

against Oyarzo, is wholly irrelevant to the prosecution or defense of Hart's First Amendment claim. To establish Defendants' liability for First Amendment retaliation, Hart must demonstrate that he engaged in protected activity, that he was subjected to adverse action, and that Defendants were motivated by Hart's protected speech when subjecting him to adverse action. *See Eng v. Cooley*, 552 F.3d 1062 (9th Cir. 2009). To be classified as protected speech, Hart must establish that his speech was on a matter of public concern, which will be satisfied if Hart can establish that he spoke out against or refused to participate in or condone *what he believed to be* illegal activity. *See Thomas v. City of Beaverton*, 379 F.3d 802, 806-07 (9th Cir. 2004)(emphasizing that the treatment of the individual whom the plaintiff was retaliated against for supporting "need not have been actually unlawful for [the plaintiff's] opposition to be protected expression")(citing *Ceballos v. Garcetti*, 361 F.3d 1168, 1179 (9th Cir. 2004)(concluding that an assistant district attorney engaged in protected speech when he alleged criminal wrongdoing by an officer even though those allegations proved to be erroneous); *Johnson v. Multnomah County, Or.*, 48 F.3d 420, 424 (9th Cir. 1995)(holding that an employee's accusations of mismanagement and possible criminal conduct against her immediate supervisor constituted speech of public concern even though they were recklessly false). Because Hart's claim turns on whether Hart believed that TFD employees and representatives were treating Oyarzo unlawfully, not whether Oyarzo was actually being treated unlawfully, any evidence regarding the motivation driving the actions toward or the allegations leveled against Oyarzo cannot properly be asserted for the purposes of defending against Hart's First Amendment claim.

Because Hart would be severely prejudiced by the presentation of evidence in support of defenses that have no basis in law Hart respectfully requests that the Court prohibit the use of such prejudicial evidence at trial, and that the Court further admonish the Defendants, its witnesses, and counsel, not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

### VII. MOTION IN LIMINE NO. 8: TO EXCLUDE EVIDENCE REGARDING OTHER LITIGATION.

Plaintiffs anticipate that Defendants will attempt to introduce at trial evidence regarding other pending litigation between the parties, or prior litigation involving Plaintiffs. Evidence in support of

other litigation not at issue in this litigation is clearly irrelevant and immaterial and should be excluded on those grounds.

Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. (Fed. R. Evid., Rule 401.) The facts that are of consequence to the determination of the action are generally determined by the pleadings, motions and pre-trial orders on file therein. See *Clark v. Martinez*, 295 F3d 809, 814 (8th Cir. 2002). Evidence that is not pertinent to the issues (e.g., evidence that tends to prove or disprove facts related to Plaintiff's claims) is immaterial, and it would be error to allow the introduction of such. Moreover, to the extent defendants wish to use other lawsuits to impugn plaintiffs' character as litigious, such evidence would be considered inadmissible character evidence, as specific instances of conduct are not admissible to attack or support a witness' credibility. *Pan v. State Personnel Board* (1986) 180 Cal. App 3d 351, 361; Evid. Code §1101.

Alternatively, if the court finds that such evidence is relevant, it should be excluded because it would necessitate undue consumption of time and judicial resources, create substantial danger of undue prejudice to Plaintiff, and confuse and mislead the jury. (Fed. R. Evid., Rule 403.) Admission of evidence that creates the potential of a trial within a trial is disfavored. [*Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 543 (SD-NY, 2005)]. Courts have been cautious of permitting evidence of other lawsuits even for impeachment purposes. *Lowenthal v. Mortimer* (1954) 125 Cal.App. 2d 636, 641, 270 p. 2d 942.

Moreover, the *Lowenthal* Court held that the introduction of the substance of the other lawsuits could have had no effect other than to prejudice the jury against the plaintiffs. "For litigiousness, in the eyes of most people, it reflects more upon character than upon impairment of health." *Lowenthal*, supra, 125 Cal. App 2d at 641. Because evidence pertaining to other litigation is of no consequence to the determination of the action, the only purpose it can serve is to serve as impermissible character evidence so as to cast Plaintiff in a negative light or Defendants in a positive light and create an undue prejudice against Plaintiff or for Defendants in the minds of the jurors. At the same time, such evidence is not probative as to what occurred during either Plaintiff's employment at TFD. The fact that Oyarzo brought a validation action against TFD in the Summer of

2010 is irrelevant to his FLSA claims for unpaid wages. Similarly, the fact that Hart brought a workers compensation case against TFD for injuries suffered during his employment at TFD as a result of their wrongful denial of his claim and his subsequent assertion of his rights under California Workers Compensation law is immaterial to his claims in this matter. Furthermore, there is an additional danger of prejudice because Plaintiffs are not prepared to defend themselves against allegations relevant to other litigation that are not at issue in this litigation. Defendants should be required to succeed in the merits of their defenses, not on their ability to create an effective evidentiary ambush.

Accordingly, Plaintiffs respectfully request that the Court issue an order prohibiting the use of such irrelevant and prejudicial evidence, and admonishing Defendants, their witnesses, and counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

## IX. MOTION IN LIMINE NO. 9: TO EXCLUDE EVIDENCE OF PRIOR CLAIMS, DEFENSES, OR PARTIES HEREIN.

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant only if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Evidence regarding the claims and parties dismissed by the Court or Oyarzo is irrelevant to Oyarzo's claim because the fact that such claims were made and defendants named will not make any fact that is of consequence to the presentation or defense of Oyarzo's FLSA claim more or less probable than it would be without the evidence. Even if such information were in any way relevant, the presentation of such evidence would cause undue delay and waste the Court's time because Oyarzo's dismissed claims are wholly unrelated to his claim for compensation for unpaid wages.

Similarly, evidence regarding claims dismissed by the Court at summary judgment is irrelevant to the trial of Hart's claims because the fact that such claims were made by Hart will not

make any fact that is of consequence to the presentation or defense of Hart's remaining claims more or less probable than it would be without the evidence. Even if such information were in any way relevant, the presentation of such evidence could lead to confusion of the issues and mislead the jury to believe that the Court passed substantive judgment on the merits of Hart's dismissed claims, when in fact the Court's ruling with regard to Hart was based on procedural matters (administrative exhaustion) and Hart's non-opposition based on evidence gathered through discovery (FEHA claim). In addition to confusing the issues and misleading the jury, presentation of such evidence would unnecessarily cause undue delay and waste of time.

Therefore, Plaintiffs respectfully request that the Court exclude all evidence of, as well as any mention of or reference to, claims or parties that have been dismissed from this action.

## X.   MOTION IN LIMINE NO. 10: TO EXCLUDE ANY REFERENCE TO PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND LITIGATION EXPENSES.

Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. (Fed. R. Evid., Rule 401.) The facts that are of consequence to the determination of the action are generally determined by the pleadings, motions and pre-trial orders on file therein. See *Clark v. Martinez*, 295 F3d 809, 814 (8th Cir. 2002). Evidence that is not pertinent to the issues (e.g., evidence that tends to prove or disprove facts related to any affirmative defenses not raised by Defendants in their Answer) is immaterial, and it would be error to allow the introduction of such evidence. (Fed. R. Evid., Rule 402.)

Plaintiffs anticipate that Defendants will attempt to introduce at trial evidence regarding a prevailing plaintiff's right to statutory fees under FLSA (29 U.S.C. § 201, *et seq.*), 42 U.S.C. §1983 and Firefighters Procedural Bill of Rights (Gov. C. § 3250, *et seq.*). A prevailing plaintiff's entitlement to statutory attorney's fees is not a jury question, so it is clearly irrelevant and immaterial at trial and should be excluded on those grounds.

Accordingly, Plaintiffs respectfully request that this Court issue an order prohibiting the use of such irrelevant evidence, and admonishing the defendant and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

Plaintiff further requests this court to direct defense counsel to caution, warn, and instruct witnesses not to make any reference to such evidence, and to follow this same order.

**XI. MOTION IN LIMINE NO. 11: TO EXCLUDE ANY REFERENCE OR MENTION THAT THIS LAWSUIT OR A VERDICT IN FAVOR OF EITHER PLAINTIFF OR AGAINST DEFENDANT, OR SUITS AGAINST PUBLIC AGENCIES GENERALLY, WILL OR MIGHT HAVE ANY OF THE FOLLOWING EFFECTS:**

- Is, will, or might be a financial burden on the public
- Will threaten or adversely affect the financial stability and viability of the Tuolumne Fire District, Tuolumne County or the State of California
- Will or might contribute to a decline in the availability or quality of fire protection in Tuolumne City, Tuolumne County or the State of California
- Will or might adversely affect the reputation, ability, availability and willingness of other fire protection providers to render fire protection services in the future, and any reference to the adverse effect a judgment would have upon this or any community's need for additional fire protection providers.
- Will or might cause a serious problem of the availability or affordability of fire protection services in Tuolumne City, Tuolumne County or the State of California.

Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. (Fed. R. Evid., Rule 401.) The facts that are of consequence to the determination of the action are generally determined by the pleadings, motions and pre-trial orders on file therein. See *Clark v. Martinez*, 295 F3d 809, 814 (8th Cir. 2002). Evidence that is not pertinent to the issues (e.g., evidence that tends to prove or disprove facts related to any affirmative defenses not raised by Defendants in their Answer) is immaterial, and it would be error to allow the introduction of such evidence. (Fed. R. Evid., Rule 402.)

Plaintiffs anticipate that Defendants will attempt to introduce at trial evidence regarding the fiscal impact that an adverse judgment might have on Defendant's ability to provide adequate fire protection services to the citizens of the City of Tuolumne or Tuolumne County. Evidence in support not at issue in this litigation is clearly irrelevant and immaterial and should be excluded on those grounds.

Plaintiffs' Motions in Limine

### XII. MOTION IN LIMINE NO. 12: TO EXCLUDE CUMULATIVE EVIDENCE REGARDING TUOLUMNE FIRE DISTRICT'S FINANCIAL CONDITION.

Plaintiffs anticipate that Defendants will attempt to introduce cumulative evidence regarding Tuolumne Fire District's Financial Condition. Plaintiffs hereby moves his Court for an order limiting the introduction of any and all evidence, references to evidence, testimony or argument relating to the alleged financial condition of the Tuolumne Fire District. The motion is based upon the ground that that the evidence is cumulative and will therefore necessitate an undue consumption of time and will create a substantial danger of undue prejudice to Plaintiffs (Fed. R. Evid. 403; *U.S. v. Alper*, 449 F.2d 1223, 1229–30 (3d Cir. 1971). Additionally, the Court should limit the presenting of excessive testimony or presentation of evidence so as to promote judicial efficiency and avoid undue waste of time. (Fed. R. Evid, Rule 611.)

DATED: September 24, 2013                              SEIBERT & BAUTISTA


                                                                By:   */s/ Shannon Seibert*
                                                                        Shannon Seibert
                                                                        Attorneys for Plaintiffs BENJAMIN C. OYARZO
                                                                        and NICHOLAS HART