1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF CALIFORNIA

7

8  **BENJAMIN C. OYARZO and**                    **CASE NO. 1:11-CV-01271-LJO**
   **NICHOLAS HART,**
9                      **Plaintiffs,**            **ORDER ON MOTION TO REVIEW**
                                                  **CLERK'S TAXATION OF COSTS**
10       **v.**                                   (Docs. 135)

11
   **TUOLUMNE FIRE DISTRICT (A.K.A.**
12 **"TUOLUMNE FIRE PROTECTION**
   **DISTRICT"), JOSEPH TURNER, in his**
13 **Individual and official capacities, DARLENE**
   **HUTCHINS, in her individual and official**
14 **capacities, KENNETH HOCKETT, in his**
   **individual and official capacities, BRIAN**
15 **MACHADO, in his individual and official**
   **capacities, TONY POWERS, in his individual**
16 **and official capacities, and DOES 1**
   **THROUGH 20, Inclusive.**
17                      **Defendants.**
18 _____/

19

20              **I.        INTRODUCTION**

21          Defendant Darlene Hutchins ("Defendant Hutchins") and Defendant Joseph Turner

22 ("Defendant Turner") filed bills of costs, seeking each to recover from Plaintiffs Benjamin

23 Oyarzo and Nicholas Hart ("Plaintiffs") fees for their own deposition and one-sixth of the total

24 taxable costs incurred in representing the six defendants. (Docs. 124 & 125). Before the court

25 for decision is Plaintiffs' motion for review of the clerk's taxation of costs. (Doc. 135). For the

26 reasons discussed below, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

27 / / /

28 / / /

                                        1

## II.  **BACKGROUND**

On July 26, 2013, Defendants submitted bills of costs seeking to recover their own deposition fees as well as one-sixth of the total taxable costs incurred in representing all six defendants.  (Docs. 124 & 125).  Defendant Hutchins seeks $4,494.33 ($26,965.96 ÷ 6) for deposition transcript and videotaping fees (excluding her deposition fee); $852.95 for her deposition fee; $150.17 ($901.01 ÷ 6) for witness fees; $89.72 ($538.32 ÷ 6) for costs of copies; and $76.66 ($460.00 ÷ 6) for service of process, which totals $5,663.83.  (Doc. 124).  Defendant Turner seeks $4,494.33 ($26,965.96 ÷ 6) for deposition transcript and videotaping fees (excluding his deposition fee); $487.90 ($975.80 ÷ 2) for half the cost of his deposition fee; $150.17 ($901.01 ÷ 6) for witness fees; $89.72 ($538.32 ÷ 6) for costs of copies; and $76.66 ($460.00 ÷ 6) for service of process, which totals $5,298.78.  (Doc. 125).

On August 2, 2013, Plaintiffs filed objections to Defendants' bills of costs.  (Doc. 127). On August 20, 2013, the Clerk of the Court taxed costs as requested in the amounts of $5,663.83 for Defendant Hutchins and $5,298.78 for Defendant Turner.  (Docs. 133 & 134).

On August 29, 2013, Plaintiffs filed a motion to review the clerk's taxation of costs. (Doc. 135).  On September 16, 2013, Defendants filed an opposition.  (Doc. 138).  On August 25, 2013, Plaintiffs filed a reply.  (Doc. 158).  The hearing on the motion, which was originally set for hearing on October 2, 2013, was vacated and the matter submitted for decision on the papers pursuant to Local Rule 230(g).  (Doc. 136).

## III.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  If the district court declines to award costs to the prevailing part, the court must "specify reasons" for denying costs.

*Id.* at 591-92.[1]  However, the district court need not "specify reasons for its *decision* to abide [by] the presumption and tax costs to the losing party."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Unless otherwise authorized by explicit statutory or contractual authorization, the district court may only award costs enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  The types of costs allowed under 28 U.S.C. § 1920 are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the district court is free to interpret the meaning of the terms in 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).

Furthermore, a district court reviews a clerk's determination of costs *de novo* and is not bound by the record nor required to show any deference to the clerk's conclusions.  *See Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001); *see also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461-62 (3rd Cir. 2000) (*de novo* review approved).

## IV.   DISCUSSION

### A.   Apportionment of Costs Defendants' Incurred

Plaintiffs argue that Defendants are not entitled to costs because no additional costs were incurred as a result of including Defendants Turner and Hutchins in the action with the four other

---

[1] "The requirement that district courts *give reasons* for denying costs flows logically from the presumption in favor of costs that is embodied in the text of the rule; if a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion. . . . Our requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not ordinary."  *Assoc. of Mexican-American Educators,* 231 F.3d at 592-93 (internal quotation marks and citations omitted).

3

defendants.  (Doc. 135 at 3-4).  Plaintiffs confusingly style this argument as an argument that costs should not be "apportioned" to Defendants Turner and Hutchins.  Apportionment is a mechanism by which costs may be divided among prevailing and non-prevailing parties.  *See In re Paoli*, 221 F.3d at 469.  But, Plaintiffs do not actually object to the suggested division of the costs; rather, they object to the allowance of <u>any</u> costs whatsoever to Defendants.  Plaintiffs have failed to provide authority for the proposition that Defendants should not receive any costs because their inclusion in the action did not add any costs to the overall defense.  Even assuming, *arguendo*, that naming Defendants Turner and Hutchins did not add additional incremental costs to the defense, Federal Rule of Civil Procedure 54(d)(1) states that costs "shall" be awarded to the prevailing party.  Defendants Turner and Hutchins are prevailing parties and therefore are entitled to costs.

As explained above, a court may award a portion of the costs to the prevailing party as the court sees fit.  *See In re Paoli,* 221 F.3d at 469.  The power to apportion costs between parties "also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants and plaintiffs . . . ."  *Id*.  There is no dispute that the claimed costs were incurred pursuing aspects of the defense that proved useful to Defendants Turner and Hutchins. Dividing the overall defense costs by the number of defendants is a sensible, equitable approach. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (approving of equal apportionment among thirteen plaintiffs in consolidated cases because many materials prepared for trial in the action were useful in the other twelve cases).

Plaintiffs' motion for review on this ground is DENIED.

**B.**      **Fair Employment and Housing Act – Defense Costs**

Plaintiffs argue that when a state statute has an express provision governing costs, the state statute controls over federal procedural rules.  (Doc. 135 at 4-6).  Specifically, Plaintiffs contend that the California Fair Employment and Housing Act ("FEHA"), which allows the court to award costs in its discretion subject to certain limitations, should control over Federal Rule of Civil Procedure 54(d).  (Doc. 135 at 4-6).  Defendants respond that the award of costs is governed by federal law, even in diversity cases.  (Doc. 138 at 5).

4

To support their contention that the FEHA, a state statute, should prevail over Federal Rule of Civil Procedure 54(d)(1), Plaintiffs cite *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001) to illustrate that the Ninth Circuit held "the applicable statute controls over the federal rules." (Doc. 135 at 5).  Plaintiffs misunderstand *Brown*, which concerned the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010 *et seq.*  *Brown*, 246 F.3d at 1190.  Federal Rule of Civil Procedure 54(d)(1) explicitly states that the rule applies unless a *federal statute provides otherwise*.  Thus, in *Brown*, Ninth Circuit applied the ADA's costs provision instead of Federal Rule of Civil Procedure 54(d)(1).  *Brown*, 246 F.3d at 1190.

Here, the applicable statute is FEHA, which is a California statute.  In federal court, even where state law supplies the substantive rules, an award of costs is governed by Federal Rule of Civil Procedure 54(d)(1).  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Plaintiffs' arguments based on FEHA statute are unavailing.  Therefore, Plaintiffs' request to set aside the clerk's taxation of costs based on the alleged application of FEHA cost provisions is DENIED.

## C.   Local Rule 292 Requirements

Plaintiffs argue that Defendants' bills of costs should be denied in their entireties because Defendants did not submit memoranda of costs with their bills of costs in violation of Eastern District Local Rule ("Local Rule") 292.  (Doc. 135 at 6).  Defendants respond that they used the bill of costs form provided by the Eastern District's Clerk, specifically noted each item of taxable costs claimed, and supported the costs by an affidavit pursuant to 28 U.S.C. § 1924.  (Doc. 138 at 5-6).

Local Rule 292(b) provides that:

> [w]ithin fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924.  The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.[2]

---

[2] Local Rule 292(d) is based on Federal Rule of Civil Procedure 54.

1   In support of their contention that "[a] cost bill unsupported by a memorandum of costs is

2   properly denied for violation of the local rules," Plaintiffs cite two unpublished cases: *United*

3   *States Fidelity & Guar. Co. v. Lee Investments LLC*, 2010 U.S. Dist. LEXIS 77575 (E.D. Cal.

4   2010) and *Osei v. GMAC Mortg.*, 2010 U.S. Dist. LEXIS 57757 (E.D. Cal. 2010).  (Doc. 135 at

5   6).  These two cases do not support Plaintiffs' argument.  The cited decision in *Lee Investments*

6   does not appear to have any bearing upon the issue at all.  While it mentions Local Rule 292, it

7   does not discuss the implications of failing to submit a memorandum of costs with a bill of

8   costs.[3]

9   In *Osei*, defendants filed a bill of costs without attaching a memorandum of costs or an

10   affidavit as required by Local Rule 292.  *Osei*, 2010 U.S. Dist. LEXIS 57757 at *2.  Plaintiffs

11   argued that this failure warranted denial of the entire bill of costs.  *Id.*  However, Local Rule

12   292(c) provides that objections to the bill of costs must be filed within seven days from the date

13   of service, and plaintiffs failed to comply with this rule by filing their opposition after seven

14   days.  *Id.*  In light of the violations on both sides, the *Osei* court examined the merits of the bill

15   of costs dispute, even though both parties violated Local Rule 292.  *Id.* at 3.  Accordingly, *Osei*

16   does not provide an example of a case in which a bill of costs was denied outright because a

17   party failed to submit the memorandum of costs required by Local Rule 292.  Plaintiffs have

18   failed to provide authorities demonstrating that Local Rule 292 should be interpreted strictly to

19   bar Defendants from recovering costs.

20   The text of Local Rule 292(b) contains no specific description of the nature of the

21   memorandum required, nor does it specifically call for legal memorandum of points and

22   authorities, unlike more specific requirements set forth in the local rules of other districts.[4]  Local

23

24   _____

25   [3] Plaintiffs also have failed to provide specific internal page references for either of these citations.  The cited decision in *Lee Investments*, for example, is 27 pages long.  The Court is under no obligation to read the entire decision to determine whether any portion of it supports Plaintiffs' position.

26   [4] United States District Court for the District of Hawaii Local Rule 54.2(c) provides that a bill of costs "must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, where necessarily incurred, and are allowable by law."  United States District

27   Court for the District of Kansas Local Rule 54.1 states that the memorandum in support of the requested costs must "(1) clearly and concisely itemize and describe the costs;" (2) "set forth the statutory and factual basis for the

28   reimbursement of those costs under 28 U.S.C. § 1920;" (3) "reference and include copies of relevant invoices,

Rule 292(b) states "[t]he cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred." These requirements have been satisfied by the documents Defendants included with the bills of costs. The costs were itemized and justified with exhibits, and counsel signed the bill of cost forms, thereby swearing that the costs are allowable, correctly stated, and necessarily incurred. (Docs. 124 & 125). Therefore, Plaintiffs' request to set aside the clerk's taxation of costs based on the failure to submit a memorandum argument is DENIED.

**D.    Deposition Costs**

Plaintiffs argue that Defendants should not be awarded deposition transcript costs because Defendants would have been deposed as witnesses even if they were not named as personal defendants. (Doc. 135 at 6-7). Also, Plaintiffs argue that the award of half of Defendant Turner's deposition transcript cost is improper because more than half of the costs incurred for Defendant Turner's deposition resulted from Defendant Tuolumne Fire District's designation of him as its representative. (Doc. 135 at 7). Defendants fail to reply to Plaintiffs' arguments regarding deposition costs. (Doc. 138).

28 U.S.C. § 1920(2) provides that the court may award the prevailing party "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Even though 28 U.S.C. § 1920(2) does not specifically mention the cost of creating the original deposition, the district court may interpret the meaning of the phrases used in § 1920, and courts have interpreted § 1920(2) to authorize taxing the costs of deposition originals if they were necessarily obtained for the case. *Alflex Corp.*, 914 F.2d at 177.

Plaintiffs' admission that Defendants Turner and Hutchins would have been deposed as witnesses even if they had not been named as defendants helps to establish that the depositions were necessary to the defense. *See* 28 U.S. § 1920(2); *see Ass'n of Mexican-Am. Educators*, 231 F.3d at 591-92. Plaintiffs have cited no authority for the proposition that a prevailing

receipts and disbursement instruments in support of the requested costs;" and (4) "state that the party has made a reasonable effort . . . to resolve disputes regarding costs."

defendant's own deposition is not reimbursable simply because he or she might have been deposed as a witness had he or she not been named as a defendant.

However, Defendants Turner and Hutchins have failed to explain why their own deposition costs should be treated any differently from the other costs in this case. In other words, Defendants Turner and Hutchins have failed to demonstrate they should recover more than one sixth of the costs related to their own depositions. Accordingly the Court exercises its discretion to apportion costs between prevailing and non-prevailing parties as it sees fit, *In re Paoli*, 221 F.3d at 469, by reducing the award for Defendants Turner's and Hutchins' deposition to one-sixth of the costs incurred. Plaintiffs shall pay $142.16 ($852.95 ÷ 6) for Defendant Hutchins' deposition costs and $162.63 ($975.80 ÷ 6) for Defendant Turner's deposition costs. In addition, this one-sixth apportionment will reduce the risk of duplicative cost recovery. *See Marmo*, 457 F.3d at 764.

**E.**   **Witness Fees**

Plaintiffs argue that Defendants' witness costs for Stephanie Burns totaling $273.25 ($123.25 for the first deposition plus $150 for the second deposition) are excessive because the amount is well over the allowed $40 attendance fee per day and mileage costs available. (Doc. 135 at 7-8). Also, Plaintiffs argue that Defendants request for witness costs should be denied because Defendants failed to provide evidence that they actually paid Ms. Burns. (Doc. 158 at 2-3). Defendants argue that Ms. Burns' witness costs are reasonable because the $123.25 incurred for the first deposition included the $40 witness fee and $83.25 for mileage, while the $150 incurred for the second deposition was an amount agreed upon by defense counsel and Ms. Burns' counsel. (Doc. 138 at 6).

The court is not persuaded by Plaintiffs' argument that Defendants request should be denied because Defendants failed to provide proof of payment to Ms. Burns. Defendants provided two expense vouchers for Ms. Burns indicating that Ms. Burns was paid on October 5, 2012 for the first deposition and on February 19, 2013 for the second deposition. (Doc. 124 at 45-46; Doc. 125 at 45-46). This, coupled with the fact that Defense counsel signed the bills of

costs under penalty of perjury, *see Jones v. Cnty. of Sacramento*, 2011 WL 3584330 at *3 (E.D. Cal. Aug. 12, 2011), is sufficient to establish the claimed payments to Ms. Burns.

Pursuant to 28 U.S.C. sections 1821(b) and 1821(c)(1), Defendants are entitled to reimbursement of $40 per day for Ms. Burns' attendance fee and mileage costs.  Since Ms. Burns attended both depositions, Plaintiffs were correctly taxed $40 for attendance fees per day.  *See* 28 U.S.C. § 1821(b).

"A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 title 5, . . . shall be paid to each witness who travels by privately owned vehicle."  28 U.S.C. § 1821(c)(2).  The standard mileage rate for 2012 was 55.5 cents per mile.[5]  Internal Revenue Service, IRA Announces 2012 Standard Mileage Rates, Most Rates Are the Same as in July (Dec. 9, 2011), available at http://www.irs.gov/uac/IRS-Announces-2012-Standard-Mileage-Rates,-Most-Rates-Are-the-Same-as-in-July.  In order to address the mileage costs issue, this court treats the following facts submitted by Plaintiffs as true because Defendants did not provide contrary evidence: Ms. Burns lives in Tuolumne, which is located approximately seventy miles from Stockton, the location of the first deposition, and approximately seven miles from Twain Harte, the location of the second deposition.  (Doc. 135 at 7-8).  The mileage cost of $83.25, accounting for 151 miles, is reasonable based on Plaintiffs approximation of the distance between the city where Ms. Burns lives and Stockton.  (Doc. 124 at 4; Doc. 125 at 4; Doc. 135 at 7-8).  However, the witness cost for the second deposition totaling $150 is unreasonable because the amount is not based upon mileage traveled; instead, defense counsel and Ms. Burns' counsel simply agreed upon a $150 fee.  The reasonable mileage allowed to be taxed is $7.77, which represents the approximate distance Ms. Burns drove (fourteen miles, seven miles both ways) multiplied by the mileage rate for 2012 (55.5 cents per mile).  Thus, Plaintiffs are taxed $171.02 ($123.25 for the first deposition and $47.77 for the second deposition) for Ms. Burns witness costs.

---

[5] Neither Defendants nor Plaintiffs indicate whether Stephanie Burns' deposition was in 2012 or 2013.  Since Ms. Burns was paid for the first deposition on October 5, 2012, (Doc. 124 at 46; Doc. 125 at 46), and both parties admit that Ms. Burns was deposed over the course of two consecutive days, (Doc. 135 at 7-8; Doc. 138 at 6), this court assumes that the depositions took place in 2012 and applies the 2012 mileage rate.

F.   **Service of Process**

Plaintiffs argue that Defendants' charge for service of a deposition subpoena on the Person Most Knowledgeable at the California Department of Transportation ("PNK") is unnecessary because Defendants declined to hold the deposition after the subpoena was served. (Doc. 135 at 8).   Defendants argue that although the PNK's deposition was ultimately canceled, the service of subpoena was reasonable and necessary because Plaintiff Oyarzo claimed in his deposition testimony that the PNK had his prior employment records and Defendants sought to obtain these records.   (Doc 138 at 6-7).   Defendants note that the deposition was only canceled once the PNK told Defendants that he or she did not have possession of the records sought.   (Doc 138 at 6-7).   Defendants sought Plaintiff Oyarzo's prior employment records because they believed the records might be relevant to Plaintiff Oyarzo's emotional distress claim and damages.   (Doc. 138 at 6-7).

Service of process fees are properly taxed under 28 U.S.C. § 1920(1).   *Alflex Corp.*, 914 F.2d at 177.   28 U.S.C. § 1920(1) provides that the court may award the prevailing party "[f]ees of the clerk and marshal."   Marshal's fees are governed by 28 U.S.C. § 1921, which allows the collection of fees for serving a subpoena or summons.   28 U.S.C. § 1921(a)(1)(A)-(B).   Local Rule 292(f)(2) allows the taxation of "Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the Marshal."   "In making Marshal's fees taxable as costs in section 1920(1) . . . Congress exhibited an intent to make service of process a taxable item.   Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed.   The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server.   Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1)."   *Alflex Corp.*, 914 F.2d at 178 (footnotes and citations omitted).

The service of subpoena cost was necessarily obtained for the use in the case because Defendants served a subpoena on the PNK to obtain records Defendants reasonably believed were in the PNK's possession believing the records might be relevant to Plaintiff Oyarzo's

emotional distress claim and damages.  Thus, Plaintiffs' request to set aside the clerk's taxation of costs of the PNK's service of a deposition subpoena is DENIED.

## G.   Exemplification Fees

Plaintiffs argue that Defendants are not entitled to any of the copy expenses sought because Plaintiffs did not justify or explain why the copies were necessarily obtained in the context of litigation.[6]  (Doc. 135 at 8-9).  Specifically, Plaintiffs argue that the charge of $45.10 to TFD is improper because there is no explanation provided for the charges, making it impossible to determine the content or purpose of the copied documents.  (Doc. 135 at 8).  In addition, Plaintiffs argue that the charge of $77.76[7] for "Glass Work" is improper because there is no explanation provided justifying the cost and it is impossible to determine the meaning of "Glass Work."  (Doc. 135 at 8).  Defendants rejoin that the charge of $45.10 for photocopying documents was necessarily obtained for use in the case, noting that the documents were eventually produced by Defendants to Plaintiffs during discovery.  (Doc. 138 at 7).  Also, Defendants argue that the charge of $77.76 for "Glass Work," which is hand copied materials such as books that cannot go through the automatic feeder of the copy machine, was necessarily obtained for use in the case, noting that the copies were made in response to Plaintiffs' Request for Production of Documents, Set Two.  (Doc. 138 at 7).

The court may award the prevailing party "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  This court finds Plaintiffs' arguments unpersuasive.  Defendants' counsel submitted bills of costs signed under penalty of perjury, *Jones*, 2011 WL 3584330 at *3, and Documentation of the copying costs was attached to the bills of cost.  In addition, with regard to the copy charges of $45.10 and $77.76, Defendants demonstrated that the costs were necessarily obtained for use in the case when they stated the documents were eventually produced by Defendants to Plaintiffs during discovery and the copies were made in response to Plaintiffs'

---

[6] However, Plaintiffs only address two specific costs in their argument, rather than each cost sought by Defendants. (Doc. 135 at 8-9).

[7] The cost for the "Glass Work" was actually $77.76, not $72.00.  (Doc. 124 at 52; Doc. 125 at 52).

Request for Production of Documents, Set Two.  Thus, Plaintiffs' request to set aside the clerk's taxation of costs for exemplification fees is DENIED.

## V.    CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS IN PART Plaintiffs' motion for review of the deposition and witness costs taxed and DENIES Plaintiffs' motion in all other respects.

IT IS SO ORDERED.

Dated:   **October 18, 2013**                    **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

12