# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART, <br><br> Plaintiffs, <br><br> v. <br><br> TUOLUMNE FIRE DISTRICT, KENNETH HOCKETT, and TONEY POWERS, <br><br> Defendants. | Case No. 1:11-cv-01271-SAB <br><br> ORDER RE PRESENTATION OF PLAINTIFF HART'S FIRST AMENDMENT CLAIM AT TRIAL <br><br> (ECF Nos. 175, 176) |

## I.

## BACKGROUND

Following resolution of Defendants' motion for summary judgment, this action is proceeding against Defendant Tuolumne Fire District ("TFD") on Plaintiff Oyarzo's claim for violation of the Fair Labor Standards Act ("FLSA") by failing to compensate him for all hours worked; and on Plaintiff Hart's claims against Defendants TFD, Hockett and Powers for violation of the First Amendment for his support of Plaintiff Oyarzo, and against Defendant TFD for retaliation in violation of California Labor Code section 6310 and violation of the Firefighter's Procedural Bill of Rights ("FPBR").[1]  This action is set for trial on December 3, 2013 before the undersigned.

During the motion in limine hearing on October 15, 2013, Plaintiff Hart argued that,

---

[1] Plaintiff Oyarzo has abandoned his claim against Defendant TFD for violation of the FPBR. (Joint Pretrial Statement 18, ECF No. 140.)

because whether he spoke on a matter of public concern is a legal issue, the Court should decide whether his belief that Defendants were treating Defendant Oyarzo illegally was reasonable. Defendants argued that the jury should make the factual determination on the reasonableness of Plaintiff Hart's belief and then the Court should decide the legal issues. The Court ordered the parties to file supplemental briefing on how Plaintiff Hart's First Amendment claim should be presented and decided during the trial of this action.

On October 25, 2013, the parties filed their supplemental briefings. The parties agree that the question of whether Plaintiff Hart spoke on a matter public concern is purely a question of law to be determined by the court. The issue before the Court is whether the underlying factual issues regarding Plaintiff Hart's speech are to be presented to and decided by the jury or if they are part of the legal issues to be decided by the Court. Defendants contend that the underlying factual determinations are to be made by the jury, and thereafter the Court determines the legal issues. Plaintiff Hart contends that the jury should only decide whether supporting or refusing to act against Plaintiff Oyarzo was within the scope of his job duties.

## II.

## LEGAL STANDARD

A claim for retaliation in violation of the First Amendment has five elements: "1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." Dowell v. Contra Costa County, 928 F.Supp.2d 1137, 1147 (N.D. Cal. 2013) (quoting Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir.2009)).

The First Amendment protects that speech of a public employee where it addresses "a matter of legitimate public concern." Coszalter v. City of Salem, 320 F.3d 973 (9th Cir. 2003). Whether an employee's speech addresses a matter of public concern is a question of law to be determined by the form, content, and context of the statement as revealed in the entire record.

Dowell, 928 F. Supp.2d at 1147; Connick v. Myers, 461 U.S. 138, 147-48 (1983).  "[S]peech that deals with individual personnel disputes and grievances and that would be of no relevance to the public's evaluation of the performance of governmental agencies is generally not of public concern."  Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003).

First Amendment protections do not extend to a public employee's statements made pursuant to his official duties.  Dowell, 928 F.Supp.2d at 1148.  The question of the scope and content of the employee's job responsibilities is a question of fact, but the constitutional significance of the facts as found is a question of law.  Dowell, 928 F.Supp.2d at 1148-49 (quoting Eng, 552 F.3d at 1071).

Further, a statement does not have to be true to be entitled to protection under the First Amendment.  Thomas v. City of Beaverton, 379 F.3d 802, 809 (9th Cir. 2004); Johnson v. Multnomah County, Or., 48 F.3d 420, 424 (9th Cir. 1995).  In determining whether a false statement is entitled to protection, "the recklessness of the employee and the falseness of the statements should be considered in light of the public employer's showing of actual injury to its legitimate interests, as part of the Pickering balancing test."  Johnson, 48 F.3d at 424.  The court is to balance the whether the employee's interest in speaking outweighs the legitimate interest in preventing the speech in order to promote efficient public service.  Pickering v. Board of Ed., 391 U.S. 563, 573 (1968).  The motivation of the employee may be considered in determining if the employee spoke on a matter of public concern.  Johnson, 48 F.3d at 425.

### III.

### DISCUSSION

The parties disagree on how the question of whether Plaintiff Hart spoke on a matter of public concern is to be decided.  Plaintiff Hart contends that it does not matter whether his statements were true, just that he had a reasonable belief that they were true.  Defendants contend that Plaintiff Hart's knowledge of the substance of the firefighter and intern complaints against Plaintiff Oyarzo are relevant to the threshold inquiry of whether the speech was on a matter of public concern.  The Court construes the issue to be whether the jury or the Court is to decide how the matter of the falsity of Plaintiff's Hart statement will be decided should it arise at trial.

In <u>Garcetti v. Ceballos</u>, 547 U.S. 410 (2006), the Supreme Court considered whether a deputy district attorney spoke as a private citizen or an employee in reporting discrepancies in an affidavit used to obtain a search warrant. <u>Garcetti</u>, 547 U.S. at 413. The Supreme Court conducted a factual analysis to determine if plaintiff had spoken as an employee, rather than a private citizen. <u>Id.</u> at 421. "[F]ollowing <u>Garcetti</u>, the inquiry into whether a public employee's speech is protected by the First Amendment is no longer purely legal and presents a mixed question of fact and law." <u>Posey v. Lake Pend Oreille School Dist. No. 84</u>, 546 F.3d 1121, 1123 (9th Cir. 2008).

In <u>Posey</u>, the plaintiff contended that his position was terminated because of a letter he wrote regarding his concerns of inadequate safety, security policy, and enforcement at the school where he worked as a security specialist. 546 F.3d at 1124. The parties disputed whether the letter was written as part of the plaintiff's official job duties. <u>Id.</u> The <u>Posey</u> court found that the question of whether the plaintiff spoke as a public employee or private citizen was a mixed question of law and fact. <u>Id.</u> at 1129. Specifically, the questions regarding the scope and content of the plaintiff's job responsibilities are questions of fact. <u>Id.</u> at 1130. When there are genuine and material disputes as to the scope and content of a plaintiff's job responsibilities the court is to reserve judgment on whether the plaintiff spoke as a private citizen or employee until after the fact-finding process. <u>Id.</u> at 1131.

The Ninth Circuit addressed a case similar to this action in <u>Thomas.</u> The district court granted summary judgment on the plaintiff's claim that she was retaliated against for refusing to discriminate against a fellow employee. 379 F.3d at 805. The Ninth Circuit reversed finding that the plaintiff had offered sufficient evidence to create a genuine issue of material fact as to whether her refusal to participate in the discrimination constituted expressive conduct on a matter of public concern. <u>Id.</u> In so holding the appellate court stated:

> Here, there is sufficient evidence in the record to create a genuine issue of material fact as to whether Thomas intended to convey a message that Miller's treatment of Perry was unlawful. During the hiring process, Thomas told Miller that she "could not justify" passing over Perry for promotion. This statement went beyond expressing an opinion about Perry's qualifications; it implies that any justification for not promoting Perry that Thomas would be forced to articulate would be illegitimate or pretextual. Furthermore, Thomas' references in the first

4

> addendum to "staff personnel issues," a "breakdown of Court policies and procedures" and "clear violations of law" show that she consciously attempted to identify and correct problems of mismanagement and illegal conduct since she started her job. Based on these statements, a factfinder could reasonably infer that Thomas' refusal to acquiesce to Miller's treatment of Perry was intended to convey her disapproval of Miller's unlawful retaliation against Perry.
>
> In addition, the likelihood is great that an audience would understand Thomas' conduct to convey a message of disapproval of the retaliation. Miller and many other city employees knew of the jury verdict, which found that Adlard and the City had unlawfully retaliated against Perry in passing her over for the promotion in 1996 and 1997. In light of this verdict, they might well understand Thomas' opposition to Miller's treatment of Perry during the 2001 hiring process as expressing her disapproval of the City's continued retaliatory treatment of Perry. In sum, Thomas has shown enough to create a genuine issue of material fact as to whether her refusal to facilitate Miller's allegedly retaliatory treatment of Perry conveyed an implicit message that she disapproved of what she reasonably believed to be unlawful retaliation.

Id. at 810.

Although the matter of whether the speech is a matter of public concern is a question of law for the court, there may be some factual questions for the jury. Farhat v. Jopke, 370 F.3d 580, 589 (6th Cir. 2004). In Johnson v. Multnomah County, Or., 48 F.3d 420, 424 (9th Cir. 1995), the Ninth Circuit addressed how the issue of false statements was to be decided in a First Amendment retaliation action. In addressing the issue the court stated:

> there is no constitutional value in false statements of fact. Neither the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust, and wide-open' debate on public issues. Gertz v. Robert Welch, Inc., 418 U.S. 323, 340, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974). However, while false statements are not deserving, in themselves, of constitutional protection, "erroneous statement is inevitable in free debate, and ... it must be protected if the freedoms of expression are to have the 'breathing space' that they 'need ... to survive.'" New York Times Co. v. Sullivan, 376 U.S. 254, 271-72, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964) (quoting NAACP v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 337, 9 L.Ed.2d 405 (1963)). For this reason, constitutional protection is afforded some false statements.

48 F.3d at 424.

The court determined that a cautious approach was to be used in dealing with false statements, "an approach that considers the actual damage done to the government by the reckless statement, whether anyone believed the statements, whether the government could easily rebut the false statements, etc." Johnson, 48 F.3d at 424. The Ninth Circuit concluded that "that recklessly false statements are not per se unprotected by the First Amendment when

1 they substantially relate to matters of public concern.  Instead, the recklessness of the employee
2 and the falseness of the statements should be considered in light of the public employer's
3 showing of actual injury to its legitimate interests, as part of the Pickering balancing test." Id. at
4 424.

5 While it does not appear that the Ninth Circuit has directly addressed the issue here,
6 factual disputes regarding the substance of the statements made by a plaintiff, other circuits have
7 considered this issue and found that the underlying factual issues are to be determined by the
8 jury. See Shands v. City of Kennett, 993 F.2d 1337, 1342 (8th Cir. 1993), cert. denied 510 U.S.
9 1072 (1994) ("[a]ny underlying factual disputes concerning whether the plaintiff's speech is
10 protected [] should be submitted to the jury through special interrogatories or special verdict
11 forms"); Bennis v. Gable, 823 F.2d 723, 729 (3d Cir. 1987) (only after the jury determined the
12 nature and substance of the alleged activity could the court determine whether it was protected or
13 unprotected); Biggs v. Village of Dupo, 892 F.2d 1298, 1300 n.1 (7th Cir. 1990) (the question of
14 whether the speech is protected may require factual predicate determinations); Lynch v. City of
15 Boston, 989 F.Supp. 275, 291 (D. Mass. 1997), rev'd on other grounds by 180 F.3d 1 (1st Cir.
16 1999) (the jury's answers may provide factual context that aids the court in deciding whether the
17 plaintiff spoke on a matter of public concern).

> Whether the plaintiff's speech is a matter of public concern is ultimately an issue of law for the court. However, if the district court finds that the plaintiff's motive is a relevant consideration, and if there is a factual dispute concerning that motive, the court can submit the issue of plaintiff's motive to the jury. The court can then consider the jury's response along with the other pertinent considerations in determining whether the plaintiff's speech was of public concern.

Martin A. Schwartz & George C. Pratt, Section 1983 Litigation Jury Instructions § 401[A] (Aspen Publishers 2013).

In conducting the Pickering balancing tests, courts have also recognized that the analysis can involve a mixed question of law and facts. See Jackson v. State of Alabama State Tenure Com'n, 405 F.3d 1276, 1285 (11th Cir. 2005) (sometimes a situation will arise in which a factual dispute must go to the jury prior to the trial judge deciding the Pickering balance); Brady v. Fort Bend County, 145 F.3d 691, 708 n.7 (5th Cir. 1998) ("To the extent that Pickering / Connick

1  balancing entails a fact-intensive inquiry, it might be appropriately characterized as a mixed
2  question of law and fact—that is, a question entailing the application of a legal standard to a
3  particular set of facts."). While there is some dispute as to whether the underlying factual
4  disputes are to be decided by the court or the jury, the great weight of authority holds that the
5  underlying factual issues are for the jury. See Bailey v. Dep't of Elem. And Sec. Ed., 451 F.3d
6  514, 518 n.2 (8th Cir. 2006) (underlying factual issues for Pickering balancing should be
7  submitted to the jury); Gorman-Bakos v. Cornell Co-op Extension of Schenectady County, 252
8  F.3d 545, 558 (2nd Cir. 2001) (underlying factual disputes are to be decided by the jury prior to
9  the court balancing the interests); Weaver v. Chavez, 458 F.3d 1096, 1102 (10th Cir. 2006) (it is
10 within the sound discretion of the trial court whether to submit questions of fact to the jury); cf.
11 Joyner v. Lancaster, 815 F.2d 20, 23 (4th Cir. 1987) (underlying facts are not for the jury, but
12 involve questions of constitutional law for the court).

13      Finally, the civil jury instructions in other circuits recommend that factual issues should
14 be submitted to the jury. See Committee Comments to Federal Civil Jury Instructions of the
15 Seventh Circuit 6.01 (2005) (In conducting the Pickering balancing test, where "a factual issue
16 bears on the Court's determination, the Committee recommends that a special interrogatory be
17 submitted to the jury on the issue."); Manual of Model Civil Jury Instructions for the District
18 Courts of the Eighth Circuit 13.40 (2013) ("If the trial court can readily determine that the
19 plaintiff's speech was "protected" by the First Amendment without resort to jury findings, a
20 succinct description of the protected speech should be inserted in the elements instruction. . . .
21 However, if there is an underlying factual dispute impacting whether the plaintiff's speech was
22 protected, any questions of fact should be submitted to the jury through special interrogatories or
23 other special instructional devices."). The Eleventh Circuit Jury Instructions recognize that
24 Garcetti changed the landscape and advises that "[i]n cases where there is a dispute as to whether
25 the plaintiff was speaking on a matter of public concern and not as part of his official employment
26 duties, the instruction and verdict form should be adapted to cover this issue." Annotations and
27 Comments to Eleventh Circuit Civil Pattern Jury Instructions 4.1 (2013).

28      The Court finds that the factual issues regarding whether Plaintiff Hart had a reasonable

belief that the statement was true is a factual determination to be made by the trier of fact. Accordingly, the evidence on this issue will be presented to the jury.

### IV.

### BIFURCATION OF TRIAL

In Plaintiff's brief, they argue that if the Court finds these issues are to be presented to the jury the trials should be bifurcated. The Court construes this as a motion for reconsideration of the order denying Plaintiff's motion to bifurcate.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been

8

raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

The Court has already considered Plaintiffs' contention that Plaintiff Oyarzo would be prejudiced by the presentation of the evidence at issue here and, Plaintiffs do not set forth any basis upon with the Court should grant reconsideration of the order. Further, the Court has reviewed the letters which are the basis for the anticipated testimony and the evidence is clearly relevant to Plaintiff Hart's belief regarding the actions that Defendants took toward Plaintiff Oyarzo which form the basis of Plaintiff Hart's retaliation claim. Further, since the issues are clearly unrelated to Plaintiff Oyarzo's overtime claim the Court will be able to craft a cautionary instruction to avoid the improper use of the evidence at trial. The Court denies Plaintiffs request for reconsideration of the order denying bifurcation of the trials in this action.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the issue of the truth or falsity of Plaintiff Hart's statements and his motivation and belief in making the statements is a question of fact to be decided by the jury. Accordingly, IT IS HEREBY ORDERED that evidence on this issue will be presented to the jury during the course of the trial, and Plaintiffs' request for reconsideration of the order denying bifurcation of the trials in this action is DENIED.

IT IS SO ORDERED.

Dated: **November 4, 2013**

UNITED STATES MAGISTRATE JUDGE