# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>TUOLUMNE FIRE DISTRICT, KENNETH HOCKETT, and TONEY POWERS,<br><br>　　　　　　Defendants. | Case No. 1:11-cv-01271-SAB<br><br>ORDER ON PLAINTIFFS' OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORMS<br><br>(ECF No. 208) |

　　　　This matter proceeded to trial on December 3, 2013 on Plaintiff Oyarzo's claim that that Defendant Tuolumne Fire District ("TFD") did not pay him for all hours worked in violation of the Fair Labor Standards Act; and Plaintiff Hart's claims that Defendants Hockett and Powers retaliated against him in violation of the First Amendment, and Defendant TFD retaliated against him in violation of California Labor Code Section 6310, and engaged in conduct that violated the Fire Fighter's Procedural Bill of Rights. During the course of the trial, the Court conducted two informal conferences to resolve the parties' objections to the jury instructions and verdict forms.

　　　　The parties were presented with the jury instructions and verdict forms to be presented to the jury on December 13, 2013. The Court heard oral argument on the remaining objections and all objections were overruled. Plaintiff filed their remaining objections to the jury instructions and verdict forms on December 16, 2013. (ECF No. 208.)

# I.

# JURY INSTRUCTIONS

Plaintiffs object to a number of the instructions given to the jury.

## A. Jury Instruction No. 23

Jury Instruction No. 23 set forth the elements and burden of proof for a section 1983 claim. Plaintiff objects to the Ninth Circuit Model Civil Jury Instruction 9.2 without adding additional explanation for the definition of "under color of law". (Pls.' Obj. to Proposed Jury Instructions and Special Verdict for Pl. Hart 2, ECF No. 208.) Plaintiff requested that the Court instruct the jury as follows:

> A public employee may act under color of law even when the government employer does not authorize, or even know of, his conduct. The term "color of law" usually implies a misuse of power made possible because the wrongdoer is clothed with the authority of the state.

(Pls.'s Proposed Jury Instructions 4, ECF No. 191.) Defendants objected to the additional instruction as it is not a neutral instruction. The Court agrees with Defendant that this is not a neutral instruction to the jury. Further, the Ninth Circuit Model Civil Jury Instruction adequately instructs the jury on the definition of "under color of law". Plaintiffs' objection is overruled.

## B. Jury Instruction No. 24

Jury Instruction No. 24 states the elements that Plaintiff Hart must meet to prove his claim of retaliation in violation of the First Amendment. Plaintiff objects to the instruction limiting the actions which could be considered to be adverse by the jury. Plaintiff seeks to have the jury consider the termination of Plaintiff Hart as adverse action which can be considered in the claim against Defendant Hockett.

In this instance, Judge O'Neill issued a comprehensive order granting summary judgment to Defendants on certain actions that were alleged in this action thereby limiting those actions that could be considered in determining Plaintiff Hart's First Amendment claim. Since evidence on these issues was presented to the jury during the course of the trial, the Court determined that it was necessary to instruct the jury on which actions could be considered in determining Plaintiff Hart's First Amendment claim.

While Plaintiff objects to the Court limiting those actions that could be considered in determining the First Amendment claim, Plaintiff was seeking to allow the jury to consider actions that were not alleged in the complaint or to expand the allegations in the complaint to cover a broader range of conduct.  Plaintiff was not entitled to allow the jury to consider actions beyond those alleged in the complaint in determining whether Plaintiff Hart was retaliated against.

Finally, to the extent that Plaintiff objects to Defendant Hockett having absolute immunity for the decision to terminate Plaintiff Hart, Judge O'Neill addressed this issue in the order on Defendants' motion for summary judgment, and this Court also issued an order addressing this issue.  Plaintiff's objections are overruled.

**C.    Jury Instruction No. 26**

Plaintiff objects to Jury Instruction No. 26 which addresses Plaintiff Hart's claims under the Firefighter's Bill of Rights.  Plaintiff sought to instruct the jury that defendants were required to provide Plaintiff with an opportunity for appeal before an administrative law judge.  (ECF No. 208 at 3.)

In support of their position, Plaintiffs argued that any time that punitive action is taken against a firefighter the department is required to schedule a hearing before an administrative law judge.  However, the language of the statute itself states that "[a]n administrative appeal **instituted by a firefighter** under this chapter shall be conducted in conformance with rules and procedures adopted by the employing department or licensing or certifying agency that are in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2."  Cal. Gov. Code § 3254.5(a) (emphasis added).  The Court agrees with Defendants that Plaintiff's construction is an absurd reading of the statute.  Further, upon questioning by the Court, counsel was unable to provide a single case that would support such an instruction.

The language of Government Code section 3254(b) provides that:

> Punitive action or denial of promotion on grounds other than merit shall not be undertaken by any employing department or licensing or certifying agency against any firefighter who has successfully completed the probationary period without providing the firefighter with an opportunity for administrative appeal.

3

As the statute states that "the firefighter must be provided with an opportunity for administrative appeal" this is the language which was used in the jury instruction. Plaintiffs' objection is overruled.

### D. Jury Instruction No. 29

Jury instruction No. 29 instructed on the measure of damages for Plaintiff Hart's First Amendment claim. Plaintiff objected to the exclusion of future damages from the instruction regarding the damages that could be considered in determining the claim against Defendant Hockett. (ECF No. 208 at 3-4.) As discussed above, the Court found that Defendant Hockett is entitled to absolute immunity for the decision to terminate Plaintiff Hart. Accordingly, Plaintiff's objection is overruled.

## II.

## VERDICT FORM

Plaintiff also objects to the wording on the verdict form for many of the reasons already addressed above. As to those objections already addressed, the objections to the verdict form are overruled for the same reasons.

### A. Protected Activity

Plaintiff objects to the verdict form using wording to the effect that Plaintiff Hart's protected activity was speaking in support of or refusing to participate in retaliation against Plaintiff Oyarzo. Plaintiff sought to have the verdict form set forth the protected activity as speaking in support of Plaintiff Oyarzo or refusing to participate in actions against Mr. Oyarzo that Mr. Hart believed to be improper or illegal. (ECF No. 208 at 4.)

However, Plaintiff's complaint clearly alleged that Plaintiff Hart was retaliated against for speaking in support of Plaintiff Oyarzo and refusing to participate in retaliation against him. This was also the basis of the motion for summary judgment. The additional activity which Plaintiff seeks to have the jury consider was not alleged in the complaint. Plaintiff Hart's objections to the description of his protected activity are overruled.

### B. First Amendment

Plaintiff objects to the inclusion of "under the First Amendment" in Question No. 8

which states:

> What are Plaintiff Hart's damages against Defendant Hockett for the adverse employment actions that you have found violated his rights under the First Amendment?

(Verdict Form 4.)

Plaintiff contends that including the phrase "under the First Amendment" will mislead and confuse the jury by indicating that they must find an additional element before awarding damages. (ECF No. 208 at 6.) The wording of the verdict form is not misleading nor would it indicate that the jury must find an additional fact to award damages. This is demonstrated by the fact that the jury awarded Mr. Hart over $290,000.00 in damages for the violation of his First Amendment rights.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's objections to the jury instructions and verdict form are HEREBY OVERRULED.

IT IS SO ORDERED.

Dated: **December 18, 2013**

UNITED STATES MAGISTRATE JUDGE