# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART,<br><br>        Plaintiffs,<br><br>    v.<br><br>TUOLUMNE FIRE DISTRICT, KENNETH HOCKETT, and TONEY POWERS,<br><br>        Defendants. | Case No. 1:11-cv-01271-SAB<br><br>ORDER RE DAMAGES<br><br>(ECF Nos. 224-227) |

**I.**

**INTRODUCTION**

A jury trial commenced in this action on December 3, 2013. Following the presentation of evidence and closing argument by the parties, the jury returned verdicts for Plaintiff Oyarzo and against Defendant Tuolumne Fire District in the amount of $12,345.67 for failure to pay all wages in violation of the Fair Labor Standards Act ("FLSA"); and for Plaintiff Hart and against Defendant Kenneth Hockett in the amount of $290,767,00 for retaliation in violation of the First Amendment and punitive damages in the amount of $1.00, and against Defendant Tuolumne Fire District for threatening Plaintiff Hart with punitive action during an investigation in violation of the California Firefighters Procedural Bill of Rights ("FPBR"). On December 19, 2013 the parties filed briefs regarding Plaintiff Oyarzo and Hart's damages.

1

There are two issue of damages still to be resolved by the Court: 1) what amount of liquidated damages, if any, should be awarded to Plaintiff Oyarzo for the violation of the FLSA; and 2) whether Plaintiff Hart may obtain injunctive relief for the violation of the FPBR. A hearing was held on December 20, 2013 to allow counsel for the parties to argue these issues. Counsel Shannon Seibert and Joseph Bautista appeared for Plaintiffs Hart and Oyarzo and counsel Anthony Abbott appeared for Defendants Tuolumne Fire District and Hockett. Having considered the evidence presented at trial, the briefs filed by the parties, and the argument during the December 20, 2013 hearing, the following order issues.

## II.

## DISCUSSION

### A. Liquidated Damages

Where an employer fails to pay overtime wages in violation for the FLSA, the employer is liable to the employee for an additional amount of damages equal to the unpaid overtime as liquidated damages. 29 U.S.C. § 216(b). Liquidated damages are not a penalty, but are compensation to the employee. Chao v. A-One Medical Services, Inc., 346 F.3d 908, 920 (9th Cir. 2003).

"If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . the court may, in its sound discretion, award no liquidated damages or" award a lessor amount. 29 U.S.C. § 260. "Double damages are the norm, single damages the exception. . . ." Local 246 Util. Workers Union v. S. Cal. Edison Co., 83 F.3d 292, 297 (9th Cir.1996) (citation omitted).

"An employer has the burden of showing that the violation of the [FLSA] was in good faith and that the employer had reasonable grounds for believing that no violation took place. Absent such a showing, liquidated damages are mandatory." Bratt v. County of Los Angeles, 912 F.2d 1066, 1071 (9th Cir. 1990) (quoting Equal Employment Opportunity Comm'n v. First Citizens Bank, 758 F.2d 397, 403 (9th Cir.)). The requirement of good faith and reasonable grounds has both a subjective and objective component. Bratt, 912 F.2d at 1072-73. To satisfy

1  the subjective component that it acted in good faith, the employer must show that it had "an
2  honest intention to ascertain what [the FLSA] requires and to act in accordance with it." Id. at
3  1072 (citations omitted). The subjective component is not at issue here. The objective
4  component requires the employer to show reasonable grounds for believing that its conduct
5  complies with the FLSA. Id.

> The legislative history of the Portal Act makes it clear that the employer's 'good faith' is not to be determined merely from the actual state of his mind. Statements made in the House and Senate indicate that 'good faith' also depends upon an objective test—whether the employer, in acting or omitting to act as he did, and in relying upon the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy, acted as a reasonably prudent man would have acted under the same or similar circumstances. 'Good faith' requires that the employer have honesty of intention and no knowledge of circumstances which ought to put him upon inquiry." 29 C.F.R. § 790.15(a) (footnotes omitted). "The 'good faith' defense is not available to an employer unless the acts or omissions complained of were 'in conformity with' the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy upon which he relied. This is true even though the employer erroneously believes he conformed with it and in good faith relied upon it; actual conformity is necessary." 29 C.F.R. § 790.14(a) (footnote omitted).

14  Ketchum v. City of Vallejo, 523 F.Supp.2d 1150, 1158 n.12 (E.D. Cal. 2007).

15  Defendants base their argument on the unusual employment relationship which resulted
16  in Plaintiff Oyarzo being responsible for payroll and verifying that payroll records are correct.
17  (Def. Tuolumne Fire District's Mem. of P. & A. re Liquidated Damages 3-4, ECF No. 227.)
18  While the Court understands Defendant's argument that Plaintiff Oyarzo was responsible for
19  ensuring that payroll records were correct, in considering whether Defendants have proved that
20  there were reasonable grounds for believing that their conduct complied with the FLSA, the issue
21  is whether TFD conformed with the FLSA. Management has a duty to exercise control to see
22  that work is not performed that it does not want performed and cannot sit back and accept the
23  benefits without compensating the employee for time worked. 29 C.F.R. § 785.13. Defendants'
24  are arguing that Plaintiff Oyarzo was responsible for ensuring that time records were correct and
25  they were therefore unaware that he was not reporting all overtime hours that he worked.

26  However, the jury has found that TFD either knew or should have known that Plaintiff
27  Oyarzo was working overtime hours for which he was not compensated. During the trial of this
28  matter, Plaintiff Oyarzo presented evidence that he was at the fire station working consecutive

forty-eight hour shifts. Further, the Directors received monthly budget reports that did not reflect an increase in expenditures to indicate that Plaintiff Oyarzo was receiving payment for these hours worked. The Court finds that there is sufficient evidence for the jury to determine that TFD should have known that Plaintiff Oyarzo was working hours for which he was not compensated. While the employer/employee relationship was different than those usually found in FSLA cases due to the duties assigned to Plaintiff Oyarzo to ensure accuracy of employment times for its employees, Defendant TFD did not seek to establish procedures by which the Board was to ensure the accuracy of Plaintiff Oyarzo's time and that he was in fact being compensated for hours he worked. Accordingly, defendants cannot assert a good faith belief that they were complying with the FLSA if they should have been aware that Plaintiff Oyarzo was working hours for which he was not being compensated.

Defendants have not met their burden of showing reasonable grounds for believing that the failure to pay overtime complied with the FLSA.[1] Therefore, liquidated damages are awarded in the amount of $12,345.67.

**B.   Injunctive Relief**

Plaintiff Hart seeks an injunction enjoining Defendant TFD from violating the FPBR by threatening punitive action against firefighters during investigations.[2] Defendants contend that Plaintiff Hart does not have the standing to seek such relief and has failed to meet the elements required for issuance of the requested relief.

For each form of relief sought in federal court, the plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v.

---

[1] While the purpose of liquidated damages is not punitive, the Court believes that awarding double damages in this action does appear to be unduly punitive given the state of the economy and the rate of return during this period of time. However, the Court is aware that Congress mandated double damages in the form of liquidated damages to compensate the employee for the employer's failure to pay wages. 29 U.S.C. § 216 ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). The Court lacks discretion to order a reduced amount of damages absent Defendants meeting their burden of showing a reasonable grounds for believing the failure to pay overtime complied with the FLSA. 28 U.S.C. § 260.

[2] Originally, Plaintiff Hart also sought an order requiring Defendant to remove the records of discussion from his personnel file. The parties have resolved this issue and therefore, the Court shall not address it in this order.

1  United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  "Standing under Article III
2  of the Constitution requires that an injury be concrete, particularized, and actual or imminent;
3  fairly traceable to the challenged action; and redressable by a favorable ruling."  Monsanto Co. v.
4  Geertson Seed Farms, 130 S.Ct. 2743, 2752 (2010).

5  Plaintiff argues that California courts have held that that an injunction must issue when
6  there has been a violation of the FPBR.  (Briefing re Firefighters Procedural Bill of Rights and
7  Pl. Hart's Request for Injunctive Relief 2-3, ECF No. 225.)  However, in Hangarter v. Provident
8  Life and Acc. Ins. Co., 373 F.3d 998 (9th Cir. 2004), the Ninth Circuit considered whether a
9  plaintiff in Federal Court must meet the Article III standing requirement to receive injunctive
10 relief for his state law claims.  Id. at 1021-22.  In Hangarter, the district court issued a permanent
11 injunction requiring the defendant to refrain from future violations of the Unfair Competition Act
12 ("UCA").  Id. at 1003, 1021.  Although the district court found that defendants had violated the
13 UCA, because the plaintiff had no contractual relationship with the defendants, she was not
14 personally threatened by their conduct.  Id. at 1022.  The Ninth Circuit found that the district
15 court erred in concluding that the plaintiff had standing to pursue injunctive relief.  Id. at 1021.

16 Similarly here, Plaintiff Hart is no longer employed with TFD.  Although Plaintiff Hart
17 argued at the December 20, 2013 hearing that he works as a relief firefighter at a different fire
18 district and may in the future work on a strike team with the TFD, this is speculative.  Since
19 Plaintiff Hart is no longer employed by TFD, he does not show a real or immediate threat of
20 irreparable injury and cannot demonstrate the requisite injury to establish Article III standing.
21 Hangarter, 373 F.3d at 1022.  Plaintiff Hart does not have standing to receive the requested
22 equitable relief, and therefore, the request for an injunction under the FPBR is denied.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff Oyarzo is awarded liquidated damages in the amount of $12,345.67 against Defendant Tuolumne Fire District; and

2. Plaintiff Hart's request for a permanent injunction is denied for lack of standing.

IT IS SO ORDERED.

Dated: **January 6, 2014**

UNITED STATES MAGISTRATE JUDGE