# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART,<br><br>Plaintiffs,<br><br>v.<br><br>TUOLUMNE FIRE DISTRICT, KENNETH HOCKETT, and TONEY POWERS,<br><br>Defendants. | Case No. 1:11-cv-01271-SAB<br><br>ORDER DENYING PLAINTIFF HART'S MOTION FOR ATTORNEY FEES WITHOUT PREJUDICE<br><br>(ECF No. 241)<br><br>FOURTEEN DAY DEADLINE |

## I.

## BACKGROUND

Plaintiff Oyarzo filed a complaint in this action on March 18, 2011, against Defendants Tuolumne Fire District ("TFD"), Joseph Turner, Darlene Hutchins, Kenneth Hockett, and Brian Machado alleging violations of the Fair Labor Standards Act, the First and Fourteenth Amendments, and California law. (ECF No. 1.) Plaintiff Hart filed an action on March 24, 2011, against Defendants TFD, Joseph Turner, Toney Powers, Kenneth Hockett, and Brian Machado alleging violations of the Fair Labor Standards Act, the First and Fourteenth Amendments, and California law. Hart v. Tuolumne Fire District, 2:11-cv-00812-FCD-EFB (E.D. Cal.). On September 2, 2011, the Court granted the parties stipulation that the two actions be consolidated. (ECF No. 24.)

On September 19, 2011, an amended complaint was filed. In the amended complaint, Plaintiffs Oyarzo and Hart alleged claims against all defendants for unlawful deterrence and retaliation in violation of the First Amendment; and against Defendant TFD for violation of the Fair Labor Standards Act, denial of due process in violation of the Fourteenth Amendment, and state law claims for retaliation in violation of California Labor Code sections 6310 and 1102.5, the Firefighter's Procedural Bill of Rights, California Government Code section 3250, et. seq., and age and marital status discrimination in violation of the California Fair Employment and Housing Act ("FEHA"). Both Plaintiffs brought claims for harassment in violation of the FEHA. Plaintiff Oyarzo asserted harassment claims against Defendants Turner and Hutchins; and Plaintiff Hart asserted harassment claims against Defendants Hockett and Powers.

On April 19, 2013, an order issued dismissing Defendant Machado pursuant to the stipulation of the parties. (ECF No. 64.) The remaining defendants filed motions for summary judgment on April 22, 23, 24, and 26, 2013. (ECF Nos. 66-67, 69-72.) Following resolution of Defendants' motions for summary judgment, the action was proceeding against Defendant TFD on Plaintiff Oyarzo's claim for violation of the FLSA by failing to compensate him for all hours worked; and on Plaintiff Hart's claims against Defendants Hockett, and Powers for violation of the First Amendment for his support of Plaintiff Oyarzo, and against Defendant TFD for retaliation in violation of California Labor Code section 6310 and violation of the Firefighters' Procedural Bill of Rights ("FPBR"). (ECF No. 107.) On May 3, 2013, Plaintiff Hart's FLSA claim settled. (ECF No. 74.)

Trial in this action commenced on December 3, 2013. (ECF No. 199.) On December 18, 2013, the jury returned verdicts for 1) Plaintiff Oyarzo and against Defendant TFD for violation of the FLSA; 1) Plaintiff Hart and against Defendant Hockett for retaliation in violation of the First Amendment; 3) for Defendant Powers and against Plaintiff Hart for retaliation in violation of the First Amendment; and 4) Defendant TFD and against Plaintiff Hart on all state law claims. (ECF Nos. 218, 129.)

Judgment was entered in favor of Plaintiff Hart on December 20, 2013. (ECF No. 228.) Judgment was entered in favor of Plaintiff Oyarzo on January 6, 2014. (ECF No. 237.) On

1  January 15, 2014, the December 20, 2013 judgment was amended to reflect the judgments in
2  favor of Defendant TFD.  (ECF No. 239.)  Plaintiff Hart filed a motion for attorney fees on
3  January 17, 2014.  (ECF No. 241.)

4  Upon review of Plaintiff Hart's motion for attorney fees, the Court finds Plaintiff's
5  motion so excessive that it is unnecessary to wait for Defendant Hockett's opposition prior to
6  deciding the motion.[1]  Therefore, the motion hearing set for February 19, 2014, is vacated.  For
7  the reasons stated, Plaintiff Hart's motion will be denied without prejudice.

## II.

## LEGAL STANDARD

Title 42 United States Code section 1988(b) provides the court discretion to award reasonable attorney fees to the prevailing party in an action brought under 42 U.S.C. § 1983. "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."  Mendez v. County of San Bernardino, 540 F.3d 1109, 1124 (9th Cir. 2008) (citations omitted).  Ordinarily a prevailing plaintiff should recover attorney fees unless special circumstances would render such an award unjust.  Mendez, 540 F.3d at 1124.

It is the prevailing party's burden to submit billing records to establish that the number of hours requested are reasonable.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).  The court should exclude hours that could not reasonably be billed to a private client, such as hours that are excessive, redundant or unnecessary.  McCown v. City of Fontana, 565 F.3d 1097, 1101 (9th Cir. 2009); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). The district court may reduce the hours by 1) conducing "an hour by hour analysis of the fee request," and excluding "those hours for which it would be unreasonable to compensate the prevailing party[;]" or 2) "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee

---

[1] While the Court is aware of out of circuit cases which allow the fee request to be denied if the request is outrageously unreasonable, the Ninth Circuit has held that a request for outrageous hours is not grounds for eliminating the fees entirely, but only for reducing those hours found to be excessive.  Mendez v. County of San Bernadino, 540 F.3d 1109, 1128-29 (9th Cir. 2008).

application." Gonzalez, 729 F.3d at 1203 (quoting Gates, 987 F.2d at 1399).

If the "district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must "set forth a concise but clear explanation of its reasons for choosing a given percentage reduction." Gonzalez, 729 F.3d at 1203 (quoting Gates, 987 F.2d at 1400). There is a recognized exception to this rule where the district court can impose a small reduction, no greater than 10 percent based upon its discretion, without providing a more specific explanation. Gonzalez, 739 F.3d at 1203.

### III.

### DISCUSSION

Plaintiff Hart seeks fees in the amount of $816,645.00 from Defendant Hockett for 2,823.80 hours expended in this action. (Motion for Attorney Fees 1, 8, ECF No. 241.) Review of the documentation provided by Plaintiff Hart reveals that these 2,823.80 hours represent the entire hours spent representing both Plaintiffs Oyarzo and Hart on all claims against all defendants in this action.

Clearly, Plaintiff Hart is not entitled to receive attorney fees for the hours spent by counsel in pursing Plaintiff Oyarzo's claims against any defendants to this action. Additionally, "[a] plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims that are unrelated to a plaintiff's successful § 1983 claim." McCown, 565 F.3d at 1103. These unrelated claims are to be treated as if they were raised in a separate lawsuit to realize "congressional intent to limit awards to prevailing parties." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)).

In this instance, Plaintiff Hart brought a number of claims that were unrelated to the First Amendment claim alleged against Defendant Hockett. Plaintiff Hart brought a claim against Defendant TFD for violation of the FLSA which was settled prior to trial. These hours are not related to the civil rights claim against Defendant Hockett and cannot be received as attorney fees here.

Additionally, Plaintiff Hart's claims against the other defendants in this action occurred prior to Defendant Hockett's involvement with TFD. For example, Plaintiff's allegations against

1 Defendant Powers occurred prior to August 2010. Defendant Hockett did not become a Member 2 of the Board of TFD, nor was he associated with TFD, until the middle of August 2010. Much 3 of the discovery that took place in this action was related to claims that occurred prior to 4 Defendant Hockett becoming a Board Member, involved employees or interns that had left TFD 5 prior to Plaintiff Hockett's involvement in this action, or involved unrelated claims against TFD, 6 the other defendants, or Plaintiff Oyarzo's claims. Plaintiff Hart is attempting to recover 7 attorney fees that he is clearly not entitled to in this action.

8 The fee applicant has the burden of submitting detailed time records justifying the hours 9 that are claimed to be expended. In re Washington Public Power Supply System Securities 10 Litigation ("Wash. Pub. Power"), 19 F.3d 1291, 1305 (9th Cir. 1994). Where, as in this case, a

> fee applicant submits billing records that are so poorly organized that the district court cannot practically rely on them to determine a reasonable number of hours, the district court may hold the applicant to its burden in several ways. First, the district court could simply cut the number of hours or the lodestar figure by as much as 10% (without explanation). See Moreno, 534 F.3d at 1112. Second, the district court could order the fee applicant to re-format and re-submit its billing records. Wash. Pub. Power, 19 F.3d at 1305. Third, the district court may itself re-structure the fee applicant's billing records into a usable format. See Norris v. Sysco Corp., 191 F.3d 1043, 1052 (9th Cir.1999). Finally, in an egregious case, and particularly where the other approaches have been tried without success, a district court may "throw[ ] up its hands and refus[e] to award any fees whatsoever." See id. Ultimately, the district court has the discretion to select the method appropriate for any case, and it must "provide a concise but clear explanation of its reasons for the fee award." See Gates, 987 F.2d at 1398.

Gonzalez, 729 F.3d at 1204 n.4.

While Plaintiff's billing records do indicate which Plaintiff the hours are billable to, they do not provide sufficient information for the Court to determine which hours are reasonably attributed to the hours spent in representing the related claims against Defendant Hockett on which Plaintiff Hart prevailed. Therefore, Plaintiff Hart's motion for attorney fees shall be denied without prejudice.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff Hart's motion for attorney fees is denied, without prejudice. Plaintiff Hart is granted fourteen days from the date of service of this order in which

to file a renewed motion for attorney fees.  Plaintiff's motion must provide adequate information for the Court to determine that the fee request seeks hours that are properly for the representation of Plaintiff Hart in those related claims upon which he prevailed against Defendant Hockett. Counsel is advised that failure to provide adequate documentation to support the request for attorney fees may result in the motion being denied with prejudice.

IT IS SO ORDERED.

Dated:  **February 3, 2014**

UNITED STATES MAGISTRATE JUDGE