1
2
3
4
5
6
7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART,<br><br>    Plaintiffs,<br><br>  v.<br><br>TUOLUMNE FIRE DISTRICT, KENNETH HOCKETT, and TONEY POWERS,<br><br>    Defendants. | Case No.  1:11-cv-01271-SAB<br><br>ORDER DENYING PLAINTIFF HART'S MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR NEW TRIAL AS TO DAMAGES<br><br>(ECF No. 301, 304, 306) |

18

## I.

19

## INTRODUCTION

20    Following trial, the jury returned a verdict for Plaintiff Hart on his claim that Defendant

21  Hockett retaliated against him in violation of the First Amendment and awarded economic

22  damages in the amount of $290,767.00.  (ECF No. 219.)  Defendant Hockett filed a motion to

23  amend the judgment on January 16, 2014, on the ground that the jury awarded damages in

24  manifest error of law by failing to follow the jury instructions provided by the Court.  (ECF No.

25  240.)  On February 25, 2014, an order issued granting Defendant Hockett's motion to amend the

26  judgment.  The jury verdict on damages was vacated; and Plaintiff Hart was awarded $1.00 in

27  nominal damages for the violation of his First Amendment rights.  (ECF No. 282.)  On March

28  25, 2014, Plaintiff Hart filed a motion to amend the amended judgment, or in the alternative, for

1

a new trial as to damages.  (ECF No. 301.)  Defendant Hockett filed an opposition to the motion on April 9, 2014.  (ECF No. 304.)  Plaintiff filed a reply on April 16, 2014.  (ECF No. 306.)

## II.

## LEGAL STANDARD

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, a court has discretion to grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed .R. Civ. P. 59(a)(1); Kode v. Carlson, 596 F.3d 608, 612 (9th Cir. 2010).  Rule 59 does not specify the grounds upon which a motion for new trial can be granted, so based upon the language of the statute, the court is "bound by those grounds that have been historically recognized."  Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003).  "Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. (2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)); see also Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 510 n.15 (9th Cir. 2000) (quoting Ace v. Aetna Life Ins. Co., 139 F.3d 1241, 1248 (9th Cir. 1998) (The trial court may only grant a new trial where "the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.").

Rule 59(e) allows the court to alter or amend judgment within 28 days after the entry of judgment.  McCalla v. Royal MacCabees Life Ins. Co., 369 F.3d 1128, 1128 (9th Cir. 2004). There are four grounds upon which a court can grant relief under Rule 59(e): "1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.' "  Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir.1999)).

"A motion for reconsideration should not be granted, absent highly unusual

2

1    circumstances, unless the district court is presented with newly discovered evidence, committed

2    clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

3    raise arguments or present evidence for the first time when they could reasonably have been

4    raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

5    F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

6    original).  Further, Local Rule 230(j) requires, in relevant part, that the moving party show "what

7    new or different facts or circumstances are claimed to exist which did not exist or were not

8    shown upon such prior motion, or what other grounds exist for the motion," and "why the facts

9    or circumstances were not shown at the time of the prior motion."

10                                                 **III.**

11                                          **DISCUSSION**

12        **A.      The Prior Amendment Was Pursuant to Rule 59**

13               Initially, Plaintiff Hart contends that this Court amended judgment under Federal Rule of

14    Civil Procedure 50 which was improper.  Plaintiff cites to portions of the order which address

15    other court's findings that used Rule 50 to reduce the jury verdict.  As Defendant Hockett

16    addresses in his opposition, while the Court discussed that the Eleventh Circuit found that

17    authority to amend the judgment under Rule 50 of the Federal Rules of Civil Procedure, this

18    Court did not act pursuant to Rule 50.

19               Defendants' motion to amend the judgment was brought pursuant to Federal Rule of

20    Civil Procedure 59(e); and the Court granted the motion to amend on that basis.  (See Def.

21    Hockett's Notice of Mot. to Alter or Amend the Amended Judgment 1, ECF No. 240.)  Rule

22    59(e) provides for a motion to amend the judgment to correct manifest errors of law or fact upon

23    which the judgment is based or to prevent manifest injustice.  Turner v. Burlington Northern

24    Santa Fe. R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

25               In vacating the jury award the Court found:

26               [s]ince the jury based its award of damages on the expert's testimony regarding
                 the economic damages that Plaintiff Hart had incurred from January 1, 2011
27               through the date he would be expected to retire, the jury based its award on an
                 improper theory of damages. The jury did not follow the law in deciding Plaintiff
28               Hart's economic damages award. Therefore, the award of economic damages

                                                     3

1    must be vacated.

2    (Order Re Cross Motions to Amend Judgment at 12:7-11, ECF No. 282.)   The order granting

3    Defendants' motion to amend the judgment made it clear that "the Court is not exercising its

4    discretion to reduce an excessive jury award, but finding that the jury awarded damages that are not

5    permitted by law." (Id. at 15:5-6.)

6         The Court amended the judgment pursuant to Rule 59(e) to correct the error by the jury.

7    Therefore, Plaintiff's arguments regarding the impropriety of amendment under Rule 50 are

8    disregarded.

9         **B.      Prior Amendment Was Not Due to Insufficiency of Evidence Presented at Trial**

10        Plaintiff Hart argues that it is clear that the Court considered the evidence presented at

11   trial and found it insufficient to support the amount of damages awarded by the jury.   Defendant

12   counters that, in bringing the motion to amend the damages, he did not challenge the sufficiency

13   of the evidence, but argued that the jury committed a manifest error of law by failing to follow

14   the jury instructions.   Defendant contends that the Court did not improperly weigh the evidence

15   at trial, but properly considered the evidence to determine if the jury failed to follow the jury

16   instructions.

17        In support of his motion, Plaintiff relies on Hetzel v. Prince William County, Va., 523

18   U.S. 208 (1998) for the proposition that the Court must offer Plaintiff a new trial when remitting

19   the damage award.   In Hetzel the trial court found that the evidence was insufficient to sustain

20   the damages and reduced the damage award.   Id. at 211.   The Supreme Court held that entering

21   judgment for a lessor amount than determined by the jury without offering the plaintiff a new

22   trial violated the Seventh Amendment.   Id. at 212.

23        Here, in reviewing the evidence presented at trial, the jury instructions, and verdict

24   returned by the jury, the Court found that the jury awarded damages that could not be awarded as

25   a matter of law.   (Order on Cross Motions to Amend Judgment 12, ECF No. 282.)   In this

26   instance, the Court made it clear that this was not a remittitur based upon insufficient evidence,

27   but was a constitutional reduction because the jury awarded damages that are not permitted by

28   law. (Id. at 15)  While Plaintiff argues that the Court has substituted its judgment for that of the

4

jury, he is incorrect.  The Court found that the jury awarded damages for an identifiable amount that was not permitted by law and the judgment was modified to correct the amount.  <u>Johansen v. Combustion Engineering, Inc.</u>, 170 F.3d 1320, 1330 (11th Cir. 1999).

The Court did discuss the lack of pre-termination damages and counsel's concession that no evidence on such damage was presented, not to show that the evidence was insufficient to support the amount of damages, but to show that the evidence at trial supported Defendant Hockett's contention that the amount of economic damages awarded by the jury were for post-termination damages claimed by Plaintiff Hart.

Further, while Ms. Seibert submits a declaration stating that she did not concede that there was no evidence presented on pre-termination damages, during the hearing on Defendant's motion to amend the Court specifically questioned her on whether Plaintiff Hart had presented any evidence of pre-termination economic damages.

> [THE COURT:]  But let me ask this, what was the evidence you presented at trial of economic damages for Mr. Hart with regard to Hockett?  What was the evidence?
>
> MS. SEIBERT: For the economic damages?
>
> THE COURT: Yeah.
>
> MS. SEIBERT: Well that would be the past wage -- that would be the two-day past wage loss which was the $78,000 through Mr. –
>
> THE COURT: Two days?
>
> MS. SEIBERT: -- through Dr. Mahla.
>
> THE COURT: I'm sorry, two days?
>
> MS. SEIBERT: That would be the $78,000 for past wage loss.
>
> THE COURT: From where to where?  What was that 78,000 calculated? From what period to what period?
>
> MS. SEIBERT: That was calculated from January, 2011 through the end of December, 2013.
>
> THE COURT: No, no. No, see, because that was after.  The jury was specifically instructed, you can consider it a wage loss up to December -- and I'm going to paraphrase, 2010.  What was the evidence that you had that during that period of time, from when Mr. Hockett came on board, which I think was August of 2010, that he suffered -- Mr. Hart suffered economic loss? What was the evidence that you presented, if any?

MS. SEIBERT: If the jury understood economic loss to be actual money -- to be aside from pain and suffering and emotional distress, then the answer would be nothing, Your Honor.

(Transcript of Hearing re Defendant's Motion to Amend Damages 8:15-9:17, ECF No. 303.) During the hearing, Ms. Seibert did state that there had been no evidence of pre-termination economic loss.

The Court inquired into this area, not to address the sufficiency of the damage award, but to decide if the damage award could be for pre-termination economic damages. Had there been evidence that Plaintiff Hart sustained pre-termination wage loss the Court would have considered whether the damages awarded could reasonably have been intended to compensate Plaintiff for that loss. Since no such evidence was presented, the only logical conclusion is that the jury awarded damages for the post-termination wage loss testified to by the expert.

In his reply, Plaintiff contends that the Court erred in substituting its judgment on causation for that of the jury. However, since Defendant Hockett was entitled to absolute immunity for the termination of Plaintiff Hart, the jury was instructed that in determining economic damages for a violation of the First Amendment against Defendant Hockett, they could only consider "the reasonable value of wages, earnings, and benefits lost to December 31, 2010." (Jury Instruction No. 29, ECF No. 215.) Plaintiff misses the point that the jury was instructed that they could not award post termination damages for Defendant Hockett's conduct because he was entitled to immunity. The Court did not substitute its judgment for that of the jury on the issue of causation, but found that the jury failed to follow the jury instructions.

To the extent that Plaintiff contends that the award was intended to compensate him for non-economic damages, the issue was addressed in the order on the cross motions to amend the judgment and Plaintiff Hart does not raise any new arguments that were not previously considered by this Court. (ECF No. 282 at 7-11.)

In his reply, Plaintiff also contends that restricting economic damages to pre-January 1, 2011 was improper. (ECF No. 306 at 8.) Plaintiff may not raise new arguments in his reply. Further, the Court has previously addressed this issue in the order granting in part and denying in part the parties' motions in limine, (ECF No. 174 at 25:22-28:3), and this argument was raised

6

1  and decided by the Court during the jury instruction and verdict form conferences.  Plaintiff Hart

2  does not raise any new arguments that have not previously been considered by the Court.  To the

3  extent that Plaintiff seeks reconsideration of the issue of whether Plaintiff Hart can obtain pre-

4  termination damages for the violation of his First Amendment rights by Defendant Hockett, the

5  motion is denied.

6         **C.**       **Plaintiff Hart is Not Entitled to a New Trial**

7         Plaintiff Hart argues that since the jury found that he was injured and was entitled to

8  almost $300,000.00 in damages, reducing the award to $1.00 in nominal damages without

9  offering him a new trial violates his rights under the Seventh Amendment.  Defendant Hockett

10  responds that amending the judgment to one dollar in nominal damages did not violate the

11  Seventh Amendment as the Court did not substitute its opinion for that of the jury, but reduced

12  the damage award because the jury committed legal error.

13         Plaintiff Hart argues that the Court should follow the analysis of In re First Alliance

14  Mortg. Co. ("First Alliance"), 471 F.3d 977 (9th Cir. 2006) and grant a new trial due to the

15  erroneous damages calculation.  The Court finds that this action is distinguishable from First

16  Alliance.  In First Alliance the parties proceeded to trial on the theory that the plaintiffs could

17  receive damages for amounts actually and reasonably expended in reliance on the defendants'

18  fraud and the jury was so instructed.  471 F.3d at 1002.  After the jury had been instructed, the

19  court determined that only out of pocket damages were recoverable for the type of fraud at issue.

20  Id.  Four days after initially instructing the jury, the court reinstructed the jury providing the

21  correct instruction on damages without specifying which instructions had been altered or

22  corrected.  Id.

23         During the trial in First Alliance, the plaintiffs had presented evidence on the theory that

24  they could recover damages on a benefit of the bargain basis and had presented expert testimony

25  as to how that total would be calculated and the estimated damages on that theory.  Id.  The

26  defendants had presented an expert who testified as to damages based on the out of pocket theory

27  of damages.  Id.  The jury returned a verdict that was the average of the two experts' testimony,

28  which was based in substantial part by an improper theory of damages.  Id.  The trial court

1 denied defendants motion for a new trial or remittitur of damages.  Id.  The Ninth Circuit

2 reversed stating that "the award was based on *improperly considered* evidence, directly traceable

3 to an error that was cured too little, too late."  Id. at 1001 (emphasis in original).  The Ninth

4 Circuit reversed and remanded for the proper calculation of out of pocket damages.  Id. at 1003.

5       In this instance, Plaintiff Hart was informed prior to trial that Defendant Hockett was

6 entitled to absolute immunity and could not be held liable for post-termination damages.  After

7 Plaintiff's counsel's opening statement indicated that he was asking the jury to find Defendant

8 Hockett liable for post-termination damages, the Court instructed counsel that such damages

9 were not available.  Plaintiff Hart was aware during the trial that Defendant Hockett could not be

10 found liable for the post-termination damages and the jury was so instructed.  The jury's award

11 of post-termination damages cannot be attributed to any error during the trial of this action.

12 Further, unlike First Alliance where the amount of damages needed to be decided based upon the

13 correct theory, here there is no issue on the proper calculation of damages.   As Plaintiff

14 conceded, no evidence of pre-termination damages was presented during the trial of this action.

15       Similarly, in Apple, Inc. v. Samsung Electronics Co., Ltd., 926 F.Supp.2d 1100 (N.D.

16 Cal. 2013), the jury awarded damages based upon incorrect notice dates for some of the patents

17 which the trial court found to be excessive.  926 F.Supp.2d at 1119.  Since the court was unable

18 to accurately calculate the correct number of sales on which to base a remittitur, the court

19 ordered a new trial.  Id. at 1120.  However, Apple Inc. does not address the situation confronted

20 by the Court here, where the court does not find the award to be excessive, but that the only

21 damages found by the jury was an identifiable amount for which they were instructed damages

22 could not be awarded.

23       While Plaintiff Hart contends that this action is distinguishable from Corpus v. Bennett,

24 430 F.3d 912 (8th Cir. 2006), the Court finds that Corpus provides the appropriate analysis.  In

25 Corpus, the jury awarded the plaintiff $75,000.00 when the evidence presented at trial showed

26 that he suffered no injuries as a result of the use of excessive force.  430 F.3d at 916.  The jury

27 determined that in the absence of actual damages, $75,000.00 was appropriate to vindicate the

28 plaintiff's constitutional rights.  Id.   The court found that although the jury found that the

plaintiff's constitutional rights had been violated, an award of nominal damages was appropriate to vindicate his constitutional rights.  Id.  The district court did not err in exercising its discretion to reduce the award of damages based on the finding that the amount was unsupported by the facts.  Id. at 915.

The jury was instructed that Defendant Hockett was only liable for pre-termination damages through December 31, 2010.  The Court has considered Plaintiff's arguments and found that the jury awarded economic damages for Plaintiff Hart's post termination wage loss in violation of the instructions they were provided during the trial.  As stated in Corpus,

> [a] remittitur is a substitution of the court's judgment for that of the jury regarding the appropriate award of damages. The court orders a remittitur when it believes the jury's award is unreasonable on the facts. A constitutional reduction, on the other hand, is a determination that the law does not permit the award. Unlike a remittitur, which is discretionary with the court ... a court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause.

Corpus, 430 F.3d at 917 (quoting Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1049 (8th Cir. 2002).

Here, the Court did not find that the jury award was "unreasonable on its facts", but that the law does not permit the award.  Since the only damages the jury found were those post-termination damages for which Defendant Hockett is not liable, the Court did not err by amending the judgment under Federal Rule of Civil Procedure 59 and finding that a new trial is not required.  This Court simply exercised its mandatory duty to correct an unconstitutionally excessive verdict in conformity with the due process clause.

///
///
///
///
///
///
///
///

9

1

**IV.**

2

**CONCLUSION AND ORDER**

3     Based on the foregoing, Plaintiff Hart's motion to amend the judgment, or in the

4 alternative for a new trial, filed March 25, 2014, is DENIED.

5

6 IT IS SO ORDERED.

7   Dated:   **April 30, 2014**                                      _____

8                                                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28