1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. OYARZO and NICHOLAS HART, | Case No. 1:11-cv-01271-SAB |
| Plaintiffs, | ORDER ON PLAINTIFFS HART AND OYARZO'S MOTIONS FOR REVIEW OF TAXATION OF COSTS |
| v. | |
| TUOLUMNE FIRE DISTRICT, KENNETH HOCKETT, and TONEY POWERS, | (ECF Nos. 249, 251, 269, 270, 275, 276, 279, 284, 285, 288, 295, 296, 298) |
| Defendants. | |

## I.

## INTRODUCTION

Following the ruling on Defendants' motions for summary judgment, this action proceeded to trial on Plaintiff Oyarzo's claim that Defendant Tuolumne Fire District ("TFD") failed to compensate him for all hours worked in violation of the Fair Labor Standards Act ("FLSA"); and Plaintiff Hart's claims that Defendants Hockett and Powers retaliated against him in violation of the First Amendment, and Defendant TFD retaliated against him in violation of California Labor Code section 6310 and violated the Firefighters' Procedural Bill of Rights ("FPBR").

The trial of this action began on December 3, 2013. On December 17, 2013, the jury returned verdicts in favor of Plaintiff Oyarzo and against Defendant TFD for failure to pay for all

1

hours worked in violation of the FLSA; for Plaintiff Hart and against Defendant Hockett for retaliation in violation of the First Amendment; for Plaintiff Hart and against Defendant TFD for violation of the FPBR; and for Defendants Powers and TFD and against Plaintiff Hart on all remaining claims.  On January 21, 2014, costs were taxed against Defendant Hockett in the amount of $3,672.11.  On January 27, 2014, costs were taxed against Defendant TFD in the amount of $2,592.94.  On February 6, 2014, costs were taxed against Plaintiff Hart in the amount of $3,496.56 for Defendant Powers and in the amount of $3,496.56 for Defendant TFD.  Plaintiff Hart is seeking a review of the Clerk's orders taxing costs against Defendant TFD and the order taxing costs in favor of Defendants Hockett and TFD; and Plaintiff Oyarzo is seeking review of the order taxing against Defendant TFD.

## II.

## PROCEDURAL HISTORY

The procedure history of this case is set forth in the order on Plaintiffs Oyarzo and Hart's motions for attorney fees.  As relevant here, on January 2, 2014, Plaintiff Hart submitted a bill of costs seeking $40,568.38.  (ECF No. 234.)  Defendant Hockett filed objections to Plaintiff Hart's bill of costs on January 9, 2014.  (ECF No. 238.)  On January 15, 2014, an amended judgment was entered for Plaintiff Hart reflecting judgments in favor of Defendants TFD and Powers and against Plaintiff Hart.  (ECF No. 239.)

On January 20, 2014, Plaintiff Oyarzo submitted a bill of costs seeking $16,352.21.  (ECF No. 243.)  Costs in the amount of $3,672.11 were taxed against Defendant Hockett on January 21, 2014.  (ECF No. 244.)  Defendant TFD filed objections to Plaintiff Oyarzo's bill of costs on January 24, 2014.  (ECF No. 245.)  On January 27, 2014, taxed were costs against Defendant TFD in the amount of $2,592.94.  (ECF No. 246.)

Plaintiff Hart filed a motion for review of the Clerk's taxation of costs against Defendant Hockett on January 29, 2014.  (ECF No. 249.)  On this same date, Defendants Powers and TFD filed bills of costs against Plaintiff Hart.  (ECF Nos. 247, 248.)  Plaintiff Oyarzo filed a motion for review of the Clerk's taxation of costs against Defendant TFD on February 3, 2014.  (ECF No. 251.)  Plaintiffs filed notices of errata on February 3 and 5, 2014.  (ECF Nos. 252, 259.)  On

1  February 5, 2014, Plaintiff Hart filed objections to the bill of costs submitted by Defendants

2  Powers and TFD.  (ECF No. 262.)  On February 6, 2014, costs of $3,496.56 were taxed against

3  Plaintiff Hart for Defendant TFD and costs of $3,496.56 were taxed for Defendant Powers and

4  against Plaintiff Hart.  (ECF Nos. 266, 267.)  On February 12, 2014, Defendants Hockett and

5  TFD filed an opposition to Plaintiffs Hart and Oyarzo's motion for review of taxation of costs.

6  (ECF Nos. 269, 270.)

7         On February 18, 2014, Plaintiff Hart filed motions for review of the Clerk's taxation of

8  costs in favor of Defendants TFD and Powers.  (ECF Nos. 276, 277.)  Plaintiff Hart filed a reply

9  on February 19, 2014.  (ECF No. 279.)  On February 25, 2014, Plaintiff Hart filed a notice of

10 errata clarifying the amount of costs sought in this action.  (ECF No. 284.)  On February 26,

11 2014, Plaintiff Oyarzo filed a reply.  (ECF No. 285.)

12        On March 4, 2014, Plaintiff Hart filed a bill of costs against Defendant TFD.  (ECF No.

13 287.)  On March 5, 2014, Defendant TFD filed an opposition to the motion for review of the

14 clerk's taxation of costs.  (ECF No. 288.)  On March 7, 2014, a telephonic conference was held

15 in which the parties stipulated to amend Plaintiff Hart's original bill of costs against Defendant

16 Hockett and all subsequent related pleadings to include Defendant TFD.  The parties were

17 granted the opportunity to submit supplemental briefing based upon the stipulation.  (ECF No.

18 291.)  On March 12, 2014, Plaintiff Hart filed a reply to Defendant TFD's opposition to his

19 motion for review of the clerk's order taxing costs.  (ECF No. 295.)  On March 13, 2014,

20 Plaintiff Hart filed the supplemental briefing on the bill of costs sought against Defendant TFD.

21 (ECF No. 296.)  Defendant Hockett filed reply on March 20, 2014.  (ECF No. 298.)

22                                          **III.**

23                              **LEGAL STANDARD**

24        Federal Rule of Civil Procedure 54(d)(1) provides that "unless . . . a court order provides

25 otherwise, costs -- other than attorney's fees --should be allowed to the prevailing party."  The

26 Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity

27 with the provisions of 28 U.S.C. § 1920."  L.R. 292(a); see also Grove v. Wells Fargo Financial

28 California, Inc., 606 F.3d 557, 579 (9th Cir. 2010) (the full extent of the court's power to shift

litigation costs is defined by section 1920, absent express statutory authority).  Under 28 U.S.C. § 1920 the Court may tax costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); see also In re Paoli R.R. Yard PCB Litigation (In re Paoli), 221 F.3d 449, 458 (3d Cir. 2000) (the phrase " 'unless the court otherwise directs' makes the allowance of costs discretionary").  To overcome this presumption and deny a party costs, the district court must provide an explanation and the losing party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances.  In re Paoli, 221 F.3d at 462-63; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("losing party must show why costs should not be awarded").  The district court may apportion costs between the winning and losing parties, including apportioning costs between multiple plaintiffs or defendants on the same side.  In re Paoli, 221 F.3d at 469.

## IV.

### DISCUSSION

#### A.      Neither Plaintiff Hart Nor Defendant TFD are Prevailing Parties Entitled to Costs

Plaintiff Hart seeks costs of $16,212.82 against Defendant TFD for costs incurred in prosecuting his FPBR claim on which the jury returned a verdict in his favor.  Defendant TFD has been awarded costs of $3,496.56 against Plaintiff Hart; and Plaintiff Hart seeks to vacate the award of costs.

In the motion to vacate the award of costs for Defendant TFD, Plaintiff Hart argues that Defendant TFD is not a prevailing party because the jury did not return a verdict in Defendant

1  TFD's favor on the FPBR claim.  (Mot. to Review Clerk's Taxation of Costs in Favor of

2  Defendant TFD 3, ECF No. 275.)  Defendant TFD counters that, although the jury found in favor

3  of Plaintiff Hart on the FPBR claim, he received no relief and the finding without more is

4  insufficient to confer prevailing party status upon Plaintiff Hart.  (Def. TFD's Opp. to Pl. Hart's

5  Mot. to Review Clerk's Taxation of Costs 2, ECF No. 288.)  Plaintiff Hart argues that he is a

6  prevailing party because he had improperly placed documents removed from his personnel file.

7  (Pl. Hart's Reply to Def. TFD's Opp. 2-3, ECF No. 295.)

8       "The Supreme Court has held that, for the purpose of federal fee-shifting statutes, a party

9  is a "prevailing party" if (1) it secures a material alteration in the legal relationship of the parties

10 and (2) that alteration is judicially sanctioned."  Poland v. Chertoff, 494 F.3d 1174, 1186-87 (9th

11 Cir. 2007).  A party must receive some type of relief on the merits from a court to be considered

12 a prevailing party.  Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and

13 Human Resources, 532 U.S. 598, 603 (2001); Hewitt v. Helms, 482 U.S. 755, 759 (1987).

14      While Plaintiff Hart argues that he has obtained some relief entitling him to prevailing

15 party status, the Court has addressed this issue in regards to the nominal damages.  (See Order

16 Denying Pl. Hart's Mot. for Attorney Fees III.B.1.b.)  The Court finds this argument

17 unpersuasive in regards to the FPBR claim for several reasons.  First, Plaintiff did not have

18 standing to receive injunctive relief for violation of the FPBR.  (Order re Damages 4-5, ECF No.

19 236.)  Further, to the extent that Plaintiff Hart had requested such relief, Defendants voluntarily

20 granted the relief without any intervention by the Court.  (Order on Stip. Re Withdrawal of Pl.

21 Hart's Request for Court Order 232, ECF No. 231.)

22      In Poland, the Ninth Circuit addressed the issue where the plaintiff obtained a favorable

23 judgment but no damages or other form of relief.  494 F.3d at 1187.  The appellate court found

24 that the plaintiff was not a prevailing party and vacated the order granting attorney fees and

25 costs.  Id.  Similarly here, Plaintiff Hart has not obtained any damages or other form of relief on

26 the FPBR claim.  In these circumstances, the Court finds that neither Plaintiff Hart nor

27 Defendant TFD are entitled to prevailing party status and both parties' request for costs are

28 denied.  According, the order taxing costs to Plaintiff Hart shall be vacated (ECF No. 266), and

Plaintiff Hart's bill of costs against Defendant TFD is denied.

**B.    Plaintiff Hart's Motion for Review of Clerk's Taxation of Costs in Favor of Defendant Powers**

On February 6, 2014, in response to a bill of costs submitted by Defendant Powers, the Clerk taxed costs of $3,496.56 against Plaintiff Hart.  (ECF No. 267.)  Plaintiff Hart objects to the costs of $150.00 for the deposition attendance fee of James Maltese.  (ECF No. 276.)

Plaintiff Hart contends that the $150.00 attendance fee was improper because it was Plaintiff who noticed the deposition.  In the bill of costs, Defendant Powers sought $12.50 in costs.  Plaintiff Hart requests that the bill of costs be reduced to $3,484.06.  Defendant Powers did not file an opposition to the motion.  Accordingly, Plaintiff Hart's motion for review of the Clerk's taxation of costs is granted.  The bill of cost filed on February 6, 2014, is amended to tax costs of $3,484.06 against Plaintiff Hart.

**C.    Plaintiffs Oyarzo and Hart's Motions for Review of Clerk's Taxation of Costs Against Defendants Hockett and TFD**

Plaintiff Hart has submitted a motion for review of the taxation of costs seeking $18,993.65[1] against Defendant Hockett and $16,212.82 against Defendant TFD.[2]  (Pl. Nicholas Hart's Suppl. Briefing Re Costs 4,[3] ECF No. 296.)  Plaintiff Oyarzo's motion seeks costs in the amount of $15,806.36; or if the Court finds that costs should be shared equally, in the amount of $27,988.59.[4]  (Pl. Benjamin Oyarzo's Motion to Review Taxation of Costs 3, ECF No. 251.) Defendants oppose the request for costs arguing that Plaintiffs are attempting to seek costs that are unrelated to the claims upon which they succeeded at trial or that were incurred in prosecuting the action by the losing plaintiff.  (Def. Hockett's Opp. to Pl. Hart's Mot. to Review Clerk's Taxation of Costs 2, ECF No. 270; Def. TFD's Opp. to Pl. Oyarzo's Mot. to Review Clerk's Taxation of Costs 4, ECF No. 269.)

In determining the costs to be awarded, the Court is to exercise its discretion and only

---

[1] Plaintiff Hart was originally seeking costs of $40,170.83.  (ECF No. 249.)  This amount was amended in the notice of errata filed February 25, 2014.  (ECF No. 284.)

[2] As discussed supra at IV.A, Plaintiff Hart's motion is denied as it pertains to Defendant TFD.

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[4] In his reply, Defendant Oyarzo reduces this amount by $805.48.  (ECF No. 285 at 6.)

1    allow taxation of costs for materials that were "necessarily obtained for use in the case" and for

2    an amount that is reasonable.  Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

3    The proper inquiry is whether the costs were reasonable at the time that they were incurred.

4    Jackson v. City of Pittsburg, No. C 09-01-16 WHA, 2013 WL 3187326, at *2 (N.D. Cal. June

5    21, 2013).

6         In this action, Defendants contend that costs should be apportioned between the six

7    defendants and the two plaintiffs, arguing that it would be unequitable to award costs against

8    Defendant Hockett where his liability is limited to specific acts that occurred from August

9    through December of 2010.  (ECF No. 270 at 3-5; 9-10, 11-12, 13-14.)  Plaintiffs argue that

10   pursuant to Hensley v. Eckerhart, 461 U.S. 424 (1983), this lawsuit cannot be viewed as a series

11   of discrete claims, and costs should be awarded as if only Defendant Hockett were proceeding on

12   his First Amendment claim.  (ECF No. 279 at 3.)

13        The Court declines to adopt the position of either party.  This action is distinguishable

14   from Hensley as that action involved a single count claim under 42 U.S.C. § 1983.  461 U.S. at

15   427.  The Court does agree that the costs should be apportioned by determining if they were

16   necessarily incurred in prosecuting Plaintiff Hart's First Amendment claim against Defendant

17   Hockett (ECF No. 279 at 2), or in prosecuting Plaintiff Oyarzo's FLSA claim against Defendant

18   TFD.  However, in apportioning costs, the Court also considers that Plaintiffs did not prevail

19   against the remaining four defendants and on the majority of the claims brought in this action.

20        In this action, Plaintiffs brought thirteen claims against six defendants alleging multiple

21   constitutional, statutory and state law violations that were based upon discrete facts.  At the time

22   that the majority of the costs were incurred, this action was proceeding on Plaintiffs Oyarzo and

23   Hart's claims against all defendants on all claims alleged in the amended complaint.[5]

24   _____
     [5] The amended complaint in this action was brought by 1) Plaintiffs Oyarzo and Hart against Defendant TFD for

25   violation of the Fair Labor Standards Act; 2) Plaintiffs Oyarzo and Hart against Defendants TFD, Turner, Hockett,
     Machado, Hutchins, and Powers for unlawful deterrence in violation of the First Amendment; 3) Plaintiff Oyarzo

26   against Defendants TFD, Turner, Hockett, Machado, Hutchins, and Powers for retaliation in violation of the First
     Amendment; 4) Plaintiff Hart against Defendants TFD, Turner, Hockett, Machado, Hutchins, and Powers for

27   retaliation in violation of the First Amendment; 5) Plaintiffs Oyarzo and Hart for denial of due process in violation
     of the Fourteenth Amendment; 6) Plaintiffs Oyarzo and Hart against Defendant TFD for violation of their civil

28   rights; 7) Plaintiffs Oyarzo and Hart against Defendant TFD for retaliation for reporting safety violations in
     violation of California Labor Code section 6310; 8) Plaintiffs Oyarzo and Hart against Defendant TFD for

1    In addressing an award of attorney fees, the Ninth Circuit has stated that a plaintiff is not

2    eligible to receive fees "for time spent on unsuccessful claims that are unrelated to a plaintiff's

3    successful § 1983 claim."  McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2009).

4    These unrelated claims are to be treated as if they were raised in a separate lawsuit to realize

5    "congressional intent to limit awards to prevailing parties."  McCown, 565 F.3d at 1103 (quoting

6    Hensley, 461 U.S. at 435).  However, where a lawsuit involves related claims, a plaintiff who has

7    won substantial relief should not have his attorney fees reduced because he did not prevail on all

8    related claims.  Hensley, 461 U.S. at 440.  Claims are related where they involve a common core

9    of facts or are based on related legal theories.  Id. at 435.

10    Where a plaintiff has had limited success on the claims brought in the action, the Ninth

11    Circuit has instructed courts to follow a two-step analysis:

12         First, the court asks whether the claims upon which the plaintiff failed to prevail
          were related to the plaintiff's successful claims. If unrelated, the final fee award
13         may not include time expended on the unsuccessful claims. If the unsuccessful
          and successful claims are related, then the court must apply the second part of the
14         analysis, in which the court evaluates the "significance of the overall relief
          obtained by the plaintiff in relation to the hours reasonably expended on the
15         litigation." If the plaintiff obtained "excellent results," full compensation may be
          appropriate, but if only "partial or limited success" was obtained, full
16         compensation may be excessive. Such decisions are within the district court's
          discretion.
17
Schwarz v. Secretary of Health  Human Services, 73 F.3d 895, 901-902 (9th Cir. 1995) (citations
18
omitted).  In Schwarz the Ninth Circuit explained that in determining whether claims are related
19
"the focus is to be on whether the unsuccessful and successful claims arose out of the same
20
'course of conduct.'  If they didn't they are unrelated under Hensley."  Id. at 903.
21
22    The allegations in the amended complaint do not involve a common core of facts but

23    involve multiple incidents that occur from March 1, 2009 through December 31, 2010.  Plaintiffs

---

24    retaliation for disclosing statutory violations in violation of California Labor Code section 1102.5; 9) Plaintiffs
     Oyarzo and Hart against Defendant TFD for violations of the FPBR; 10) Plaintiff Oyarzo against Defendant TFD for
25    age discrimination in violation of California Government Code section 12940, et seq.; 11) Plaintiff Oyarzo against
     Defendant TFD for marital status discrimination; 12) Plaintiff Hart against Defendant TFD for retaliation due to his
26    association with Plaintiff Oyarzo in violation of Government Code section 12940, et seq.; and 13) Plaintiff Oyarzo
     against Defendants Turner and Hutchins for harassment and Plaintiff Hart against Defendants Hockett and Powers
27    for harassment in violation of California Government Code section 12940, et seq.  (ECF No. 25.)
          Plaintiffs Oyarzo and Hart's claims against Defendant Machado were dismissed on April 19, 2013.  (ECF
28    No. 64.)  Plaintiff Hart's FLSA claim against Defendant TFD was dismissed on May 3, 2013.  (ECF No. 74.)

1  Oyarzo and Hart complained that they were not paid overtime from March 1, 2009 through June
2  8, 2010. Plaintiffs Oyarzo and Hart's FLSA claims terminate in June 2010, two months prior to
3  Defendant Hockett being seated on the TFD Board.

4      Similarly, Plaintiff Oyarzo complains that he began to suffer retaliation in the spring of
5  2010. Plaintiff Hart alleges that he began to suffer retaliation in June 2010 when Defendant
6  Powers began working on his shift and took over duties previously assigned to Plaintiff Hart.
7  This activity also occurs months prior to Defendant Hockett's involvement with TFD. Plaintiff
8  Hart's retaliation claims against Defendant Hockett are based upon investigations that he alleged
9  were retaliatory. Work on the FLSA claims cannot be deemed to have been expended on behalf
10 of Plaintiff Hart's claim against Defendant Hockett. Hensley, 461 U.S. at 435.

11     Also, while Plaintiff Hart prevailed on his FPBR claim against Defendant TFD, the acts
12 that were found to violate the FPBR were the same acts for which the jury found liability against
13 Defendant Hockett. Plaintiff Hart only prevailed on those claims associated with the acts of
14 Defendant Hockett and no other individual defendant in this action.

15     As relevant to Defendant Hockett, he was not elected and seated on the TFD Board of
16 Directors until the middle of August 2010. By this time, Plaintiffs Oyarzo and Hart allege that
17 they had been subjected to retaliation for months by TFD employees and directors of the TFD
18 Board. A significant portion of the events alleged in this action cannot be attributed to
19 Defendant Hockett as he had no association with TFD at the time that they occurred. Also, given
20 Defendant Hockett's position on the Board of Directors, he has been found to be entitled to
21 absolute immunity for his actions taken as a board member in the reorganization of TFD. (ECF
22 No. 25 at 13-23.) Finally, the discovery in this action also proceeded on Plaintiff Hart's FLSA
23 claims against Defendant TFD and these costs are not taxable to Defendants Hockett or TFD by
24 this motion.

25     The Court finds that, given the multiple claims that were proceeding in this action, the
26 limited amount of time that Defendant Hockett was involved with TFD, and his entitlement to
27 absolute immunity for his functions as a board member, awarding Plaintiff Hart costs against
28 Defendant Hockett for costs incurred in prosecuting the claims that were proceeding against

1    other defendants who ultimately prevailed in this action would be unequitable under the

2    circumstances.[6]

3            Similarly, Plaintiff Oyarzo's only remaining claim at trial was for failure to pay wages

4    for all hours worked in violation of the FLSA.  Awarding Plaintiff Oyarzo the costs associated

5    with those claims on which he did not prevail against the other defendants in this action, which

6    are in no way related to the FLSA claims, would be inequitable to Defendant TFD.

7            Since neither party has completely prevailed in this action, the Court has broad discretion

8    in apportioning costs.  Gorelangton v. City of Reno, 638 F.Supp. 1426, 1432 (D. Nev. 1986).

9    This action involved thirteen causes of action brought by both Plaintiff Oyarzo and Hart against

10   the six defendants.  The Court views the amended complaint as generally alleging two separate

11   claims: 1) the FLSA claims; and 2) the claims from spring of 2010 through December 2010

12   (hereafter "retaliation claims").

13           The first cause of action, which is the only claim upon which Plaintiff Oyarzo prevailed,

14   was the FLSA claim.  As previously discussed, this claim is unrelated to the other claims that

15   were proceeding in this action.  Further, because both Plaintiffs Oyarzo and Hart were pursing

16   FLSA claims against Defendant TFD, Plaintiff Oyarzo did not solely incur the costs of

17   prosecuting these claims and Plaintiff Hart may not seek his portion of these costs on the basis of

18   those claims on which he prevailed at trial.  Additionally, many of the costs that Plaintiff Oyarzo

19   is seeking in this action do not relate solely to his pursuit of the FLSA claim, but sought

20   discovery on his and Plaintiff Hart's claims on which Defendants prevailed at summary

21   judgment.

22           As discussed in the order on Plaintiffs' motion for attorney fees, in this action, the

23   retaliation claims comprised the majority of the costs which accrued.  The Court shall apportion

24   thirty percent of the costs of this action for the prosecution of the FLSA claims and this amount

25   shall be apportioned equally between Plaintiffs Oyarzo and Hart.  (See Order Granting in Part Pl.

26   Oyarzo's Motion for Attorney Fees 9-12.)  Accordingly, for those costs which it is determined

27   _____

28   [6] In a prior award of costs in this action, District Judge O'Neill apportioned the costs of depositions between the six
     defendants to this action and awarded Defendants Hutchins and Turner costs.  Oyarzo v. Tuolumne Fire Dist., 2013
     WL 5718877, (E.D. Cal. Oct. 18, 2013).

1  were incurred in prosecuting all claims, Plaintiff Oyarzo's costs associated with his FLSA claim

2  shall be awarded at fifteen percent.

3      The remaining seventy percent of the costs were incurred in prosecuting Plaintiffs Oyarzo

4  and Hart's remaining claims.  These costs shall be apportioned between the defendants in this

5  action.  Accordingly for those costs are determined to be incurred in prosecuting all claims, the

6  Court shall award Plaintiff Hart twelve percent of the costs.[7]

7      In reviewing the requests for costs, the Court shall consider which claims were

8  proceeding at the time that the costs were incurred and if the costs were necessarily obtained in

9  prosecuting the claim upon which the plaintiff prevailed at trial.  Unless otherwise specified, the

10  Court finds that it is appropriate to apportion all costs that can be attributed to the claim on which

11  Plaintiffs Oyarzo or Hart prevailed as discussed herein.

12      **D.      Fees of the Clerk**

13      Plaintiffs Hart and Oyarzo each seek $350.00 for the filing fee in this action.  Plaintiff

14  Hart initially filed a suit that was consolidated with the instant case, and a filing fee was paid in

15  each action.  Accordingly, each plaintiff is entitled to the filing fee of $350.00 which is taxable

16  under 28 U.S.C. §1920(1).

17      However, at the time that each action was filed the suits were proceeding against five

18  separate defendants.  Plaintiff Oyarzo's complaint in this action was against Defendants TFD,

19  Turner, Hutchins, Hockett, and Machado.  (ECF No. 1.)  Plaintiff Hart's complaint in case No.

20  1:11-cv-01272-LJO-DLB was against Defendants TFD, Turner, Powers, Hockett, and Machado.

21  (ECF No. 1.)

22      Therefore, the filing fees in each case shall be apportioned between the five defendants.

23  Plaintiff Hart is awarded $70.00 and Plaintiff Oyarzo is awarded $70.00 for filing fees.

24

25  ---

[7] In awarding twelve percent (70% divided by 6 Defendants), the Court considers that, although the jury found for
26  Plaintiff Hart and against Defendant TFD on his FPBR claim, he is not entitled to any award of damages for the
violation and cannot receive injunctive relief since he no longer is employed by TFD.  Accordingly, the Court finds
27  that considering the number of claims upon which Defendant TFD prevailed both at summary judgment and trial,
and that the costs associated with this claim are the same as those associated with the retaliation claim against
28  Defendant Hockett, twelve percent is a reasonable percentage of costs to award based upon Plaintiff Hart's limited
success in this action.

1    **E.      Fees for Printed or Electronically Recorded Transcripts**

2    Plaintiff Hart is seeking $13,593.58 in fees for printed or recorded transcripts.  (ECF No.

3    284 at 2.)  Plaintiff Oyarzo is seeking $10,360.09 in fees for printed or recorded transcripts.

4    (ECF No. 251 at 9.)  Initially, Plaintiff Hart was seeking costs for forty-two depositions.  By his

5    reply, Plaintiff Hart is now seeking costs for twenty depositions and Plaintiff Oyarzo is seeking

6    costs for seventeen depositions.

7    Section 1920(2) permits taxation for the costs of reproducing printed or electronically

8    recorded transcripts necessarily obtained for the case.  To decide the appropriateness of Plaintiffs

9    Hart and Oyarzo's requests, the Court must determine if the depositions were necessarily

10   obtained for the case.  Under Ninth Circuit precedent it is clear that a document need not be

11   offered as evidence to have been necessarily obtained for the case.  In re Ricoh, 661 F.3d at

12   1369.  However, depositions that are purely investigative or merely for the convenience of

13   counsel may not be taxed against the opposing party.  Michaels v. Taco Bell Corp., No. 3:10-cv-

14   01051-AC, 2013 WL 5206347, at *3 (Sept. 13, 2013).  In other words, to be taxable depositions

15   must not merely be for discovery.  Arboireau v. Adidas Salomon AG, 2002 WL 31466564, at *5

16   (D. Or. June 14, 2002).

17         1.     Defendants' Objections

18         **a.      Objections to Costs**

19   Defendants object that Plaintiffs are seeking costs that are not enumerated in the statute

20   such as the reporter's attendance fees, shipping fees, service or late fees, and mileage or travel

21   fees.  Some courts find that fees for the delivery costs of deposition transcripts are not mentioned

22   in § 1920 and are routinely excluded as taxable costs.  Frederick v. City of Portland, 162 F.R.D.

23   139, 146 (D. Or. 1995); see Blanton v. County of Sacramento, No. 2:09-cv-01832-MCE-CKD,

24   2013 WL 3283216, at *2 (E.D. Cal. June 27, 2013); Davila v. County of San Joaquin, No. 2:06-

25   cv-02691-LKK-EFB, No. 2012 WL 1669640, at *3 (E.D. Cal. May 11, 2012).  Other courts tax

26   the shipping and handling costs finding "they are associated with court reporters' fees and were

27   necessarily incurred in order to obtain the transcripts."  Jones v. County of Sacramento, No. CIV

28   S-09-1025 DAD, 2011 WL 3584330, at *2 (E.D. Cal. Aug. 12, 2011) (quoting Nielsen v.

Trofholz Technologies, Inc., No. CIV. 2:09–960 WBS KJN, 2010 WL 5136164 at *2 (E.D.Cal. Dec.9, 2010)).  This Court agrees that the costs for shipping and handling, as well as attendance and mileage fees, are associated with the court reporter's fees and are therefore necessarily incurred to obtain the transcripts.  These items will be allowed as taxable costs.

Defendants also object to the costs for an additional copy of the transcripts.  Neither section 1920(2) nor the Local Rule address the number of copies that may be included in a bill of costs.  However, several cases in the Eastern District have addressed this issue and found that courts may not tax the costs of transcripts that are merely provided for the convenience of the attorneys.  Thein v. Feather River Community College, 2013 WL 4012637, at *3 (E.D. Cal Aug. 6, 2013) (allowing costs for only original where party did not show that copy was necessarily obtained for use in action); McKesson Info. Solutions, Inc. v. Bridge Med., Inc., No. civ. S-02-2669 FCD KJM, 2007 WL 1139557, at *1 (E.D. Cal. April 17, 2007) (cost of deposition transcript were divided in half where two copies were provided); Cargill Inc. v. Progressive Dairy Solutions, Inc., No. 1:07-cv-0349-LJO-SMS, 2008 WL 5135826, at *4 (E.D. Cal. Dec. 8, 2008) (allowing for two copies of deposition transcript where one was complimentary).

The Court finds that Plaintiffs would be entitled to an original and one copy of the deposition transcript.  Plaintiff Hart has included a declaration from California Reporters stating that there is no additional charge for the copy of the transcript that is provided in addition to the original transcript.  (ECF No. 249-2.)  Accordingly, the Court shall award the entire amount charged for the transcripts by Central California Reporters.  However, the invoices of Central California Reporters also show a charge for a copy of the condensed transcript.  Invoices by other providers also bill for a condensed transcript, CD, or both.  The additional condensed transcript and charges for a CD of the deposition are provided for the convenience of the attorneys.  For each deposition for which costs are allowed, the Court shall award for costs for the original and one copy of the transcript, additional costs for condensed transcripts or CDs shall not be taxed as costs.

Plaintiffs Oyarzo and Hart are seeking to tax costs for video recording several of the depositions taken during the pendency of this action and Defendants Hockett and TFD object to

1   these costs.  Plaintiff Oyarzo argues that his video deposition was necessarily obtained during the

2   use of the trial as it was used to prepare him for trial.  However, the use of a video deposition to

3   prepare the plaintiff for trial would be for the convenience of counsel and not necessarily

4   obtained for use at trial.

5          Plaintiff Oyarzo further contends that the video deposition of Mr. Turner was necessary

6   due to his "advanced age" and Ms. Hutchin's video deposition was necessary due to her "health

7   conditions" without elaborating further.  (ECF No. 285 at 6.)  The depositions of Mr. Turner and

8   Ms. Hutchins were taken in September and October of 2012 respectively.   While Plaintiff

9   Oyarzo cites Mr. Turner's "advanced age" and Ms. Hutchins "health problems," the Court

10   observed these witnesses at trial in December 2013 and their appearance did not support this

11   contention that their age or physical condition was such that there was a danger of their not being

12   available for the trial of this action.

13          These videos were not used during the trial of this action and Plaintiffs Hart and Oyarzo

14   have not shown that video recording the depositions was "necessarily obtained" for use in this

15   trial, rather than merely for the convenience of counsel.  The Court finds these expenses are not

16   reasonable and the costs for video recording depositions will not be taxed.

17         **b.**      **Objections to Specific Depositions**

18          Plaintiff Hart is seeking costs for his deposition and the depositions of Plaintiff Oyarzo,

19   Deborah Russell-Bautista, Stephenie Burns, Ben Orr, Charles Mahla, Paul Stein, Kenneth

20   Hockett, Darlene Hutchins, James Manske, Colleen Murray, Mike Noonan, Nick Ohler, Jason

21   Podesta, Toney Powers, Jeremy Proctor, Constantine Boubalos, Virginia Van Bolt, Marcella

22   Wells, Craig Enos, and Scott Kenley.[8]

23          Defendant Hockett opposes the costs of the depositions of Nicholas Ohler (PMK and

24   individual), Michael Noonan, Constantine Boubalos, Virginia Van Bolt, Paul Stein, Jeremy

25   Proctor, and James Manske arguing they are not relevant to the retaliation claim against

26

27   [8] In his reply, Plaintiff Hart has withdrawn his request for costs for the depositions of Rex Buthman, James Rafferty, James Maltese, Joseph Turner, Grant Miller, Brian Machado, Julie Henriques, Craig Pedro, Larry Houseburg,

28   William Hutchins, Sean McKernan, David Moore, Beth DeLima, Laurence Crabtree, Justin Birtwhistle, Tim Wertz, and Kevin Booth.  (ECF No. 279.)

1    Defendant Hockett.  (ECF No. 270 at 9-10.)  Defendant Hockett's liability arose after he became

2    a board member at TFD in August of 2010, and is limited to specific actions from August

3    through December 2010.  (Id. at 9-10.)

4        Plaintiff Hart contends that these individuals were identified in Defendants Rule 26

5    disclosures as "Individuals Likely to Have Discoverable Information" and their depositions were

6    necessary to the prosecution of the claims against Defendant Hockett because they were

7    identified as percipient witnesses.  (ECF No. 249 at 9.)  The fact that these witnesses were

8    identified in Rule 26 disclosures does not make their depositions taxable against Defendant

9    Hockett.  Plaintiff Hart's retaliation claims against Defendants Powers and TFD arose in June

10   2010, however the claims against Defendant Hockett did not arise until sometime after he was

11   seated on the board in the middle of August 2010.  At this time, some of these witnesses were no

12   longer associated with TFD, and therefore, would not be percipient witnesses to any actions by

13   Defendant Hockett against Plaintiff Hart.

14       To the extent that costs were incurred in prosecuting the retaliation claims brought by

15   Plaintiff Hart, he may recover his portion of the costs.  Plaintiff Hart argues that the costs

16   associated with Plaintiff Oyarzo's retaliation claims are directly relevant to his retaliation claims;

17   and he requests these costs be taxed against Defendant Hockett.  Although Plaintiff Hart asserted

18   that he was being retaliated against for speaking out against the alleged retaliation of Plaintiff

19   Oyarzo, the costs associated with Plaintiff Oyarzo's retaliation claim are not recoverable by

20   Plaintiff Hart.  While Plaintiff Hart contends that these costs are so interwoven as to be

21   inextricable from one another, the Court finds this is not the case.  Plaintiff Oyarzo has alleged

22   specific incidents by specific individuals that occurred prior to Plaintiff Hart alleging any

23   retaliatory acts.  The costs associated with Plaintiff Oyarzo's claims can be separated from those

24   associated with Plaintiff Hart's claims as they involve different witnesses and events.  Further,

25   the costs incurred in prosecuting Plaintiff Oyarzo's retaliation claims did not contribute to

26   Plaintiff Hart's ultimate victory in the lawsuit.  Cabrales v. County of Los Angeles, 935 F.2d

27   1050, 1052 (9th Cir. 1991).

28       While it was clear that Plaintiff Hart was attempting to connect Defendant Hockett with

15

1   Defendant TFD and its actions against Plaintiff Oyarzo prior to his being seated on the Board,

2   depositions that are purely investigative may not be taxed against the opposing party.  Michaels,

3   2013 WL 5206347, at *3.  The cost associated with Plaintiff Oyarzo's retaliation claims are not

4   taxable to Plaintiff Hart.  Arboireau, 2002 WL 31466564, at *5.

5       It is the prevailing party's burden to establish "that the expenses he seeks to have taxed as

6   costs are authorized by applicable federal law, including proof of necessity and reasonableness

7   under 28 U.S.C. § 1920."  Berryman, 161 F.R.D. at 344.  Plaintiff Hart has not met his burden of

8   establishing that the depositions of Nicholas Ohler (individual), Michael Noonan, Constantine

9   Boubalos, Virginia Van Bolt, Paul Stein, Jeremy Proctor, and James Manske were necessarily

10  obtained in this action.  In re Ricoh, 661 F.3d at 1368.  The Court shall not award Plaintiff Hart

11  costs for these depositions.

12      Plaintiff Oyarzo is seeking costs for the depositions of himself, Deborah Russell-Bautista,

13  Stephenie Burns, Ben Orr, Charles Mahla, Beth DeLima, Darlene Hutchins, Marcella Wells, Tim

14  Wertz, Joseph Turner, Craig Enos, Lawrence Crabtree, Defendant Hockett (PMK), and Nicholas

15  Ohler (PMK).  Defendant TFD objects to costs for the depositions of Nicholas Ohler (PMK),

16  Defendant Hockett (PMK), Deborah Russell-Bautista, Marcella Wells, Beth De Lima, and Tim

17  Wertz claiming they were not necessarily obtained in prosecuting Plaintiff Oyarzo's FLSA claim

18  against Defendant TFD.

19      Defendants object to the depositions of Nicholas Ohler and Kenneth Hockett who were

20  deposed as the person most knowledge during this action.  Plaintiff Oyarzo contends that these

21  depositions included Plaintiff Oyarzo's job duties and performance, investigations into Oyarzo,

22  Tuolumne Fire District's personnel policies and procedures, the scheduling of TFD employees,

23  and the records retention policy.  The issues included in these depositions related to all claims

24  against all defendants to this action and to both Plaintiffs Oyarzo and Hart's FLSA and

25  retaliation claims.  Specifically, in relation to Plaintiff Oyarzo's FLSA claim, the issues of his

26  job duties, scheduling of employees, and personnel policies and procedures would relate to the

27  FLSA claim.  The depositions of Nicholas Ohler and Kenneth Hockett as person most

28  knowledgeable are taxable to TFD on the FLSA claim and to Plaintiff Hart's retaliation claim

1   and shall be taxed accordingly.

2         Defendant TFD objects to Plaintiff Oyarzo's request to award costs for the depositions of

3   Marcella Wells and Tim Wertz.  Plaintiff Oyarzo states that these individuals were identified in

4   the Rule 26 disclosures as individuals likely to have discoverable information or knowledge of

5   the actions of Plaintiffs Oyarzo or Hart or TFD Board of Director's activities.  Ms. Wells was the

6   secretary for TFD and worked at the fire station during the relevant time period for all the claims

7   proceeding in this action.  Her deposition would be relevant to Plaintiff Oyarzo's claims that he

8   was constantly at the fire station which is the basis of his FLSA claim, as well as all other claims

9   that were brought in this action.  Ms. Wells' deposition shall be taxed against Defendant TFD.

10        Plaintiff's initial Rule 26 disclosure identified Mr. Wertz as having knowledge of TFD's

11  Board of Director's activities during the relevant time period, including the decision to

12  investigate Plaintiff Oyarzo and the reasons behind the decision to downsize TFD.  (ECF No.

13  251-1 at 65.)  Plaintiff Oyarzo contends that Mr. Wertz was a board member during the time

14  when his FLSA claim arose and Mr. Wertz' deposition was taken to illustrate the Board's

15  knowledge of Plaintiff Oyarzo's unpaid work.  However, the fact that Plaintiff Oyarzo deposed

16  Mr. Wertz to determine if he had knowledge that Plaintiff Oyarzo was working without

17  compensation is merely investigatory in nature.  Mr. Wertz was not called at trial to testify to any

18  such knowledge.  Plaintiff Oyarzo has not shown that the deposition of Mr. Wertz was

19  necessarily obtained in the prosecution of his FLSA claim and the deposition shall not be taxed

20  against Defendant TFD.

21        Defendant TFD also objects to the depositions of experts Deborah Russell-Bautista and

22  Beth De Lima.  Plaintiff Oyarzo argues that the deposition of Ms. De Lima was taken regarding

23  TFD's policies and procedures which was directly relevant to determining whether he was owed

24  overtime based upon the "96/14" or "212/28' scenarios.  (ECF No. 285 at 5.)  Ms. De Lima was

25  also retained to testify to the policies and procedures of TFD and the human resources standard

26  for conducting a reduction in workforce which was relevant to Plaintiffs Hart and Oyarzo's

27  retaliation claims which were still proceeding at the time that she was deposed.  Plaintiff Oyarzo

28  is entitled to recover the portion of Ms. De Lima's deposition costs related to his FLSA claim, as

1   discussed below, in the amount of $63.25.

2          Plaintiff Oyarzo contends that the September 25, 2012 deposition of Ms. Russell-Bautista

3   was necessarily obtained as it concerned in part the payroll records of TFD.  (ECF No. 285 at 5.)

4   Ms. Russell-Bautista is the Tuolumne County Auditor and, as such, dealt with the TFD Board on

5   the issues of the budget shortfall that was occurring within the department.  In this capacity, Ms.

6   Russell-Bautista's deposition was directly relevant to Plaintiffs Oyarzo and Hart's claims that

7   their termination was in retaliation for their speech and the budgetary issues were pretextual.

8   Plaintiff Oyarzo shall be awarded costs for the portion of Ms. Russell-Bautista's depositions that

9   were related to his FLSA claim, as discussed below, in the amount of $35.18.

10          2.     Depositions

11          **a.     Deposition of Plaintiff Hart**

12          Plaintiff Hart's deposition was taken on April 24, 2012.  The taxable costs of this

13   deposition are $867.80.  (ECF No. 234-3 at 25.)  Plaintiff Hart seeks costs for his second

14   deposition on December 11, 2012.  The taxable costs of this deposition are $386.20. (ECF No.

15   234-3 at 67.)  The taxable costs of these depositions are $1,254.00.  Plaintiff Hart is awarded

16   costs of $150.48 for the April 24, 2012 and December 11, 2012 depositions.

17          Plaintiff Oyarzo does not seek costs for the deposition of Plaintiff Hart.

18          **b.     Deposition of Plaintiff Oyarzo**

19          Plaintiffs Oyarzo and Hart seek the costs for Plaintiff Oyarzo's two depositions.  The

20   taxable cost of the deposition of Plaintiff Oyarzo on April 25, 2012, is $917.90.  (ECF No. 243-3

21   at 20.)  The second deposition of Plaintiff Oyarzo occurred on December 11, 2012.  The taxable

22   costs for this deposition are $533.15.  (ECF No. 243-3 at 47.)  The taxable costs of these

23   depositions are $1,451.05.  Plaintiff Oyarzo is awarded costs of $217.66; and Plaintiff Hart is

24   awarded costs of $174.13 for the depositions of Plaintiff Oyarzo.

25          **c.     Deposition of Defendant Hockett**

26          Plaintiff Hart seek costs for two depositions of Defendant Hockett.  Plaintiff Oyarzo

27   seeks costs for the deposition of Defendant Hockett taken as the person most knowledgeable

28   (PMK).

                                        18

1    Plaintiff Hart seek costs for a deposition of Defendant Hockett on October 29, 2012.

2    (ECF No. 234-3 at 45.)  The taxable costs of the deposition of Defendant Hockett are $1,345.15.

3    Defendant Hockett was not associated with TFD when the FLSA claims accrued, and costs shall

4    not be allocated to these claims.  However, both Plaintiffs Oyarzo and Hart were prosecuting

5    claims against Defendant Hockett and these costs shall be allocated equally between the

6    plaintiffs' retaliation claims.  Plaintiff Hart is awarded costs of $672.58 in costs for the

7    deposition of Defendant Hockett on October 29, 2012.

8    Defendant Hockett was deposed as the person most knowledgeable on August 30, 2013.

9    The taxable costs for the August 30, 2013 deposition are $2,037.25.[9]  (ECF No. 234-3 at 33.)

10   Accordingly, Plaintiff Oyarzo is awarded $305.59; and Plaintiff Hart is awarded $244.47 for the

11   August 30, 2013 deposition of Defendant Hockett.

12          **d.      Depositions of Co-Defendants**

13   Plaintiff Oyarzo seeks to recover costs for the deposition of Joseph Turner on September

14   10, 2012.[10]  (ECF No. 243-3 at 34.)  The costs taxable for the deposition of Joseph Turner are

15   $2,058.40.  Plaintiff Oyarzo is awarded $308.72 for the deposition of Joseph Turner.

16   Both Plaintiffs seek to recover costs for the deposition of Darlene Hutchins on October 9,

17   2012.  (ECF No. 243-3 at 46.)  The costs taxable for the deposition of Darlene Hutchins are

18   $1,480.20.  Plaintiff Oyarzo is awarded costs of $222.03 and Plaintiff Hart is awarded costs of

19   $177.62 for the deposition of Darlene Hutchins.

20   Plaintiff Hart seeks to recover costs for the deposition of Defendant Powers on October

21   22, 2012.  (ECF No. 234-3 at 56.)  Defendant Powers became the acting fire chief after Plaintiff

22   Oyarzo was placed on leave.  Based on this position, the Court allocates the costs of his

23   depositions between all claims.  The costs taxable for the deposition of Defendant Powers are

24   $1,582.40.  Plaintiff Hart is awarded costs of $189.89 for the deposition of Defendant Powers.

25

---

26   [9] The page cost for all depositions by Atkinson-Baker includes the original and one copy.  The Court does not award
     costs for the cd or condensed transcript finding they are provided for the convenience of counsel.  Additionally, the

27   service fees on the account due to failure to pay within thirty days are not taxable costs to defendants.  All costs for
     Atkinson-Baker depositions shall be awarded in this same manner.

28   [10] As discussed supra, Plaintiff Hart's request for costs for the deposition of Joseph Turner has been withdrawn.

1            e.     **Board Member Depositions**

2            Plaintiffs Oyarzo and Hart seek costs for the depositions of Stephenie Burns and Ben

3     Orr.[11]

4            Stephenie Burns was deposed on October 15 and 16, 2012.  The taxable costs for the

5     October 15, 2012 deposition are $600.15.  (ECF No. 234-3 at 48.)  The taxable costs for the

6     October 16, 2012 deposition are $767.80.  (ECF No. 234-3 at 47, 52.)  The total taxable costs for

7     these depositions are $1,367.95.  Plaintiff Oyarzo is awarded costs of $205.19 and Plaintiff Hart

8     is awarded costs of $164.15 for the depositions of Stephenie Burns.

9            The taxable costs for the deposition of Mr. Orr are $924.55.  (ECF No. 234-3 at 37.)

10    Plaintiff Oyarzo is awarded costs of $138.68 and Plaintiff Hart is awarded costs of $110.95 for

11    the deposition of Mr. Orr.

12           f.     **Depositions of Witnesses**

13           Plaintiff Hart seeks costs for the depositions of Colleen Murray, Jason Podesta, and

14    Marcella Wells.[12]  (Pl. Nicholas Hart's Motion to Review Clerk's Taxation of Costs 8, ECF No.

15    249.)  Plaintiff Oyarzo seeks costs for the depositions of Marcella Wells, and Nicholas Ohler

16    (PMK).[13]

17           The taxable costs for the deposition of Colleen Murray are $1,036.05.  (ECF No. 234-3 at

18    84.)  The costs of Ms. Murray's deposition shall be allocated between the retaliation claims.

19    Plaintiff Hart is awarded $172.68 for the deposition of Colleen Murray.[14]

20           The taxable costs for the deposition of Jason Podesta are $713.20.  (ECF No. 234-3 at

21    59.)  These costs shall be allocated between the retaliation claims.  Plaintiff Hart is awarded

22    $118.87 for the deposition of Jason Podesta.

23           The taxable costs for the deposition of Marcella Wells are $1,111.75.  (ECF No. 334-3 at

24    ─────────────────
[11] As discussed supra, Plaintiff Hart's request for costs for the deposition of Virginia Van Bolt is denied.

25
[12] As discussed supra, Plaintiff Hart's request for costs for the depositions of Nicholas Ohler (individual), Michael

26    Noonan, Jeremy Proctor, Constantine Boubalos, and James Manske are denied.

27    [13] As discussed supra, Plaintiff Oyarzo's request for costs for the deposition of Tim Wertz is denied.

[14] For those costs allocated only between the retaliation claims, the Court shall apportion costs between the
28    defendants and Plaintiff Hart shall be awarded one sixth of the costs.

60.) Plaintiffs Oyarzo is awarded costs of $166.76 and Plaintiff Hart is awarded costs of $133.41 for the deposition of Marcella Wells.

On August 17, 2012, Nicholas Ohler was deposed as the person most knowledgeable for Defendant TFD. The taxable costs for this deposition are $1,283.00. (ECF No. 234-3 at 29.) Plaintiff Oyarzo is awarded $192.45; and Plaintiff Hart is awarded costs of $153.96 for the August 17, 2012 deposition of Nicholas Ohler.

### g. Depositions of Experts

Plaintiff Hart seeks cost for the depositions of Charles Mahla, Craig Enos, Scott Kenley, and Deborah Russell-Bautista.[15] Plaintiff Oyarzo seeks costs for the depositions of Dr. Charles Mahla, September 25, 2012 deposition of Deborah Russell-Bautista, Craig Enos, Beth De Lima, and Lawrence Crabtree.

Dr. Mahla's deposition was taken on January 29, 2013. The taxable costs for Dr. Mahla's deposition are $477.80. (ECF No. 234-3 at 71.) Plaintiffs Oyarzo is awarded costs of $71.67 and Hart is awarded costs of $57.34 for the deposition of Dr. Mahla.

Deborah Russell-Bautista was deposed on September 25, 2012 and March 13, 2013. The taxable cost of Ms. Russell-Bautista's September 25, 2012 deposition is $234.55. (ECF No. 234-3 at 42.) Plaintiff Oyarzo is awarded costs of $35.18 for the costs of the September 25, 2012 deposition. The taxable cost of Ms. Russell-Bautista's March 13, 2013 deposition is $509.70. (ECF No. 234-3 at 89.) Plaintiff Hart is seeking costs for both depositions of Ms. Russell-Bautista. Plaintiff Hart is awarded costs of $89.31 for the depositions of Ms. Russell-Bautista.

C.P.A. Craig Enos' deposition was taken on March 14, 2013. The taxable cost of Mr. Enos deposition is $719.35. (ECF No. 234-3 at 78.) Plaintiff Oyarzo is awarded costs of $107.90 and Plaintiff Hart is awarded costs of $86.32 for the deposition of Mr. Enos.

Plaintiff Hart seeks costs for the deposition of Scott Kenley on March 12, 2013. The taxable costs for the deposition of Mr. Kenley are $701.45. Plaintiff Hart is awarded costs of $84.17 for the deposition of Mr. Kenley.

Plaintiff Oyarzo seeks costs for the deposition of Beth De Lima taken on February 1,

---

[15] As discussed supra, Plaintiff Hart's request for the costs of the deposition of Paul Stein is denied.

1  2013.  The taxable costs of Ms. De Lima's deposition are $421.65.  (ECF No. 234-3 at 73.)

2  Plaintiff Oyarzo is awarded costs of $63.25 for the deposition of Ms. De Lima.

3       Plaintiff Oyarzo seeks costs for the deposition of Lawrence Crabtree on March 8, 2013.

4  The taxable costs for Mr. Crabtree's deposition are $1,209.50.  (ECF No. 234-3 at 88.)  Plaintiff

5  Oyarzo is awarded costs of $181.43 for the deposition of Mr. Crabtree.

6       3.    Award of Costs for Printed or Electronically Recorded Transcripts

7
8       Based on the foregoing, Plaintiff Oyarzo is awarded a total of $2,216.51 in costs for the

9  following depositions.

| | |
|---|---|
| Plaintiff Oyarzo | $217.66 |
| Defendant Hockett | $305.59 |
| Joseph Turner | $308.72 |
| Darlene Hutchins | $222.03 |
| Stephenie Burns | $205.19 |
| Ben Orr | $138.68 |
| Marcella Wells | $166.76 |
| Nicholas Ohler | $192.45 |
| Dr. Mahla | $71.67 |
| Deborah Russell-Bautista | $35.18 |
| Craig Enos | $107.90 |
| Beth De Lima | $63.25 |
| Lawrence Crabtree | $181.43 |

16       Based on the foregoing, Plaintiff Hart is awarded a total of $2,780.33 in costs for the

17  following depositions.

| | |
|---|---|
| Plaintiff Hart | $150.48 |
| Plaintiff Oyarzo | $174.13 |
| Defendant Hockett | $917.05 |
| Darlene Hutchins | $177.62 |
| Defendant Powers | $189.89 |
| Stephenie Burns | $164.15 |
| Ben Orr | $110.95 |
| Colleen Murray | $172.68 |
| Jason Podesta | $118.87 |
| Marcella Wells | $133.41 |
| Nicholas Ohler | $153.96 |
| Dr. Mahla | $57.34 |
| Deborah Russell-Bautista | $89.31 |
| Craig Enos | $86.32 |
| Scott Kenley | $84.17 |

26     4.    Recording of Trial

27
28  Plaintiffs Hart and Oyarzo each seek to recover the fee of $330.00 for an audio recording

1  of the trial of this matter.   The recording of the trial shall be apportioned between the three

2  defendants to this action.   Plaintiffs Oyarzo and Hart are each awarded $110.00 for the recording

3  of the trial.

4        **F.       Fees and Disbursements for Printing**

5        Plaintiff Hart is seeking $1,194.00 in printing costs in this action.   (ECF No. 284 at 2.)

6  Plaintiff Oyarzo is seeking $1,237.55 in printing costs in this action.   (ECF No. 251 at 9.)

7  Defendants object that the plaintiffs have 1) failed to include any receipts or explanation for the

8  costs incurred;   2) plaintiffs simply listed the entirety of the courts records document by

9  document;   3) and that plaintiffs are attempting to recover costs for printing their own briefs

10 which is not recoverable as there is no rule requiring that briefs be printed.   (ECF No. 269 at 11;

11 ECF No. 270 at 12.)

12       Pursuant to section 1920, the "costs of making copies of any materials" are recoverable

13 "where the copies are necessarily obtained for use in the case."   28 U.S.C. § 1920(4).   "This does

14 not require, however, that the copies actually be used in the case or made part of the record."   In

15 re Ricoh Co., Ltd. Patent Litigation (In re Ricoh), 661 F.3d 1361, 1367 (2011).   Under section

16 1920(4), which provides for costs of reproducing disclosure and formal discovery documents, the

17 prevailing party can recover costs incurred in the reproduction and exemplification of a single

18 copy of the original documents where that copy is supplied to the opposing party.   In re Ricoh,

19 661 F.3d at 1367.   It is the prevailing parties burden to establish and support the amount which it

20 is seeking and the list of costs and expenses must be adequately detailed, identifying the purpose

21 of the expenditure and not "filled with generic references such as 'transcripts,' 'publication,' and

22 'document production.' "   In re Ricoh, 661 F.3d at 1368 (quoting Fabi Constr. Co. v Sec'y of

23 Labor, 541 F.3d 407, 414 (D.C. Cir. 2008)).

24       Plaintiffs Oyarzo and Hart have each provided a list of documents and each document is

25 charged at $.10 per page and apportioned between the plaintiffs.   Reviewing the list of printed

26 documents, Plaintiffs are seeking costs to print copies of minute orders, receipts, orders, and

27 other court documents that are not necessarily obtained for use in the case, but are expenses that

28 are incurred for the attorney's convenience.   Further, while Plaintiffs state that they have

23

1  eliminated documents that are not chargeable to the losing defendant, it is clear to the Court from

2  reviewing the list that this is not the case.

3      Plaintiffs Oyarzo and Hart have not met their burden to show that the printing costs they

4  are seeking are taxable to the defendants from whom they are seeking costs.   Therefore,

5  Plaintiffs have failed to show that the costs were necessarily obtained for use in this action.   The

6  Court finds that the itemized spreadsheet is insufficient to permit the taxation of these costs.

7          **G.     Fees for Service**

8      Plaintiff Hart is seeking $672.96 for service of the summonses and subpoenas and

9  $1,201.28 in witness fees.  (ECF No. 284 at 2.)  While Plaintiffs Oyarzo and Hart state that they

10 have reduced the amount that they are requesting for the fees for service in this action, the Court

11 is unable to determine which fees are no longer being requested.   Accordingly, the Court shall

12 address the fees that were initially requested on the bill of costs.  (ECF Nos. 234-3, 243-3.)

13          1.    Fees for Service of Summons and Subpoenas

14     Plaintiffs Hart and Oyarzo each seek $40.00 in fees for service of summonses and

15 subpoenas on the defendants they prevailed against at trial.  (ECF Nos. 249 at 7; 251 at 11.)  At

16 the time that these subpoenas were served, there were still two separate actions proceeding and

17 each plaintiff is entitled to recover for service on the defendant.  Plaintiff Hart is awarded $40.00

18 for service on Defendant Hockett; and Plaintiff Oyarzo is awarded $40.00 for service on

19 Defendant TFD.

20     Defendants argue and the Court agrees that the expenses for serving the other defendants

21 in this action should not be taxed against Defendants Hockett and TFD.  Hynix Semiconductor

22 Inc. v. Rambus Inc., 697 F.Supp.2d 1139, 1147 (N.D. Cal. 2010).  The Court denies the request

23 to tax Defendants Hockett and TFD for costs of serving the summonses and complaint on the

24 other defendants in this action.

25          2.    Service of Motion to Quash

26     Plaintiff Oyarzo and Hart each seek $75.00 for service of a motion to quash a subpoena

27 for academic records and employment records from former employers of Plaintiff Oyarzo.  (See

28 ECF No. 33.)  Plaintiff Hart argues that this was related to Defendant Hart's retaliation claim.

1    While these records may have been relevant to Plaintiff Oyarzo's retaliation claim which was

2    decided by summary judgment, these records have no relevance to Plaintiff Hart's retaliation

3    claim or Defendant Oyarzo's FLSA claim.  The motion to tax the costs of serving the motion to

4    quash is denied.

5         3.    Deposition Service Fees

6         Plaintiff Hart is seeking costs for service of deposition subpoenas on Nicholas Ohler,

7    Marcella Wells, Jason Podesta, Jeremy Proctor, Virginia Van Bolt, Colleen Murray, Lawrence

8    Houseburg, Craig Pedro, Sean McKernan, Michael Noonan, Houseburg, James Maltese,

9    Constantine Boubalos, Grant Miller, Julie Henriques, and James Manske.  Plaintiff Oyarzo is

10   seeking costs for the service of deposition subpoenas on Darlene Hutchins, Gregory Oliver,

11   Carlyn Drivdahl, Tim Wertz, and Marcella Wells.

12        Defendants object to the reimbursement of costs on the grounds that some of the

13   witnesses did not testify at the trial of this matter, and therefore, the expenses are not reasonably

14   and necessarily obtained in this action.

15        Plaintiff Oyarzo's request for costs for service of the deposition subpoena for Mr. Wertz

16   is denied as the Court has found these costs are not taxable to Defendant TFD.  Similarly,

17   Plaintiff Hart's request for costs for service of the deposition subpoenas for Nicholas Ohler

18   (individual), Michael Noonan, Constantine Boubalos, Virginia Van Bolt, Jeremy Proctor, and

19   James Manske are denied as the Court has found these costs are not taxable to Defendant

20   Hockett.

21        In his reply to the opposition to this motion, Plaintiff Hart has withdrawn his request for

22   costs for the depositions of James Maltese, Joseph Turner, Grant Miller, Brian Machado, Julie

23   Henriques, Craig Pedro, Lawrence Houseburg, William Hutchins, Sean McKernan, and Tim

24   Wertz as he determined they are not taxable to Defendant Hockett.  For that reason, the request

25   to tax costs for service of these deposition subpoenas is denied.

26        Plaintiff Oyarzo also seeks costs for the service of deposition subpoenas on Tuolumne

27   Fire District's former attorneys, Gregory Oliver and Carlyn Drivdahl.  However, these

28   depositions were not taken and Plaintiff Oyarzo fails to show how the depositions of county

1  counsel would be necessarily obtained in prosecuting his FLSA claims.  The costs for service of

2  these subpoenas are denied.

3          Plaintiffs Oyarzo and Hart seek costs for service of the deposition subpoena of Darlene

4  Hutchins who was deposed on October 9, 2012.  The cost to serve the subpoena on Ms. Hutchins

5  was $110.00.  Plaintiff Oyarzo is awarded costs of $16.50 and Plaintiff Hart is awarded costs of

6  $13.20 for service of the deposition subpoena on Ms. Hutchins.

7          Plaintiffs Oyarzo and Hart seek costs for service of the deposition subpoena on Marcella

8  Wells and Nicholas Ohler.  Ms. Wells and Mr. Ohler were both served at the same time at the

9  Tuolumne Fire Station.  (ECF No. 249-3 at ¶ 3.)  The total cost to serve the deposition subpoenas

10  on was $105.00.[16]  (Id. at 7.)  These costs shall be apportioned as $75.00 for the service on Ms.

11  Wells and $30.00 for the reduced amount to serve Mr. Ohler at the same address.  Plaintiff

12  Oyarzo is awarded costs of $11.25 and Plaintiff Hart is awarded costs of $9.00 for the service of

13  the deposition subpoena on Ms. Wells.  Plaintiff Oyarzo is awarded costs of $4.50 and Plaintiff

14  Hart is awarded $3.60 for service of the deposition subpoena on Mr. Ohler.

15          Plaintiff Hart seeks costs for service of the deposition subpoena on Jason Podesta.  (ECF

16  No. 249-3 at ¶ 3.)  The cost to serve the subpoena on Mr. Podesta was $95.00.  (Id. at

17  7.)  Plaintiff Hart is awarded costs of $11.40 for the service of the deposition subpoena on Mr.

18  Podesta.

19          Plaintiff Hart seeks costs for service of the deposition subpoena on Colleen Murray.  The

20  taxable cost for service of the deposition subpoena on Ms. Murray is $60.00.  Plaintiff Hart is

21  awarded costs of $10.00 for service of the deposition subpoena on Ms. Murray.

22          4.    Trial Subpoena Service Fees

23          Plaintiffs Hart and Oyarzo are seeking costs for the service of trial subpoenas on Marcella

24  Wells, Darlene Hutchins, and Turner.  Plaintiff Hart seeks costs for service of trial subpoenas on

25  Defendant Hockett, Defendant Powers, Virginia Van Bolt, Nicholas Ohler, Sean McKernan, and

26  Jason Podesta.  For the reasons discussed supra at IV.E.1.b, Plaintiff Hart's request to tax the

27

28  [16] This invoice also charges for service on Mr. Ohler, based upon the date this would be for the deposition as the person most knowledgeable.  The cost of service is taxable to Plaintiff Oyarzo, but is denied for Plaintiff Hart.

1    service fees for Virginia Van Bolt, Nicholas Ohler, and Sean McKernan are denied. Plaintiff

2    Oyarzo seeks costs for service of a trial subpoena on Joseph Turner.

3           Defendants argue that since Plaintiffs did not call Ms. Wells, Ms. Hutchins and Mr.

4    Turner at trial the cost of the subpoenas is not reasonably necessary in this action.  However,

5    these witnesses were all called by Defendants and Plaintiffs did cross examine them.  The parties

6    were advised prior to trial that they were to take steps to obtain the attendance of witnesses and

7    could not rely on a witness being on the opposing party's witness list.  (Amended Pretrial Order

8    24:26-25:2, ECF No. 166.)  The Court finds that Plaintiffs' efforts to ensure the attendance of

9    these witnesses in the event that Defendants did not call them at trial was reasonably necessary.

10   The Court shall apportion any costs associated with trial equally between the three defendants

11   unless otherwise specified.

12          Plaintiff Hart's request to tax costs for the service of the trial subpoena on Defendant

13   Powers is denied as the costs should be taxed solely to Defendant Powers.  Hynix Semiconductor

14   Inc., 697 F.Supp.2d at 1147.

15          Plaintiffs Oyarzo and Hart seek costs for the trial subpoena of Marcella Wells and

16   Darlene Hutchins.  The costs of service for each of these subpoenas is $55.00 for a total of

17   $110.00.  (ECF No. 243-3 at 17.)  As these witnesses were relevant to all claims that were

18   proceeding at trial, the costs shall be apportioned between all three defendants.  Plaintiffs Oyarzo

19   and Plaintiff Hart are each awarded costs of $36.67 for service of the trial subpoenas on Marcella

20   Wells and Darlene Hutchins.

21          Plaintiff Hart is awarded $55.00 for the cost of serving the trial subpoena on Defendant

22   Hockett.  (ECF No. 243-3 at 17.)

23          Plaintiff Oyarzo is seeking costs for the service of the trial subpoena on Mr. Turner.  Mr.

24   Turner's testimony was relevant Plaintiff Oyarzo's FLSA claim and Plaintiff Hart's claim

25   against Defendant Powers and shall be apportioned accordingly.  The cost of serving the trial

26   subpoena on Mr. Turner was $55.00.  Plaintiff Oyarzo is awarded $27.50 for service of the trial

27   subpoena on Mr. Turner.  Plaintiff Hart's request to tax costs against Defendant Hockett is

28   denied.

1    Plaintiff Hart is seeking costs for serving the trial subpoena on Mr. Podesta.  The costs of

2   serving the trial subpoena on Mr. Podesta was $50.00.  (ECF No. 243-3 at 17.)  Mr. Podesta's

3   testimony was relevant to the retaliation claims against Defendants Powers and Hockett.

4   Plaintiff Hart is awarded costs of $25.00 for service of the trial subpoena on Mr. Podesta.

5          5.    Fees Awarded for Service of Summons and Subpoenas

6          As set forth above, Plaintiff Oyarzo is awarded costs of $136.42 for service and Plaintiff

7   Hart is awarded costs of $203.87 for service in this action.

8       **H.    Witness Fees**

9          Plaintiff Hart is seeking $1,201.28 in witness fees.  (ECF No. 284 at 2.)  Plaintiff Oyarzo

10  is seeking $607.21 in witness fees.  (ECF No. 285 at 7.)  Defendants object on the grounds that

11  the plaintiffs are attempting to obtain fees beyond those authorized, and fees for witness that

12  were not reasonably incurred as they did not appear at trial.  (ECF No. 269 at 11-12; ECF No.

13  270 at 13.)  Plaintiffs Oyarzo and Hart reply that they have reduced the fees they are seeking to

14  the extent they are in excess of those allowable.  (ECF No. 279 at 5; ECF No. 285 at 6.)

15         1.    Deposition Witness Fees

16         Plaintiff Hart seeks fees for the depositions of Colleen Murray, Virginia Van Bolt,

17  Michael Noonan, Jeremy Proctor, James Manske, Deborah Russell-Bautista, Scott Kenley, and

18  Craig Enos.[17]   For the reasons discussed supra at IV.E.1.b the costs for the depositions of

19  Virginia Van Bolt, Michael Noonan, Jeremy Proctor, and James Manske are denied.  Plaintiff

20  Oyarzo seeks fees for the depositions of Deborah Russell-Bautista, Craig Enos, Lawrence

21  Crabtree, and Tim Wertz.   For the reasons discussed supra at IV.E.1.b the costs for the

22  deposition of Tim Wertz is denied.

23         While Plaintiffs state that Defendants are correct and they are not entitled to the entire

24  appearance fee and have recalculated the request for fees, Plaintiffs do not provide the Court

25  with any information on how this amount was recalculated nor do they provide the revised

26

27  [17] In his reply, Plaintiff Hart has withdrawn his request for costs for the depositions of Rex Buthman, James
    Rafferty, James Maltese, Joseph Turner, Grant Miller, Brian Machado, Julie Henriques, Craig Pedro, Larry
    Houseburg, William Hutchins, Sean McKernan, David Moore, Beth DeLima, Laurence Crabtree, Justin Birtwhistle,
28  Tim Wertz, and Kevin Booth.  (ECF No. 279.)

amount requested for any witness.  Accordingly, where Plaintiffs have paid an appearance fee for the attendance of a witness, the Court shall tax the $40.00 attendance fee, but Plaintiffs have not met their burden of proof on the reasonableness of any additional costs.  Berryman, 161 F.R.D. at 344.

The witness fee for the deposition of Colleen Murray was $60.54 ($40.00 for attendance and $20.54 in mileage).  (ECF No. 234-3 at 104; ECF No. 234-2 at 6.)  Plaintiff Hart is awarded costs of $30.27 for the witness fee for Colleen Murray.

The witness fee for the deposition of Deborah Russell-Bautista was $150.00.  (ECF No. 234-3 at 117.)  Plaintiffs will be reimbursed costs of $46.55 ($40.00 attendance fee and $6.55 in mileage[18]).  Plaintiff Oyarzo is awarded costs of $6.98 and Hart is awarded costs of $5.59 for the witness fee for Ms. Russell-Bautista.

The witness fee for the deposition of Scott Kenley was $375.00.  (ECF No. 234-3 at 119.)  Plaintiff Hart will be reimbursed for the attendance fee of $40.00.  Plaintiff Hart is awarded $4.80 for the witness fee for Scott Kenley.

The witness fee for the deposition of Craig Enos was $640.00.  Plaintiffs will be reimbursed for the attendance fee of $40.00.  Plaintiff Oyarzo is awarded $6.00 and Plaintiff Hart is awarded $4.80 for the witness fee for Craig Enos.

The witness fee for the deposition of Lawrence Crabtree was $675.00.  Plaintiff Oyarzo will be reimbursed for the attendance fee of $40.00.  Plaintiff Oyarzo is awarded $6.00 for the witness fee for Lawrence Crabtree.

2.    Trial Witness Fees

Plaintiff Hart is seeking witness fees for Kenneth Hockett, Darlene Hutchins, Brian Machado, Jason Podesta, Virginia Van Bolt, Marcella Wells, Toney Powers, Grant Miller, Stephenie Burns, Ben Orr, and Todd McNeal.  (ECF No. 234-2 at 8.)  Plaintiff Oyarzo is seeking witness fees for Darlene Hutchins, Marcella Wells, Joseph Turner, Stephenie Burns, and Ben

---

[18] The address at which Ms. Russell-Bautista was served is 11.8 miles from the deposition address.  The mileage rate in November 2012 was .555 per mile.

As Plaintiffs have not provided any information by which the Court can determine mileage on the remaining expert witness depositions, mileage is denied for all remaining expert witness costs.

1  Orr.  (ECF No. 242-2 at 5.)  Defendants object to the fees for Marcella Wells and Virginia Van
2  Bolt as they were not called as witnesses at trial.  (ECF No. 270 at 13.)

3         As discussed supra at IV.E.1.b, Defendants objection to the fee for Marcella Wells is
4  overruled and Plaintiffs shall be reimbursed for Ms. Wells' witness fees.  However, Ms. Van
5  Bolt was not called as a witness during the trial of this matter and for that reason and those
6  discussed infra at IV.E.1.b, the Court finds that the fees were not necessarily obtained for use in
7  the case.

8         Further, the Court finds that the witness fee for Defendant Powers would be taxable to
9  him and should not be borne by the other defendants.  Plaintiff Hart's request to tax Defendant
10 Hockett for the witness fee for Defendant Powers is denied.  Further, for those fees which
11 Plaintiff Hart seeks to recover the total fee, the testimony was also relevant to those claims
12 proceeding against Defendant Powers and shall be apportioned equally between these two
13 claims.  As to the remaining witnesses to whom Defendants did not object, the Court shall award
14 costs.

15        The witness fees for Kenneth Hockett are $171.08 (40.00 for attendance and $131.08 in
16 mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 123.)  Plaintiff Hart shall be awarded costs of
17 $171.08.

18        The witness fees for Darlene Hutchins are $176.73 ($40.00 for attendance and $136.73 in
19 mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 125.)  Plaintiffs Oyarzo and Hart are each
20 awarded costs of $58.91.

21        The witness fees for Brian Machado are $176.73 ($40.00 for attendance and $136.73 in
22 mileage).  Plaintiff Hart is awarded costs of $88.37.

23        The witness fees for Jason Podesta are $166.56 ($40.00 for attendance and $126.56 in
24 mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 129.)  Plaintiff Hart is awarded costs of $83.28.

25        The witness fees for Joseph Turner are $176.73 ($40.00 for attendance and $136.73 in
26 mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 131.)  Mr. Turner's testimony was also relevant
27 to those claims proceeding against Defendant Powers and shall be apportioned between the
28 FLSA claim proceeding against Defendant TFD and Defendant Powers.  Plaintiff Oyarzo is

awarded costs of $88.37.

The witness fees for Marcella Wells are $176.73 ($40.00 for attendance and $136.73 in mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 135.)  Plaintiffs Oyarzo and Hart are each awarded fees of $58.91.

The witness fees for Stephenie Burns are $176.73 ($40.00 for attendance and $136.73 in mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 137.)  Plaintiffs Oyarzo and Hart are each awarded $58.91.

The witness fees for Grant Miller are $176.73 ($40.00 for attendance and $136.73 in mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 141.)  Plaintiff Hart is awarded costs of $88.37.

The witness fees for Ben Orr are $176.73 ($40.00 for attendance and $136.73 in mileage).  (ECF No. 234 at 3; ECF No. 234-3 at 143.)  Plaintiffs Oyarzo and Hart are each awarded $58.91.

The witness fees for Todd McNeal are $177.86 ($40.00 for attendance and $137.86 in mileage). (ECF No. 234 at 3; ECF No. 234-3 at 145.)  Plaintiff Hart is awarded costs of $88.93.

3.    Total Award of Witness Fees

Based on the foregoing Plaintiff Oyarzo is awarded $342.99 in witness fees for the following individuals.

| | |
|---|---|
| Joseph Turner | $88.37 |
| Darlene Hutchins | $58.91 |
| Stephenie Burns | $58.91 |
| Ben Orr | $58.91 |
| Marcella Wells | $58.91 |
| Deborah Russell-Bautista | $6.98 |
| Craig Enos | $6.00 |
| Lawrence Crabtree | $6.00 |

Based on the foregoing, Plaintiff Hart is awarded $801.13 in witness fees for the following individuals.

| | |
|---|---|
| Defendant Hockett | $171.08 |
| Darlene Hutchins | $58.91 |
| Brian Machado | $88.37 |
| Stephenie Burns | $58.91 |
| Ben Orr | $58.91 |
| Colleen Murray | $30.27 |
| Jason Podesta | $83.28 |
| Marcella Wells | $58.91 |

| | |
|---|---|
| Grant Miller | $88.37 |
| Todd McNeal | $88.93 |
| Deborah Russell-Bautista | $5.59 |
| Craig Enos | $4.80 |
| Scott Kenley | $4.80 |

## I.     Fees for Exemplification and the Cost of Making Copies

Plaintiff Hart is seeking $2,135.46 in fees for exemplification.  (ECF No. 284 at 2.)  Plaintiff Oyarzo seeks exemplification and copying fees in the amount of $1,971.03.  (ECF No. 251 at 14.)  Defendants object to the costs of $1,202.85 for copying TFD discovery documents.  Defendants contends that these costs were for scanning images of warrants from 2008-2012 which are not relevant to the claims proceeding against Defendants Hockett or TFD.  These documents were included in the trial binder but were not used during trial.  (ECF No. 270 at 14.)  Defendants also challenges costs associated with the trial binders as Plaintiff Hart only entered 42 of over 230 exhibits in evidence at trial.

Plaintiff Hart seeks costs for copying Plaintiff Oyarzo's school records.  (ECF No. 234-3 at 150.)  As discussed infra at IV.G.2 these records are not related to Plaintiff Hart's retaliation or FPBR claims and therefore the costs are denied.

Plaintiff Hart seeks costs for duplication of Plaintiff Oyarzo's records from the Tuolumne County Sheriff Department.  (ECF No. 234-3 at 152.)  Records from the Sheriff Department on Plaintiff Oyarzo are unrelated to the claims upon which Plaintiff Hart prevailed at trial and these costs are denied.

Plaintiffs Oyarzo and Hart each seek costs for duplication of Tuolumne Fire District warrants from 2008-2012.  While these records would be relevant to Plaintiffs Oyarzo and Hart's FLSA claim and potentially Plaintiff Oyarzo's retaliation claims that were decided at summary judgment, they are unrelated to the retaliation and FPBR claims upon which Plaintiff Hart prevailed at trial.  Plaintiff Hart's request to tax costs is denied.  These costs shall be apportioned between Plaintiff Hart's FLSA claim, Plaintiff Oyarzo's FLSA claim and Plaintiff Oyarzo's retaliation claim.  Plaintiff Oyarzo is awarded costs of $300.71 for the duplication of these documents.

Plaintiff Hart seeks costs for copies of his medical records, however the medical issue

1   arose in the context of whether he would be able to receive post-termination damages due to the

2   finding by the Workman's Comp doctor that he was unable to work as a firefighter.  (ECF No.

3   157.)   Plaintiff Hart could not seek post-termination damages on the claims on which he

4   prevailed at trial and Plaintiff Hart's request for costs is denied.

5        Plaintiffs Oyarzo and Hart seek $2,724.11 in costs for trial binders.  (ECF Nos. 234-3 at

6   159, 161.)  Defendants oppose the cost stating that Plaintiffs are not entitled to costs for binders

7   and tabs as they are not included in the costs of making copies under § 1920(4).  The costs of

8   document assembly fees for tabs and folders may be awarded if such costs are related to

9   categories of documents to which the recovery of reproduction costs is appropriate under section

10  1920(4).  In re Ricoh, 661 F.3d at 1368 n.3.  However, the costs of office supplies are not taxable

11  under section 1920.  Duhn Oil Tool, Inc. v. Cameron Intern. Corp., No. 1:05-cv-01411-MLH-

12  GSA, 2012 WL 4210104, at *5 (E.D. Cal. "Sept. 12, 2012).  In this instance, the Court ordered

13  the parties to produce trial binders with tabs for each exhibit.  The Court finds that costs for

14  binders and tabs are reasonably obtained for trial of this matter.

15       However, the Court notes that Plaintiffs exhibits did include a large number of documents

16  that do not appear to have been relevant to the claims that were still proceeding in this action.

17  Accordingly, the Court shall apportion the cost of the trial binders as if this action had proceeded

18  to trial on all claims against all defendants.  Plaintiff Oyarzo shall be awarded costs of $408.62

19  and Plaintiff Hart shall be awarded costs of $326.89 for the costs of the trial binders.

20       Based on the foregoing, Plaintiff Oyarzo is awarded costs of $709.33 and Plaintiff Hart is

21  awarded costs of $326.89 for exemplification and copying of documents.

22                                                **V.**

23                            **CONCLUSION AND ORDER**

24       Based on the foregoing, IT IS HEREBY ORDERED that:

25       1.    Plaintiff Hart's motion for review of the Clerks taxation of costs (ECF No. 276) is

26             GRANTED, and the bill of cost filed on February 6, 2014, (ECF No. 267) is

27             amended to tax costs of $3,484.06 against Plaintiff Hart;

28       2.    Plaintiff Hart's motion for review of the order taxing costs in favor of Defendant

1    TFD (ECF No. 275) is GRANTED;

2    3.    The order filed February 6, 2014 taxing costs against Plaintiff Hart (ECF No. 266)

3          is VACATED.

4    4.    Plaintiff Hart's motion for taxation of costs against Defendants Hockett and TFD

5          (ECF No. 249) is GRANTED IN PART and DENIED IN PART as follows:

6    a.    Plaintiff Hart's motion to tax costs against Defendant TFD is DENIED;

7    b.    Plaintiff Hart's motion for taxation of costs against Defendant Hocket is granted

8          in the amount of $4,292.22; and

9    5.    Plaintiff Oyarzo's motion for taxation of costs against Defendant TFD (ECF No.

10         251) is granted in the amount of $3,585.25.

11

12   IT IS SO ORDERED.

13   Dated:    **April 30, 2014**    _____

14                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28